The Honorable

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT TACOMA

KIM SNELL,

    Plaintiff,

v.

THE STATE OF WASHINGTON; DEPARTMENT OF SOCIAL AND HEALTH SERVICES, JUDITH A. FITZGERALD and UNA I. WILEY

    Defendants.

Case No. 3:20-cv-06028

COMPLAINT AND JURY DEMAND

Plaintiff Kim Snell, by and through her attorney, and for its Complaint against Defendants the State of Washington, Department of Social & Health Services, Judith Fitzgerald and Una Wiley asserts as follows:

### I.  Jurisdiction, Venue and Parties.

COMPLAINT
page 1 of 17

Law Offices of
**Kram & Wooster, P.S.**
1901 South I Street
Tacoma, Washington 98405
(253) 572-4161 Tacoma
(253) 272-7929
(253) 572-4167 Facsimile.

1.1 Jurisdiction is vested in this Court pursuant to 28 U.S.C. §1331 (federal question); 28 U.S.C. §1343 (Civil Rights); and 28 U.S.C. §1367 (Supplemental Jurisdiction).

1.2 Plaintiff Kim Snell is a resident of Thurston County and at all times relevant she was employed by the State of Washington, Department of Social and Health Services.

1.3 Defendant Washington State (hereinafter "Washington") is a state formed pursuant to the United States Constitution.

1.4 Defendant Washington State **Department of Health and Social Services** (hereinafter "DSHS") is a department of Washington State Government.

1.5 Defendant Judith A. Fitzgerald at all times relevant was employed by DSHS as the Assistant Secretary for Facilities, Finance and Analytics Administration.

1.6 Defendant Una I. Wiley at all times relevant was employed by DSHS as the Financial Recovery Chief.

## II. Factual Background

2.1 Plaintiff Kim Snell had worked in banking until 2012. She decided to seek employment with the State of Washington for quality of life concerns, consistent hours of work, benefits and retirement plan. She started working for DSHS in April 2013.

COMPLAINT
page 2 of 17

Law Offices of
Kram & Wooster, P.S.
1901 South I Street
Tacoma, Washington 98405
(253) 572-4161 Tacoma
(253) 272-7929
(253) 572-4167 Facsimile.

2.2  Plaintiff properly filed a Tort Claim with the State of Washington for the Acts that are complained of herein as required by RCW 4.92 *et seq.*

2.3  In 2014 she transferred to DSHS's Office of Financial Recovery, starting as a Revenue Agent 1. She received a temporary promotion to Revenue Agent 2 a year later and that Revenue Agent 2 promotion became permanent in January 2016. She was supervised by Shawn Hoage. Ms. Snell became the division subject matter expert on the Provider One Payment System and trained other DSHS employees on the system. In July 2017, Ms. Snell accepted a promotion to Supervisor of the Estate Recovery System. This was a new Revenue Agent 4 position in the Office of Financial Recovery ("OFR").

2.4  Ms. Snell had heard that her promotion was to reduce the number of employees, Shawn Hoage, another Supervisor, had to supervise. Ms. Hoage was the Program Manager for this unit. Ms. Snell had 10 direct reports and she reported to Ms. Hoage.

2.5  Ms. Hoage had a reputation for bullying employees and creating a hostile work environment in both the legal sense and by demeaning employees and acting like a bully. Her new direct reports shared years of a hostile work environment of intimidation, unwarranted verbal reprimands, publicly demeaning employees, yelling, restricting employee communications necessary to complete their work, using derogatory terms for employees and others, threatening employees' jobs

COMPLAINT
page 3 of 17

Law Offices of
Kram & Wooster, P.S.
1901 South I Street
Tacoma, Washington 98405
(253) 572-4161 Tacoma
(253) 272-7929
(253) 572-4167 Facsimile.

without due process, and blocking employees from unit functions because of their physical appearance.

2.6   It was reported by unit employees that Ms. Hoage worked with one of her subordinates, Kenneth Washington, Revenue Agent 4 to bully employees and create a hostile work environment. Ms. Snell discovered the rumors were true and she struggled to make improvements for her staff and acted as a buffer to the offensive conduct of Ms. Hoage and Mr. Washington, including requesting Ms. Hoage and Mr. Washington go through her when dealing with Estate Recovery Employees. Ms. Hoage and Mr. Washington degraded Ms. Snell before her new staff shortly after her appointment.

2.7   Ms. Snell was informed by her doctors she needed critical surgery. She was hesitant to leave her department subject to mistreatment by Ms. Hoage and Mr. Washington. Ultimately, her surgery was scheduled for September 2018. A six week recovery was planned for and advised by her doctor. During that time her staff were texting and calling her regarding what they perceived as Shawn Hoage's personal attacks upon them. It was apparent to Ms. Snell that while she was gone things went back to the toxic environment her employees had reported before. Ms. Snell perceived this to be due to her being absent from the office and unable to act as a buffer for staff. Because Ms. Snell felt a responsibility for the

COMPLAINT
page 4 of 17

Law Offices of
**Kram & Wooster, P.S.**
1901 South I Street
Tacoma, Washington 98405
(253) 572-4161 Tacoma
(253) 272-7929
(253) 572-4167 Facsimile.

protection of her staff, Ms. Snell came back 3 weeks early against all advice from her surgeon who was recommending the full six weeks of recovery time.

2.8  The very first day upon her return, Shawn Hoage pulled Ms. Snell into a meeting with Shawn Hoage and Kenneth Washington. As this meeting was her first morning returning from surgery she was still in pain from her recovery. Ms. Snell sat, listened and cried because of her pain for 2 hours. Ms. Hoage and Kenneth Washington were indifferent to her discomfort and showed no regard for her recovery or the pain she was enduring. They attacked her supervisory skills were insulting the reputations of Ms. Snell and her staff

2.9  Ms. Hoage gave Mr. Washington a punching bag to use to vent his frustrations at work to punch it when he was upset with staff. This upset the employees. Ms. Snell advised Ms. Hoage this was inappropriate and bothered the employees. Ms. Hoage laughed as Ms. Snell and allowed Mr. Washington to keep flailing away at the punching bag. This upset the employee so my one sent an anonymous letter to Human Resources about the issue. Ms. Hoage and Mr. Washington aggressively confronted Plaintiff about the identity of the author of the complaint.

2.10  In December 2018, Ms. Hoage loudly complained in a personal phone call about gays coming to a family function within earshot of all employees in the Department, including openly LGBTQ identified employees. One employee politely asked Ms. Hoage to take her conversation out of the work area. Ms.

COMPLAINT
page 5 of 17

Law Offices of
**Kram & Wooster, P.S.**
1901 South I Street
Tacoma, Washington 98405
(253) 572-4161 Tacoma
(253) 272-7929
(253) 572-4167 Facsimile.

Hoage summoned Ms. Snell to back office meeting and demanded that Ms. Snell reprimand the employee who complained about Ms. Hoage's anti-gay tirade and requested she take her call outside the work area. Later that day, Ms. Hoage summoned Ms. Snell to a back office, attacked the employee she felt had complained about her anti-LGBTQ tirade and ordered Ms. Snell to reprimand the employee. Ms. Snell refused to reprimand the employee.

2.11 The following day, Ms. Hoage, a woman of large stature, entered the employee's cubicle, extended her arms over the employee's head and blocked her against her desk. The employee requested for Ms. Hoage to leave her cubicle repeatedly. Ms. Hoage ignored the request and continued yelling at the employee. Ms. Snell, in the next cubicle, had to terminate a business call as Ms. Hoage's invective was so strident and loud. Ms. Snell reported this abusive conduct to Chief Brice Montgomery. Mr. Montgomery reported this to Ann Marie Ayaward, Asst. Director of Finance and Financial Recovery at DSHS. Ms. Snell made it clear to DSHS managers that this ongoing abuse by Ms. Hoage adversely impacted Ms. Snell's direct reports who brought in millions of dollars of revenue for the State of Washington.

2.12 Ms. Hoage was briefly removed to allow an investigation. Ms. Snell assumed Ms. Hoage's duties in addition to her own. During the investigation, the DSHS

COMPLAINT
page 6 of 17

Law Offices of
**Kram & Wooster, P.S.**
1901 South I Street
Tacoma, Washington 98405
(253) 572-4161 Tacoma
(253) 272-7929
(253) 572-4167 Facsimile.

investigator did not include Ms. Snell's concerns about the anti-LGBTQ slurs made by Ms. Hoage which violated DSHS policy and State law.

2.13 Ms. Hoage was ultimately reinstated to her supervisory position, even though many employees sent a petition objecting to her return.

2.14 In January 2019, Una Wiley was appointed to the Office Chief Position. Ms. Wiley was informed of the ongoing concerns about Ms. Hoage's treatment of employees including the anti-LGBTQ tirade and her demands that Ms. Snell discipline the employee for objecting to that behavior.

2.15 Una Wiley began to make changes to the office. She began using Amber Wright an Office Assistant 2 to help her complete high level administrative duties. Ms. Wright had only been hired six months prior to Ms. Wiley being appointed office Chief. Other Office Assistants were complaining about the preferential treatment being given to Ms. Wright by Ms. Wiley. Ms. Wiley told Ms. Snell she was going to help Ms. Wright become the Office Assistant Supervisor.

2.16 Amber Wright, an office support employee began working closely with Ms. Wiley. Ms. Wright was given a "Developmental Job Assignment" from Ms. Wiley.

2.17 The Office Support Supervisor position has always been a pay grade 38-42. Ms. Wiley worked with Ms. Wright to create a position at a level 62, Management

COMPLAINT
page 7 of 17

Law Offices of
Kram & Wooster, P.S.
1901 South I Street
Tacoma, Washington 98405
(253) 572-4161 Tacoma
(253) 272-7929
(253) 572-4167 Facsimile.

Analyst 4. Ms. Wright was observed preparing this position description form for herself.

2.18 Ms. Wiley forged Ms. Snell's signature onto the form as the "approving supervisor" so she could then sign at the "appointing/approving authority." Ms. Snell did not approve the misappropriation of her signature.

2.19 As noted below, Ms. Snell brought this forgery and the way this form was sent to Class and Compensation to circumvent presenting the form to OFM Director Ms. Aylaward and hide the very high pay range for this new sinecure position, Ms. Wiley created for Ms. Wright. Ms. Snell's name should not have been on the form, let alone a forged signature purporting to be Ms. Snell's.

2.20 Ms. Wiley quickly and quietly posted this position and did not communicate the opportunity within the office. Ms. Wright screened the applicants for this new Range 62, Management Analyst position and only had to compete against one other candidate. Ms. Wright told Ms. Snell that Ms. Wiley had given her the interview questions prior to her interview. Ms. Wright was hired for the position.

2.21 DSHS has a pattern and practice of making appointments without open and competitive selection and awards jobs based on nepotism, cronyism and to place people in jobs well above their level of competency so that they will ignore

Law Offices of
Kram & Wooster, P.S.
1901 South I Street
Tacoma, Washington 98405
(253) 572-4161 Tacoma
(253) 272-7929
(253) 572-4167 Facsimile.

misconduct and questionable practices engaged in by DSHS managers. Ms. Fitzgerald has made such appointments for her daughter and nephew in DSHS.

2.22  In July of 2019, it was announced that Ms. Hoage would be returning to the office. The investigators report of Ms. Hoage's conduct omitted all reference to her anti-LGBTQ slurs Ms. Snell had reported to the investigator. Ms. Aylward and Ms. Wiley informed Ms. Snell that due to a clean personnel file Ms. Hoage was deemed to have her abusive conduct considered a "first offense" and not a disciplinary action. Ms. Snell pointed out to them that Ms. Hoage's actions violated all of DSHS's anti-discrimination and hostile work place policies. Ms. Wiley told Ms. Snell, "If you want to work in management, you need to be supportive of management's decisions"

2.23  The OFR employees signed a petition opposing the return of Ms. Hoage and delivered it to Cheryl Strange, DSHS Secretary. This triggered a new investigation. Ms. Snell was advised by Ms. Wiley not to sign the petition if she ever wanted to continue in management.

2.24  In August 2019 a collection manager position was opened up for recruitment. Ms. Snell had been covering for Ms. Hoage's positon, another program manager in Estate Recovery and her Estate Recovery position. Ms. Snell applied for the new position. Ms. Wiley offered to give Ms. Snell the interview questions in

COMPLAINT
page 9 of 17

Law Offices of
**Kram & Wooster, P.S.**
1901 South I Street
Tacoma, Washington 98405
(253) 572-4161 Tacoma
(253) 272-7929
(253) 572-4167 Facsimile.

advance of the interview. Ms. Snell refused. Ms. Snell earned the position and started on August 16, 2019.

2.25 The reporting structure of OFR changed in August 2019 and the OFR was placed under Asst. Director, Judy Fitzgerald.

2.26 Ms. Wiley went to a computer conference in New York City at DSHS expense and took her family with her. Ms. Wiley told Ms. Snell she wanted her to go too. Ms. Snell was told to bring her family and treat it as a vacation. Ms. Snell said since she did not work in information technology it would be a waste for her to go. Ms. Wiley told Ms. Snell how much she loved New York insisted Ms. Snell attend the computer conference. Ms. Wiley spent time at the conference with her family and did not attend all of the required classes. Ms. Snell did so, but without her family. This travel was approved by Ms. Fitzgerald. Ms. Snell's concerns about Ms. Wiley's behavior and treatment of employees deepened.

2.27 Ms. Wright had shared with Ms. Snell she saw Ms. Wiley forge Ms. Snell's name on the Position Form for Ms. Wright and that Ms. Wiley let Ms. Wright put fake meetings on her calendar to pick up her children during work hours.

2.28 At this time, Ms. Snell was doing the work of four separate positions. Ms. Snell was learning the Collection Manager position without any help or guidance from Ms. Wiley. Ms. Snell consulted with an outside manager and the employee

COMPLAINT
page 10 of 17

Law Offices of
**Kram & Wooster, P.S.**
1901 South I Street
Tacoma, Washington 98405
(253) 572-4161 Tacoma
(253) 272-7929
(253) 572-4167 Facsimile.

assistance team about Ms. Wiley's questionable conduct. They advised her to present the issues to Human Resources (HR) to report her name being forged to create a new highly compensated position, misappropriation of state funds, Ms. Wiley presenting interview questions to Ms. Wright in advance of her interview, being offered interview questions herself by Ms. Wiley and witnessing an attack on an employee covered by Family Medical Leave Act leave to interfere with the leave. Ms. Snell did make a report of these issues to HR, and stress her fear of retaliation for bringing forward issues of public concern. The HR representative advised Ms. Snell to present her concerns to Judy Fitzgerald.

2.29  Ms. Snell waited until Ms. Wiley was on vacation and reported the forgery of her name to elevate Ms. Wright and that Ms. Wiley offered her interview questions, that the New York trip was a family vacation for Ms. Wiley and that Ms. Wiley was making personal attacks on another employee.

2.30  Ms. Snell reached out to Judy Fitzgerald about Ms. Wiley's conduct. Ms. Snell met with Ms. Fitzgerald on November 12, 2019 and laid out her concerns about unethical conduct that was a matter of public concern.

2.31  Ms. Fitzgerald told Ms. Snell she needed to be more supportive of management. Ms. Snell believes that Ms. Wiley had been informed of her reporting about the improper conduct of Ms. Wiley. Upon her return from vacation, Ms. Wiley summoned Ms. Snell and told Ms. Snell she should step down from her position

COMPLAINT
page 11 of 17

Law Offices of
Kram & Wooster, P.S.
1901 South I Street
Tacoma, Washington 98405
(253) 572-4161 Tacoma
(253) 272-7929
(253) 572-4167 Facsimile.

because she was "not supportive of management." She said she needed people in her management team that were supportive of her decisions. Ms. Snell refused to step down and Ms. Wiley prevented Ms. Snell from filing her old position, requiring Ms. Snell to continue to cover four senior positions in the division.

2.32 Ms. Hoage was returned by Judy Fitzgerald to OFR despite the outcry of 32 employees. Ms. Hoage's position was subordinate to Ms. Snell. In the first meeting since the LGBTQ incident of December 2018, Ms. Hoage began immediately attacking Ms. Snell for opposing Ms. Hoage's anti-gay behavior and the comments of Ms. Snell and others to the investigator. No discipline had been imposed on Ms. Hoage for her anti-gay slurs. Ms. Snell reported this behavior to Ms. Wiley, but her complaints were ignored.

2.33 In late December 2019, Ms. Wiley asked Ms. Snell to terminate a probationary employee who reported to Ms. Wright. The employee complained that Ms. Wright was rarely present to supervise or train her and that is why she was not learning the job. Ms. Snell advised Ms. Wiley that the employee's comments were true and that Ms. Wright had taken leave without recording the time off and put fake meetings on her calendar to pick up her children. Ms. Wiley again told Ms. Snell to be more supportive of management.

COMPLAINT
page 12 of 17

Law Offices of
**Kram & Wooster, P.S.**
1901 South I Street
Tacoma, Washington 98405
(253) 572-4161 Tacoma
(253) 272-7929
(253) 572-4167 Facsimile.

2.34  The next day after Ms. Wright met with Ms. Wiley, Ms. Snell was summoned by Ms. Wiley to her office.  Ms. Wiley again asked Ms. Snell to step down from her job as the Collections Manager.

2.35  Ms. Wiley reprimanded Ms. Snell for explaining the policy on diversity to her and that employees had been allowed to attend the Diversity, Equity and Inclusion state sponsored seminars.  Ms. Wiley informed Ms. Snell that she was going to prevent line staff from attending and "you need to support this decision."  Ms. Snell was only explaining past practice of asking for volunteers to attend the seminars.

2.36  Ms. Wiley falsely accused Ms. Snell of handing out interview questions for a promotion, even though Ms. Snell did not have access to the questions prior to the interview.

2.37  On January 30, 2020, Ms. Wiley demoted Ms. Snell because "you're just not working out."  Ms. Snell emailed Ms. Fitzgerald and other upper level managers about this turn of events.

2.38  Ms. Fitzgerald refused to meet with Ms. Snell and she and Ms. Wiley have continued to retaliate against Ms. Snell by making material and unwarranted change in her job duties and assignments and initiating unwarranted investigations against her, accusing her of not adhering to attendance guidelines, retaliating

COMPLAINT
page 13 of 17

Law Offices of
Kram & Wooster, P.S.
1901 South I Street
Tacoma, Washington 98405
(253) 572-4161 Tacoma
(253) 272-7929
(253) 572-4167 Facsimile.

against her staff and removing her supervisory duties. Judy Fitzgerald signed the letter demoting Ms. Snell.

2.39  Defendants' Wiley and Fitzgerald were aware of Plaintiff's tort claim filed with the State of Washington. In retaliation for the filing of the tort claim and her prior whistle blowing actions, the Defendants placed her alternate assignment writing manuals and other menial work. This was done to scare other employees, ostracize Plaintiff and serve as a warning to DSHS employees who opposing acts of discrimination, cronyism, waste of government resources and/or speak out against similar matters of public concern of which they become aware. DSHS has a pattern and practice of such retaliation and a legion of adverse jury verdicts, settlements and awards bearing witness to a culture of retaliation at DSHS.

2.40  Ms. Snell is a whistle-blower.

2.41  As a proximate result of the Defendants' conduct, Ms. Snell has suffered both economic and non-economic damages including, but not limited to, emotional and physiological damage in an amount to be proven at trial.

2.42  The conduct of the Defendants was taken in retaliation for Plaintiff's exercise of state and federally protected rights.

2.43  The conduct of the individual Defendants against Ms. Snell was taken under the color of law.

COMPLAINT
page 14 of 17

Law Offices of
**Kram & Wooster, P.S.**
1901 South I Street
Tacoma, Washington 98405
(253) 572-4161 Tacoma
(253) 272-7929
(253) 572-4167 Facsimile.

2.44 The conduct of the individual Defendants against Ms. Snell was taken with malice and/or with deliberate disregard of the Plaintiff's constitutionally protected right of free speech and the right to petition government for redress.

### III. Causes of Action

3.1 Defendants conduct violated the Plaintiff's rights under the Washington Law Against Discrimination, RCW 49.60 *et seq.* as supplemented by RCW 42040 *et seq.*

3.2 Defendants Wiley's and Fitzgerald's conduct violated Plaintiff's constitutionally protected rights of free speech and her right of petition in violation of 42 U.S.C. §1983.

3.3 Defendant DSHS engaged in negligent hiring and/or negligent retention of Wiley and Fitzgerald.

3.4 The Defendant Wiley misappropriated Plaintiff's identity and Defendants have infringed upon Plaintiff's rights in violation of RCW 63.60.050, et seq.

3.5 Defendants violated Plaintiff's rights in violation of RCW 42.40 *et seq.*

### Prayer for Relief

WHEREFORE, Plaintiff Kim Snell prays as follows:

COMPLAINT
page 15 of 17

Law Offices of
**Kram & Wooster, P.S.**
1901 South I Street
Tacoma, Washington 98405
(253) 572-4161 Tacoma
(253) 272-7929
(253) 572-4167 Facsimile.

1. For economic damages suffered as the result of Plaintiff's wrongful termination in amount to be proved at the time of trial, including back pay, front pay, loss of benefits, retirement income, expenses associated with mitigation of damages.

2. For an award of non-economic damages in an amount to be proved at the time of trial.

3. For an award of punitive damages against the individual Defendants.

4. Purging the false and negative information placed in Plaintiff's employment files from her records.

5. For an award of costs and reasonable attorneys' fees, including expert witness fees as allowed by law including RCW 49.60 *et seq.* RCW 63.60, *et seq.* and 42 U.S.C. §1988.

6. For such other and further relief as the court deems just and equitable.

That these pleadings be deemed to conform to the proof presented at trial.

DATED this 16th day of October 2020.

KRAM & WOOSTER, P.S.

_____
Richard H. Wooster, WSBA #13752
ALLEN R. McKENZIE, WSBA#48703
Attorneys for Plaintiff

COMPLAINT
page 16 of 17

Law Offices of
**Kram & Wooster, P.S.**
1901 South I Street
Tacoma, Washington 98405
(253) 572-4161 Tacoma
(253) 272-7929
(253) 572-4167 Facsimile

## JURY DEMAND

COMES NOW the Plaintiff, and pursuant to Rule 38 of the Federal Rules of Civil Procedure, hereby requests a six person jury in the above referenced matter.

DATED this 16th day of October 2020.

KRAM & WOOSTER, P.S.

RICHARD H. WOOSTER, WSBA#13752
ALLEN R. McKENZIE, WSBA#48703
Attorneys for Plaintiff

COMPLAINT
page 17 of 17

Law Offices of
**Kram & Wooster, P.S.**
1901 South I Street
Tacoma, Washington 98405
(253) 572-4161 Tacoma
(253) 272-7929
(253) 572-4167 Facsimile.