The Honorable John H. Chun

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

| | |
|---|---|
| KIM SNELL, <br><br> Plaintiff, <br><br> v. <br><br> THE STATE OF WASHINGTON; DEPARTMENT OF SOCIAL AND HEALTH SERVICES, JUDITH A. FITZGERALD and UNA I. WILEY, <br><br> Defendants. | NO. 3:20-cv-06028-JHC <br><br> DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT |

## I.   INTRODUCTION

Defendants Washington State, Department of Social and Health Services (DSHS), Judy Fitzgerald and Una Wiley submit this Reply in support of their motion for summary judgment. Ms. Snell asserts 42 U.S.C. §1983 claims against Ms. Fitzgerald and Ms. Wiley, alleging they violated her constitutional rights to free speech and petition the government, that all defendants violated RCW 49.60 (Washington Law Against Discrimination (WLAD)); RCW 63.60.050 (Washington

DEFENDANTS' REPLY
IN SUPPORT OF THEIR MOTION
FOR SUMMARY JUDGMENT
No. 3:20-cv-06028-JHC

1

ATTORNEY GENERAL OF WASHINGTON
Torts Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7352 Phone
(360) 664-0228 Fax

Personality Rights Act (WPRA)), and RCW 42.40 (Whistleblower Act), and that Ms. Wiley misappropriated her identity. Dkt. 1.15.

## II. UNDISPUTED AND UNREFUTED MATERIAL FACTS

### A. Undisputed Material Facts

These facts from Ms. Snell's Response are undisputed: Ms. Snell joined the Office of Financial Recovery (OFR) in 2014; she promoted to the Estate Recovery Program Supervisor, a Revenue Agent 4 (RA4) position, in 2017; Shawn Hoage was her supervisor; in December 2018, Ms. Snell complained to then OFR Chief Montgomery about Ms. Hoage's behavior and an investigation ensued; from December 2018 until June 2019, Ms. Hoage was removed from the office pending the investigation; Ms. Snell provided information to the investigator. Dkt. 38:3.

OFR created a new Management Analyst 4 (MA4) position in the spring 2019; OFR Chief Wiley submitted a PDF for the position for approval and it was approved; OFR posted the MA4 position vacancy on the statewide job board; and OFR employee Amber Wright applied and interviewed for, and accepted this position. Dkt. 38:5.

When Ms. Snell learned Ms. Hoage was returning to the office, she sent DSHS Secretary Strange a petition objecting to her return and asserting additional complaints; a second investigation ensued and Ms. Hoage was again placed on alternate assignment. Dkt. 38:4.

Sometime around August 2019 Assistant Secretary Fitzgerald became OFR's overseer. Dkt. 38:5. In August 2019 Ms. Snell applied and interviewed for, and accepted the new Collections Manager position; on October 7, 2019, while Ms. Wiley was away, Ms. Snell met with Tiffany Womack in Human Resources (HR) and reported concerns that Ms. Wiley: 1) forged Ms. Snell's

DEFENDANTS' REPLY
IN SUPPORT OF THEIR MOTION
FOR SUMMARY JUDGMENT
No. 3:20-cv-06028-JHC

2

ATTORNEY GENERAL OF WASHINGTON
Torts Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7352 Phone
(360) 664-0228 Fax

name to the MA4 PDF which was submitted for approval; 2) took a trip to New York with her which Ms. Snell called a "boondoggle trip"; 3) treated staff in some manner; and 4) blocked her from filling vacant positions; Ms. Womack told her to talk to Ms. Fitzgerald; Ms. Wiley was instructed to work with Ms. Snell and document the work; Ms. Snell met with Ms. Fitzgerald on November 12, 2019; and in January 2020, Ms. Snell returned to her former position. Dkt. 38:4-8.

### B. Unrefuted Material Facts

In her Response, Ms. Snell does not refute the following facts: Ms. Snell's Collection Manager position included a trial service period which she had to pass for the position to become permanent; this was a WMS1 exempt management position; this position was not covered by the DSHS-union collective bargaining agreement; and management could end the trial and return her to her former position. Dkt. 38:15.

Ms. Snell complained to her supervisor, Ms. Wiley, in June 2019, about Ms. Hoage returning to OFR and Ms. Wiley told her she needs to support management decisions; no retaliation occurred between then and August 2019 after Ms. Snell having filed the petition and in August 2019 Ms. Snell promoted to the Collection Manager position. Dkt. 38:4.

### III. POINTS AND AUTHORITIES

### A. Ms. Snell Fails to State a §1983 Claim

With regard to Ms. Snell's §1983 claim, in their motion for summary judgment Defendants asserted that neither a State nor its officials acting in their official capacity are "persons' under §1983 so are not subject to §1983 claims. *Will v. Michigan Dep't of State Police*. 491 U.S. 58, 71

DEFENDANTS' REPLY
IN SUPPORT OF THEIR MOTION
FOR SUMMARY JUDGMENT
No. 3:20-cv-06028-JHC

3

ATTORNEY GENERAL OF WASHINGTON
Torts Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7352 Phone
(360) 664-0228 Fax

(1989). Now, for the first time in her response, Ms. Snell alleges she is suing Ms. Wiley and Ms. Fitzgerald in their individual capacities. Dkt. 38:21.

It is long established that a party cannot assert a new theory of liability – effectively amending its complaint – in response to a motion for summary judgment. *Smith v. City & Cnty. of Honolulu*, 887 F.3d 944, 951-52 (9th Cir. 2018)(defendant suffers prejudice if plaintiff is allowed to proceed with a new theory of recovery after discovery closes); *Coleman v. Quaker Oats Co.*, 232 F. 3d 1271, 1292-93 (9th Cir. 2000)(where plaintiff fails to allege a given theory of liability in his complaint, he is barred from proceeding on such novel theory at the summary judgment stage). The court should reject Ms. Snell's attempt to change her theory of liability under §1983 at this late state of litigation and dismiss her §1983 claims for failure to state a claim. Then, with no federal claim left in Ms. Snell's lawsuit, the court should dismiss her state law claims without prejudice.

Assuming for the sake of argument, however, that the court permits Ms. Snell to move forward with her §1983 claim, Ms. Snell still fails to state claims against Ms. Wiley and Ms. Fitzgerald in their individual capacities. To determine whether a public employee has alleges a First Amendment rights violation as a result of retaliation for her speech, the court must consider whether (1) plaintiff spoke on a matter of public concern; (2) plaintiff spoke as a private citizen or public employee; (3) plaintiff's protected speech was a substantial or motivating factor in the adverse employment action; (4) the state had an adequate justification for treating the employee differently from the general public; and (5) the state would have taken the adverse employment action even absent the protected speech. *Clairmont v. Sound Mental Health,* 632 F.3d 1091, 1103 (9th Cir. 2011).

DEFENDANTS' REPLY
IN SUPPORT OF THEIR MOTION
FOR SUMMARY JUDGMENT
No. 3:20-cv-06028-JHC

4

ATTORNEY GENERAL OF WASHINGTON
Torts Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7352 Phone
(360) 664-0228 Fax

She alleges Ms. Wiley and Ms. Fitzgerald took adverse action against her after she raised other matters of public concern such as Ms. Hoage's homophobic remarks. Dkt. 38:14, 21. Ms. Snell submitted her first complaint in December 2018, before either Ms. Wiley or Ms. Fitzgerald joined OFR.

Ms. Snell allegations against Ms. Wiley are that in October and November 2019, she reported Ms. Wiley's alleged improprieties and, without supporting evidence, alleges HR did not address her complaints. Dkt. 38: 22-23. Ms. Snell provides no counter evidence to refute Defendants' evidence that HR investigated her complaints but determined they were unfounded. Wright and Wiley Dep transcript reference.

As to Ms. Wiley's alleged forgery of Ms. Snell's signature on the MA4 PDF, Ms. Snell claims Ms. Wiley forged the PDF in late spring 2019 to enrich employee Amber Wright with a substantial pay increase. Dkt. 38:14. Ms. Snell waited until October 7, 2019, while Ms. Wiley was on vacation almost four months later, to report what she describes as a felony. Dkt. 38:5, 25. From August 2019 through January 2020, while Ms. Snell was in her trial service as Collections Manager, she received a substantial increase in pay and multiple directives from her supervisor, Ms. Wiley, to cooperate with other managers who steadily complained that Ms. Snell interfered with their work and personnel matters. Dkt. 34:5-6. Ms. Snell's other allegations against Ms. Wiley are that she told her to be more supportive of management decisions, and recommended to HR to end her trial service. Dkt. 38:6-7.

Ms. Snell's allegations against Ms. Fitzgerald are that she met with her once in November 2019, returned Ms. Hoage to the workplace, was the authorizing authority who signed the letter

DEFENDANTS' REPLY
IN SUPPORT OF THEIR MOTION
FOR SUMMARY JUDGMENT
No. 3:20-cv-06028-JHC

5

ATTORNEY GENERAL OF WASHINGTON
Torts Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7352 Phone
(360) 664-0228 Fax

ending her trial service, told her to be supportive of management decisions, and refused to meet with her after the trial service ended. Dkts. 1:10, 1:12, 38:6-7. Even assuming Ms. Snell reported on her claimed improper behaviors of Ms. Wiley to Ms. Fitzgerald on November 12, 2019, Ms. Fitzgerald testified in deposition testimony that she heard no information that led her to believe Ms. Snell was reporting activity that were actionable to her.  Dkt 33:8. The court should find that none of these allegations, even if true, separately or together, evidence retaliation by either Ms. Wiley or Ms. Fitzgerald against Ms. Snell for exercising her first Amendment rights.

Ms. Snell state in her Response that the only units not under her supervision were Accounting and Ms. Wright's team of Administrative Assistants. Dkt. 38:7. The court could infer from this statement that Ms. Snell believed it was part of her job responsibilities as Collections Manager to report improper behavior. Dkt. 38:7. If such reporting is part of her work, Ms. Snell cannot establish the second element of her First Amendment violation claim. *Clairmont*, 632 F.3d at 1103.

**B. Ms. Snell Has Not and Cannot Establish a Prima Facie Case for her WLAD Claim**

Ms. Snell alleges all Defendants committed three acts of retaliation: Defendants "removed" her from the Collections Manager position and Ms. Wiley recommended in October 2019 and again in January 2020 to end Ms. Snell's trial service. Dkt. 1:13.  As to Ms. Wiley's actions, Ms. Snell argues a "cat's paw" theory that Ms. Wiley had unlawful discriminatory animus towards Ms. Snell and so influenced the decision-making "by feeding the decision maker misinformation or failing to reveal relevant information." Dkt. 38:20. Ms. Snell provides no evidence showing Ms.

DEFENDANTS' REPLY
IN SUPPORT OF THEIR MOTION
FOR SUMMARY JUDGMENT
No. 3:20-cv-06028-JHC

6

ATTORNEY GENERAL OF WASHINGTON
Torts Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7352 Phone
(360) 664-0228 Fax

Wiley's discriminatory animus towards her or evidence showing that she provided decision-makers with misinformation of any kind or failed to reveal relevant information.

Ms. Snell does not refute Ms. Wiley's statement that when she recommended ending Ms. Snell's trial service the first time in October 2019, the HR consultant refused her recommendation and told Ms. Wiley to give Ms. Snell more time, to coach her and to be clear on work expectations. Dkts. 34:6. This undisputed fact mitigates against Ms. Snell's argument that Ms. Wiley exercised great influence over the OFR decision-makers regarding Ms. Snell's trial service. The court should find the "cat's paw" theory is not applicable here.

**C. Ms. Snell Cannot Establish the Second Element of her WLAD Claim as She Fails to Provide Proper Comparators**

To establish a WLAD discrimination case, Ms. Snell must show she (1) belongs to a protected class, (2) was treated less favorably in terms or conditions of her employment than a similarly situated, non-protected employee, and (3) the non-protected "comparator" was doing substantially the same work. *Domingo v. Boeing Emps.' Credit Union*, 124 Wn. App. 71, 81, 98 P.3d 1222 (2004), *abrogated on other grounds by Mikkelsen v. Pub. Util. Dist. No. 1 of Kittitas Cnty.*, 189 Wn.2d 516, 404 P.3d 464 (2017).

Employees are similarly situated when they have similar jobs and display similar conduct. *Earl v. Nielsen Media Rsch. Inc.*, 658 F.3d 1108, 1114 (9th Cir. 2011)(citing *Vasquez v. County of Los Angeles*, 349 F.3d 634, 641 (9th Cir. 2003). The employees' roles must be similar in material respects, but need not be identical. *Earl*, 658 F.3d at 1114. The employees must also engage in problematic conduct of comparable seriousness. *Vasquez*, 349 F.3d at 641.

DEFENDANTS' REPLY
IN SUPPORT OF THEIR MOTION
FOR SUMMARY JUDGMENT
No. 3:20-cv-06028-JHC

7

ATTORNEY GENERAL OF WASHINGTON
Torts Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7352 Phone
(360) 664-0228 Fax

Summary judgment is proper where a plaintiff fails to provide sufficient comparators. *Hawn v. Exec. Jet Mgmt. Inc.*, 615 F.3d 1151, 1158 (9th Cir. 2010).

Ms. Snell is female which constitutes a protected class. Ms. Snell does not allege any other protected class to which she belongs. Dkts 1, 38. Ms. Snell identifies Ms. Hoage and Ms. Wiley as her comparators. Dkt. 38:16. Ms. Hoage and Ms. Wiley are also female so are similarly protected.

Employees in supervisory positions are generally deemed not to be similarly situation to lower level employees. *Vasquez*, 349F.3d at 641. The court should find, as a matter of law, that neither Ms. Hoage nor Ms. Wiley are similarly situated to Ms. Snell with regard to their work positions. During the relevant time Ms. Snell was an exempt WMS1 Collections Manager who oversaw multiple OFR Units. Unlike Ms. Snell, Ms. Hoage was a non-exempt, collective bargaining agreement protected, program manager, supervising only one unit. Dkt. 34:2. When Ms. Hoage returned to OFR in December 2019, Ms. Snell became her supervisor. Dkt. 34:2.

During the relevant time, Ms. Wiley was the OFR Chief with overall responsibility for managing OFR. Dkt. 34:11. She was Ms. Snell's supervisor. Dkt. 34-1. Ms. Wiley was not doing substantially the same work as Ms. Snell.

Despite complaints to the contrary submitted by Ms. Snell, neither Ms. Hoage nor Ms. Wiley engaged in problematic conduct of comparable seriousness. *Vasquez*. 349 F.3d at 641. Ms. Snell brought two complaints against Ms. Hoage while Ms. Hoage supervised her, subjecting Ms. Hoage to two investigations and alternate assignments for the whole year she was under investigation. It can hardly be stated that OFR "turned a blind eye" to discriminatory conduct by Ms. Hoage when she spent a year under investigation and had alternative assignments during each

DEFENDANTS' REPLY
IN SUPPORT OF THEIR MOTION
FOR SUMMARY JUDGMENT
No. 3:20-cv-06028-JHC

8

ATTORNEY GENERAL OF WASHINGTON
Torts Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7352 Phone
(360) 664-0228 Fax

of the investigations. Dkt. 34:2. Ms. Snell cannot show through Ms. Hoage that Ms. Hoage received better treatment when under investigation.

Ms. Snell filed several complaints against Ms. Wiley, while Ms. Wiley was her supervisor. HR investigated these complaints and found no irregularities. Ms. Snell offers no evidence that anyone besides her accused Ms. Wiley of engaging in any improper behaviors. The court should find that Ms. Wiley is not a proper comparator.

It is disingenuous for Ms. Snell to report improper behavior against these women, all of which were unfound after investigation, and then claim them to be comparators who received better treatment than she did. The court should find, as a matter of law, that neither Ms. Hoage nor Ms. Wiley are proper comparators for Ms. Snell and this failure is fatal to Ms. Snell's WLAD claims.

**D. Defendants Have Produced Legitimate, Nondiscriminatory Reasons for Taking Actions Against Ms. Snell**

In defense against Ms. Snell's WLAD claims, Defendants have articulated legitimate, nondiscriminatory reason for the challenged action. *Chang v. Univ. of Cal. Davis, Bd. Of Trs.*, 226 F.3d 1115, 1123-24 (9th Cir. 2000); Washington citation. Defendants have the burden of production, not persuasion at the summary judgment stage. *Chang*, 226 GF.3d at 1123-24. Defendants provided unrefuted evidence that Ms. Snell knew when she started as Collections Manager that she was in a trial service period. Defendants also provided the court with unrefuted evidence that Ms. Wiley instructed her on multiple occasions to stop interfering with the work and personnel matters of other managers and of instances where Ms. Snell refused to complete

DEFENDANTS' REPLY
IN SUPPORT OF THEIR MOTION
FOR SUMMARY JUDGMENT
No. 3:20-cv-06028-JHC

9

ATTORNEY GENERAL OF WASHINGTON
Torts Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7352 Phone
(360) 664-0228 Fax

tasks directed by Ms. Wiley. Dkt. 34:6-7. Ms. Snell's admission to Ms. Wiley that she engaged in mock interviews with her favored internal candidates for OFR job vacancies led Ms. Wiley to recommend to HR in January 2020 to end Ms. Snell's trial service. Dkt. 34:7. The court should find Defendants produced sufficient evidence of legitimate, non-discriminatory reasons for ending Ms. Snell's trial service in January 2020.

Defendants additionally assert they are entitled to the "same actor inference" which provides that "Where the same actor is responsible for both the hiring and the firing of a discrimination plaintiff, and both actions occur within a short period of time, a strong inference arises that there was no discriminatory action." *Crudder v. Peoria Unified Sch. Dist. No. 11*, 468 F. App'x 781 (9th Cir. 2012); *Cooper v. Window Rock Unified School District*, Case No. CV-20-08346-PCT-DJH, 2023 WL 2463765 at *8 (U.S.D.C. Arizona, March 10, 2023)(quoting *Bradley v. Harcourt, Brace 7 Co.*, 104 F.3d 267, 270-71 (9th Cir. 1996). In *Crudder*, the Defendant successfully asserted the same-actor inference when a school superintendent initially recommended to the governing board that plaintiff be promoted to a principle position, and later rescinded his recommendation. *Crudder*, 468 F. App'x at 783.

The parties do not dispute that Ms. Wiley supported and recommended Ms. Snell for the Collections Manager position in August 2019 and, then two months and five months later, in October 2019 and in January 2020, recommended to ending Ms. Snell's trial service. Dkt. 34:6-7. The court must take this strong inference of non-discrimination into account in considering Defendants' summary judgment motion. *Coghlan v. Am. Seafoods Co. LLC*, 413 F.3d 1090,

DEFENDANTS' REPLY
IN SUPPORT OF THEIR MOTION
FOR SUMMARY JUDGMENT
No. 3:20-cv-06028-JHC

10

ATTORNEY GENERAL OF WASHINGTON
Torts Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7352 Phone
(360) 664-0228 Fax

1098 (9th Cir. 2005)(applying the same-actor inference where a same decision maker demotes the plaintiff to a lesser role).

The burden shifts back to Ms. Snell to provide the court with evidence showing Defendants' articulated reasons for ending her trial service was a pretext for their discriminatory actions. *McGinest v. GTE Serv. Corp.* 360 F.3d 1103, 1112 (9th Cir. 2004); Ms. Snell must make an expressly strong showing of discrimination to survive summary judgment. *Blair v. Shulkin*, 685 F. App'x 587, 587 (9th Cir. 2017); *Hawn*, 615 F.3d at 1158 (affirming summary judgment when Plaintiff fails to provide the court with sufficient comparators). Without proper and sufficient comparators, the court should hold that as a matter of law, Ms. Snell cannot establish her WLAD claims.

### E. Ms. Snell Fails to State a Claim under RCW 42.40 That Defendants Violated Her Rights as a Whistleblower

To establish a prima facie case of retaliation for being a whistleblower, an employee must show that 1) she engaged in a statutorily protected activity (filing a whistleblower complaint), 2) the employer took an adverse employment action, and 3) the adverse action was caused by the employee's activity. Dkt. 38:25. Ms. Snell fails to provide the court with evidence that she either filed her complaint with the State Auditor's Office or with another authority who is statutorily authorized to receive such claims. Dkt. 38. Ms. Snell alleges she met with Ms. Fitzgerald on November 12, 2019, and reported all of her concern of improper behavior by Ms. Wiley. Dkt. 38:6. As an Assistant Secretary Ms. Fitzgerald is authorized to receive such reports, however, she does not recall Ms. Snell giving her statements indicating these were whistleblower

DEFENDANTS' REPLY
IN SUPPORT OF THEIR MOTION
FOR SUMMARY JUDGMENT
No. 3:20-cv-06028-JHC

11

ATTORNEY GENERAL OF WASHINGTON
Torts Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7352 Phone
(360) 664-0228 Fax

complaints or that alerted her of a need to forward such information to the State Auditor's Office or to HR to investigate.

Ms. Snell provides no evidence that Ms. Wiley was aware Ms. Snell had made reports of improper behavior against her. Consequently, Ms. Snell cannot establish a causal connection between Ms. Snell's filing of complaints against Ms. Wiley and Ms. Wiley recommending to end Ms. Snell's trial period that would show retaliation.

### F.  Ms. Snell Has Not and Cannot Establish a Forgery or WPRA Claim

#### 1.  Ms. Snell Cannot Prove a Forgery/Misappropriation by Ms. Wiley

First and foremost, Ms. Snell provides no evidence that Ms. Wiley forged Ms. Snell's signature on the MA4 PDF. To establish forgery, Ms. Snell must submit evidence that Ms. Wiley falsely made, completed, or altered a written instrument, with the intent to injure or defraud, and possessed, uttered, offered, disposed of, or put off as true a written instrument which he or she knows to be forged. RCW 9A.60.020. Ms. Snell specifically claims that Ms. Wiley's purpose in forging the PDF was to elevate employee "Ms. Wright from a salary level 31 to a level 58", "boost the pay of a government employee", and bypass the open and competitive hiring process. Dkts. 38:24. Ms. Snell presents no evidence of Ms. Wiley's intent to injury or defraud Ms. Snell or DSHS by forging Ms. Snell's name on the PDF. Dkt. 38. Ms. Snell presents no evidence that Ms. Wiley herself physically "made, completed or altered" the PDF. Dkt. 38.  Finally, Ms. Snell presents no evidence that Ms. Wiley offered the PDF anyone knowing the form to be forged. The court should hold Ms. Snell fails to state a claim against Ms. Wiley for misappropriating Ms. Snell's name through forgery.

DEFENDANTS' REPLY
IN SUPPORT OF THEIR MOTION
FOR SUMMARY JUDGMENT
No. 3:20-cv-06028-JHC

12

ATTORNEY GENERAL OF WASHINGTON
Torts Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7352 Phone
(360) 664-0228 Fax

### 2. Ms. Snell Cannot Establish a Washington Personality Rights Act Claim

Ms. Snell cites to *Immelt v. Bonneville*, an unreported Washington appellate case in which the court found a real estate appraisal, a written report created in a commercial setting, was a "good" within the definition of RCW 63.60 for the proposition that because the terms "goods, merchandise, or products" are not defined in RCW 63.60, "[t]here is no reason why the protection should not extend to a forgery fraudulently used to boost the pay of a government employee." Dkt. 38:24. There is an evident reason why the statutory protection does not extend to a PDF. The statute requires that to be a violation the person's name or signature must be on or in goods, merchandise, or products entered into Washington state for commercial purposes, to commercially advertise products, merchandise, goods, or services within the state or to fund-raise or solicit donations within the state. RCW 63.60.050.

Ms. Snell admits there is no case law to support her argument the PDF qualifies as a good, merchandise or product placed into the stream of commerce within Washington State. Dkt. 38:24. Moreover, Ms. Snell provides no evidence to refute Defendants' evidence that it was likely an office assistant made an administrative error when copying a number of PDFs at one time. Dkt. 34:3.

Further, Ms. Snell presents no evidence that the posting on the statewide job website showed a defective PDF. Dkt. 38. Ms. Snell's citation to a case dealing with a real estate appraisal is inapposite. Dkt. 38:24. Ms. Snell submits no copy of the allegedly forged PDF. She only alleges her name was found on a copy of a PDF that HR received. Dkt. 38:25; RCW 9a.60.020. Ms. Snell cannot establish a WPRA claims against Ms. Wiley.

//

DEFENDANTS' REPLY
IN SUPPORT OF THEIR MOTION
FOR SUMMARY JUDGMENT
No. 3:20-cv-06028-JHC

13

ATTORNEY GENERAL OF WASHINGTON
Torts Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7352 Phone
(360) 664-0228 Fax

### G. Court Should Deny Ms. Snell's Motion to Strike Testimony Claimed as Hearsay

Ms. Snell moves to strike certain parts of several defendants' declarations on the grounds of hearsay. Dkt. 38:26. At the summary judgment state, the court does not focus on the admissibility of the evidence's form and, instead, focuses on the admissibility of its contents. *Fraser v. Goodale*, 342 F.3d. 1032, 1036 (9th Cir. 2003). Hearsay evidence produced in an affidavit may be considered on summary judgment if the declarant can later present the evidence through direct testimony. *Fraser*, 343 F.3d at 1037. *See Williams v. Borough of W. Chester*, 891 F.2d 458, 465 n. 12 (3d Cir. 1989)(hearsay evidence produced in an affidavit in summary judgment motion may be considered if the out-of-court declarant could later present that evidence through direct testimony).

As to the specific paragraph of Ms. Wiley's declaration that Ms. Snell seeks to strike. Paragraphs 4, 5, 9, 15, 16, 17, 18 and 20 all contain statements Ms. Wiley declares is based on her personal knowledge. Dkt. 34:1. Statements Ms. Wiley makes in Paragraph 4 contains information that Ms. Snell discusses in her Response. Dkt. 38:2. To the extent Ms. Wiley recounts what she heard another other OFR employees said to her, the out-of-court declarants are current or former DSHS employees who can present the evidence through direct testimony, a form that is admissible at trial. Declaration of Michelle Hansen, dated March 24, 2023 (Hansen 3/24/23 Decl.) at ¶ 4.

Similarly, the statements in Paragraph 6, 8, 9 of Ms. Fitzgerald's declaration which Ms. Snell seeks to strike are all statement which Ms. Fitzgerald is recounting that she personally heard her employees say to her. Dkt. 33:1. To the extent these statement made by OFR

DEFENDANTS' REPLY
IN SUPPORT OF THEIR MOTION
FOR SUMMARY JUDGMENT
No. 3:20-cv-06028-JHC

14

ATTORNEY GENERAL OF WASHINGTON
Torts Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7352 Phone
(360) 664-0228 Fax

employees out-of-court, these declarants can present the evidence through direct testimony at trial. Hansen 3/24/23 Decl. at ¶ 4. The statements in Paragraph 9 of Ms. Wright's declaration are statements she makes from her personal knowledge. Dkt. 35:1.

As to Exhibit B to Ms. Wiley's Declaration, Ms. Wiley declared that this document is a true and correct copy of her log of events which admissible under Federal Rules of Evidence 801(c) as a business record. Moreover, the contents of Ms. Wiley's log are recitations of events within Ms. Wiley's personal knowledge and could be admitted into evidence at trial by Ms. Wiley testifying from her personal knowledge what she had written in her log at the time of the event. The court should hold that the contents in these declarations and business record can be presented in an admissible form at trial and, on this basis, the court should deny Ms. Snell's motion to strike.

**H. Ms. Snell Did Not Amend Her Complaint to Add Any Allegations in Her Second Tort Claim**

Ms. Snell claims Defendants did not address allegations from her second tort claim filed with the State. Dkt. 38: 7.  Ms. Snell did not amend her Complaint.  Therefore, the court should hold that any allegations in her second tort claim are not a part of this lawsuit.

### IV.   CONCLUSION

For all of the foregoing reasons, Defendants request that the court grant its summary judgment motion, dismiss the §1983 claim with prejudice, dismiss the state claims without prejudice, and deny Plaintiff's motion to strike.

/ /

/ /

DEFENDANTS' REPLY
IN SUPPORT OF THEIR MOTION
FOR SUMMARY JUDGMENT
No. 3:20-cv-06028-JHC

15

ATTORNEY GENERAL OF WASHINGTON
Torts Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7352 Phone
(360) 664-0228 Fax

DATED this 24th day of March, 2023.

       I certify that this memorandum contains 4,033 words, in compliance with the local civil rules.

       ROBERT W. FERGUSON
       Attorney General

       s/*Michelle Hitomi Hansen*
       MICHELLE HITOMI HANSEN, WSBA No. 14051
       Assistant Attorney General
       Washington State Attorney General's Office
       800 Fifth Avenue, Suite 2000
       Seattle, WA 98104
       Telephone: (206) 464-7744
       Fax: (360) 664-0228
       E-mail: michelle.hansen@atg.wa.gov
       Attorneys for Defendants

DEFENDANTS' REPLY
IN SUPPORT OF THEIR MOTION
FOR SUMMARY JUDGMENT
No. 3:20-cv-06028-JHC

16

ATTORNEY GENERAL OF WASHINGTON
Torts Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7352 Phone
(360) 664-0228 Fax

## CERTIFICATE OF SERVICE

I hereby certify that on this 24th day of March, 2023, I caused to be electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Plaintiff's Attorney:

Richard H. Wooster, WSBA #13752
Devin Epp, WSBA #60037
Kram and Wooster, P.S.
1901 South I Street
Tacoma, WA 98405-3810
rich@kjwmlaw.com
devin@kjwmlaw.com

DATED this 24th day of March, 2023.

ROBERT W. FERGUSON
Attorney General

*s/Michelle Hitomi Hansen*
MICHELLE HITOMI HANSEN

DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT
NO. 3:20-cv-06028-JHC

17

ATTORNEY GENERAL OF WASHINGTON
Torts Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7352