THE HONORABLE JOHN H. CHUN

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| KIM SNELL, | Case No. 3:20-cv-06028-JHC |
|---|---|
| Plaintiff | **MOTION FOR RECONSIDERTION** |
| vs. | |
| THE STATE OF WASHINGTON; DEPARTMENT OF SOCIAL AND HEALTH SERVICES, JUDITH A. FITZGERALD and UNA I. WILEY | NOTE ON MOTION CALENDAR: April 26, 2023 per WDWA LR 7(h) |
| Defendants. | |

## I. RELIEF REQUESTED

This Court should reconsider the Court's Summary Judgment Order granting Partial Summary Judgment, dkt. # 48 at 13("SJ Order"), dismissing Plaintiff's First Amendment speech and petition claims.

## II. FACTUAL BACKGROUND

Until Kim Snell began blowing the whistle on discrimination, patronage hiring, waste of government funds and mistreatment of employees in the Office of Financial Recovery ("OFR"), she had an excellent reputation as an OFR supervisor for Department of Social and Health Services ("DSHS"). After advancing concerns within the management structure at DSHS, Kim

Page 1

MOTION FOR RECONSIDERATION

Law Offices of
**Kram & Wooster, P.S.**
1901 South I Street
TACOMA, WASHINGTON 98402
(253) 572-4161 Tacoma
(253) 272-7929
(253) 572-4167 Facsimile

experienced adverse employment actions, dropping her from a Washington Management System ("WMS") Collection Manager, back to a Revenue Agent 4, to a Support Enforcement Officer 2 in quick succession.

The SJ Order asserts Snell neither addressed "broader societal concerns," nor do they implicate the proper functioning of DSHS as a whole; they are instead more properly characterized as "essentially a private grievance." Dkt. # 48 at 13. The Court characterized Snell's concerns as "mainly related to internal power struggles within the workplace," and are of little relevance "beyond the employee's bureaucratic niche." *Id.* at 12. Yet the bulk of her concerns addressed how others were treated and a waste of resources.

Snell raised the concerns about the OFR operations under Wiley and Fitzgerald not only to Human Resources, but to the Secretary of DSHS, Cheryl Strange. Dkt. #40 at ¶191, *Snell Decl., Opposition to Summary Judgment.* Snell's speech focused upon the mistreatment of other employees; waste of public funds; patronage hiring; and forgery, making huge pay increases appear to have Snell's support.

Rather than personal grievances or an internal power struggle, Snell shined a light upon the pattern and practice within DSHS creating sinecure appointments, thwarting to public policy of appointment to government positions by merit and not patronage, a two-tiered treatment of disciplinary sanction, suppression of evidence showing manager's discriminatory treatment of staff, use of forged documents advancing favored employees within DSHS, and the swift retaliation against anyone inside DSHS opposing favoritism, discrimination, and waste of public funds. Separately, these items are of public concern, collectively they are of substantial public concern highlighting fundamental flaws in DSHS management. DSHS retaliation is so prevalent a Pierce County Superior Court Judge issued an injunction directing retaliation training at DSHS. Dkt. # 39 at ¶3, Wooster Decl., Opposition to Summary Judgment.

Page 2

MOTION FOR RECONSIDERATION

Law Offices of
Kram & Wooster, P.S.
1901 South I Street
TACOMA, WASHINGTON 98402
(253) 572-4161 Tacoma
(253) 272-7929
(253) 572-4167 Facsimile

**Violation of the WLAD.** Snell's reasonable concerns supervisor behavior violated a public policy of the highest priority to deter and to eradicate discrimination,[1] the Washington Law Against Discrimination ("WLAD"). Her concerns included, (1) omitting homophobic remarks made by Hoage from her reprimand letter, minimizing Hoage's misconduct and creating a false narrative, dkt. #40 at ¶¶16-49; (2) burying Hoage's admission that she prevented a knowledgeable employee from representing OFR because of a physical deformity, *id.* ¶40b, Ex.48; (3) Wiley preventing a black employee from representing OFR at an annual Diversity, Equity and Inclusion conference, *id.* ¶166; (4) Wiley attacking Chris Boyd's disability and use of FMLA, *id.* ¶117-120; and (5) Wiley discriminating against Dean Absher. *Id.* ¶¶243-245.

**Violation of Merit Hiring Practices.** Wiley offered Snell interview questions for the WMS position. Snell refused and considered this a turning point in their relationship. *Id.* ¶93-97. Wright told Snell that Wiley provided her the interview questions for her MA 4 position. *Id.*¶83.

**Criminal Conduct to Support Hiring Irregularities.** Snell's signature was forged onto a Position Description Form ("PDF") to elevate Wright's compensation from a Range 38 to a Range 62. *Id.*¶¶84-92.

**Waste of Taxpayer Funds.** In less than a year, Wright received a promotion from a clerical employee, at Range 31, to a Management Analyst 4, a Range 60, and then increased to a Range 62–higher than any other OFR Supervisor, and above the Office Supervisor Role at Range 38. *Id.* ¶¶69-71. Wright drafted the PDF, assigning the pay range submitted with Snell's forged signature presenting the appearance of independent oversight. *Id.* ¶¶70-71, 83-92, 247. Allowing Wright to create fake appointments to conduct her childcare duties and enjoy unlimited leave

---

[1] *See Marquis v. City of Spokane*, 130 Wn.2d 97, 109-10, 922 P.2d 43, 49-50 (1996); RCW 49.60.010.

Page 3

MOTION FOR RECONSIDERATION

Law Offices of
**Kram & Wooster, P.S.**
1901 South I Street
TACOMA, WASHINGTON 98402
(253) 572-4161 Tacoma
(253) 272-7929
(253) 572-4167 Facsimile

with pay. *Id.* ¶¶164-165. Such conduct is a waste of government funds and is a matter of public concern.

**New York Trip.** While government junkets at taxpayer expense may be common, to suggest the public has no interest in such trips that are unnecessary and used as family vacation, *see id.* ¶¶98-108, misunderstands the sentiment of the average taxpayer.

When Snell filed her tort claim outlining issues of public concern, DSHS swiftly demoted her to Support Enforcement Officer 2, treating her differently than other employees. *Id.* ¶¶175b, 200-242. Characterizing these issues as internal power struggles ignores the content of Snell's speech.

## III. LEGAL DISCUSSION

The Court's SJ Order constitutes a manifest error by mischaracterizing Snell's concerns and denying her 42 U.S.C. §1983 claims from being evaluated by the jury. In ruling on summary judgment, the material evidence and all inferences from that evidence must be viewed most favorably for the non-moving party. *Adickes v. Cress (S.H.) and Company*, 90 U.S. 1598 (1970). "Unlawful conduct by a government employee or illegal activity within a government agency is a matter of public concern." *Thomas v. City of Beaverton*, 379 F.3d 802, 809 (9th Cir. 2004); *Johnson v. Multnomah Cnty., Or.,* 48 F.3d 420, 424 (9th Cir.1995) (holding employee's accusations of mismanagement and criminal conduct against immediate supervisor constituted speech of public concern despite they were recklessly false).

Unlike the Plaintiff in *Connick v. Myers*, who raised personal grievances, Snell's concerns were expansive matters of public concern. *See Connick v. Myers*, 461 U.S. 138, 146, 103 S. Ct. 1684, 1690, 75 L. Ed. 2d 708 (1983)) (holding personal grievances are not protected

Page 4

MOTION FOR RECONSIDERATION

Law Offices of
**Kram & Wooster, P.S.**
1901 South I Street
TACOMA, WASHINGTON 98402
(253) 572-4161 Tacoma
(253) 272-7929
(253) 572-4167 Facsimile

but determining public concern is when it can be "fairly considered to relate to any matter of political, social, or other concern to the community").

Determining whether the speech is of public concern considers the content, form, and context of a given statement, as revealed by the whole record. *Id.* at 148. The time, place, and matter are relevant factors; however, employees need not spread their views before the public. *Givhan v. W. Line Consol. Sch. Dist.*, 439 U.S. 410, 416, 99 S. Ct. 693, 697, 58 L. Ed. 2d 619 (1979) (holding First Amendment protection applies when public employees communicate privately with employer rather than in public forum). Courts consider the speech's intent or the "point" of the employee's speech. *Binkley v. City of Tacoma*, 114 Wash.2d 373, 384–85,787 P.2d 1366, 1374 (1990) The speech content "must involve 'issues about which information is needed or appropriate to enable the members of society to make informed decisions about the operation of their government'" to address matters of public concern. *Desrochers v. City of San Bernardino*, 572 F.3d 703, 710 (2009) (Wardlaw, J., dissenting) (quoting *McKinley*, 705 F.2d at 1114); *see, e.g.*, *Robinson v. York*, 566 F.3d 817, 822 (9th Cir. 2009) (reporting instances of possible corruption is a matter of public concern); *McKinley*, 705 F.2d at 1114 (determining matters of public concern included "rate of compensation for members of the city's police force and, more generally, with the working relationship between the police union and elected city officials").

The SJ Order inappropriately analogized Snell's concerns to the Sergeants in *Desrochers* who lodged several complaints regarding a lieutenant's management style, criticizing him as an "autocratic, controlling and critical supervisor" and describing him as a micro-manager who insults fellow officers. *Desrochers*, 572 F.3d. at 705–06. The court reasoned the complaints "plain language" failed to "directly address" police competence and instead involved merely a

Page 5

MOTION FOR RECONSIDERATION

Law Offices of
**Kram & Wooster, P.S.**
1901 South I Street
TACOMA, WASHINGTON 98402
(253) 572-4161 Tacoma
(253) 272-7929
(253) 572-4167 Facsimile

"personality dispute centered on Kimball's [lieutenant's] management style." *Id.* at 712. The court held the content of plaintiffs' speech related "at best only tangentially" to matters of public concern because the "essence" of plaintiff's speech was dissatisfaction with a supervisor's management style. *Id.* at 714. In contrast, Snell's concerns involved broader issues than those grievances in *Desrochers*. Employee complaints of an oppressive work environment have been considered matters of public concern when they involve substantial issues of public concern, such as unlawful conduct, discrimination, or a collective grievance. *See, e.g., Alpha Energy Savers, Inc. v. Hansen*, 381 F.3d 917, 925 (9th Cir.2004) (determining testimony about discrimination by governmental employer was matter of public concern); *McKinley v. City of Eloy*, 705 F.2d 1110 (9th Cir.1983) (determining officer's public criticism of city's decision about annual raise was protected speech); *Pool v. VanRheen*, 297 F.3d 899, 906–07 (9th Cir. 2002) (determining letter detailing "good ole boy" environment that fostered discrimination spoke on matters of public concern but upheld dismissal due to disruption in Sheriff's Office from employee's conduct); *Ellins v. City of Sierra Madre*, 710 F.3d 1049, 1058 (9th Cir. 2013) ("[L]eadership style [concerns] and other department-wide problems were not private grievances" and such "problems were of inherent interest to the public.").

Snell was uniquely positioned to raise concerns that discrimination and hiring irregularities were being swept under the rug at DSHS. She suffered adverse employment action promptly upon bringing issues forward outside her official duties. In *Marable v. Nitchman*, a Washington Ferry Chief Engineer raised concerns outside his official duty. *Marble*, 511 F.3d 924, 932–33 (9th Cir.2007). His speech was protected because he "had no official duty to ensure that his supervisors were refraining from the alleged corrupt practices." *Id.* Like the Plaintiff's concern

Page 6

MOTION FOR RECONSIDERATION

Law Offices of
**Kram & Wooster, P.S.**
1901 South I Street
TACOMA, WASHINGTON 98402
(253) 572-4161 Tacoma
(253) 272-7929
(253) 572-4167 Facsimile

in *Marable*, Snell's concerns are protected speech because her speech shed light upon Wiley's and Fitzgerald's improprieties and corrupt practices.

The qualified immunity finding ignores 9th Circuit law. "[A]s a general matter the First Amendment prohibits government officials from subjecting an individual to retaliatory actions . . . for speaking out." *Hartman v. Moore*, 547 U.S. 250, 256, (2006). The right to speak freely without retaliation has long been clearly established for the purposes of qualified immunity." *Aydelotte v. Town of Skykomish*, 2020 WL 4347261, at *5 (W.D. Wash. July 29, 2020). The 9th Circuit "and other courts have defined public concern speech broadly to include almost *any* matter other than speech that relates to internal power struggles within the workplace." *Tucker v. State of Cal. Dept. of Educ.*, 97 F.3d 1204, 1210 9th Cir. 1996 (citing *Gillette v. Delmore*, 886 F.2d 1194, 1197 (9th Cir.1989)).

A reasonable official would have known that unfavorably transferring Plaintiff with retaliatory intent violates the First Amendment. "A transfer of job duties alone can constitute an adverse employment action as long as it is reasonably likely to deter employees from engaging in protected activity." *Quantz v. Edwards*, 264 F. App'x 625, 628 (9th Cir. 2008). Wiley and Fitzgerald would not be entitled to qualified immunity because it was well established that retaliating against an employee for engaging in protected speech by transferring Snell from her WMS position and taking other adverse employment actions were unconstitutional. *See Yartzoff v. Thomas*, 809 F.2d 1371, 1376 (9th Cir. 1987).

> It bears emphasis that our precedents dating back to *Pickering* have recognized that speech by public employees on subject matter related to their employment holds special value precisely because those employees gain knowledge of matters of public concern through their employment. In *Pickering,* for example, the Court observed that "[t]eachers are ... the members of a community most likely to have informed and definite opinions as to how funds allotted to the operation of the schools should be spent. Accordingly, it is essential that they be able to speak out

Page 7

MOTION FOR RECONSIDERATION

Law Offices of
**Kram & Wooster, P.S.**
1901 South I Street
TACOMA, WASHINGTON 98402
(253) 572-4161 Tacoma
(253) 272-7929
(253) 572-4167 Facsimile

freely on such questions without fear of retaliatory dismissal." 391 U.S., at 572, 88 S.Ct. 1731. *See also Garcetti,* 547 U.S., at 421, 126 S.Ct. 1951 (recognizing that "[t]he same is true of many other categories of public employees"). Most recently, in *San Diego v. Roe,* 543 U.S., at 80, 125 S.Ct. 521, the Court again observed that public employees "are uniquely qualified to comment" on "matters concerning government policies that are of interest to the public at large."

*Lane v. Franks*, 134 U.S. 228, 134 S.Ct. 2369, 2379–80, 189 L.Ed. 2d 312 (2014).

The SJ Order was a manifest error because it denies Snell's First Amendment protection for opposing legitimate concerns (unlawful discrimination and retaliation, patronage hiring, and other public concern matters) that should be corrected at the trial court.

Similarly, Snell's right to petition claims is inextricably intertwined with her First Amendment claims and should not have been dismissed because the petition embraced in her Tort Claim and this lawsuit are matters of public concern.

## CONCLUSION

Plaintiff respectfully request the Court retract the partial summary judgment dismissing the Free Speech and Right of Petition claims under 42 U.S.C § 1983.

Respectfully submitted this 26 day of April, 2023.

I certify that this memorandum contains 2090 words, in compliance with the Local Civil Rules.

KRAM & WOOSTER

/s/Richard H. Wooster
Richard H. Wooster, WSBA #13752
Attorneys for Plaintiff

Page 8

MOTION FOR RECONSIDERATION

Law Offices of
**Kram & Wooster, P.S.**
1901 South I Street
TACOMA, WASHINGTON 98402
(253) 572-4161 Tacoma
(253) 272-7929
(253) 572-4167 Facsimile

# PROOF OF SERVICE

I certify that I served a copy of this document on all parties or their counsel of record on the date below as follows:

☐ US Mail Postage Prepaid

☒ Electronic Mail/Filing

☐ ABC/Legal Messenger

☐ State Campus Delivery

☐ Hand delivered by _____

Michelle.hansen@atg.wa.gov

Scott.barbara@atg.wa.gov

I certify under penalty of perjury under the laws of the state of Washington that the foregoing is true and correct.

DATED this 26th day of April, 2023 at Tacoma Washington

        /s/Connie DeChaux
        Connie DeChaux

Page 9

MOTION FOR RECONSIDERATION

Law Offices of
**Kram & Wooster, P.S.**
1901 South I Street
TACOMA, WASHINGTON 98402
(253) 572-4161 Tacoma
(253) 272-7929
(253) 572-4167 Facsimile