1

2

3

4

5
The Honorable John H. Chun
Trial Date: May 31, 2023

6

7

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON
## AT TACOMA

8

9
KIM SNELL,

NO.  3:20-cv-06028-JHC

10
Plaintiff,

JOINT STATEMENT OF DISPUTED
INSTRUCTIONS

11
v.

12
THE STATE OF WASHINGTON;
DEPARTMENT OF SOCIAL AND
HEALTH SERVICES, JUDITH A.
FITZGERALD and UNA I. WILEY,

13

14

15
Defendants.

16
Pursuant to LCR 51, Plaintiff and Defendants, by and through counsel, submit the

17
following Joint Statement of Disputed Instructions.

18
DATED this 23rd day of May, 2023.

KRAM & WOOSTER, P.S.

ROBERT W. FERGUSON
Attorney General

19

20

21
*s/ Richard Wooster*
Richard H. Wooster, WSBA #13752

 *s/ Scott M. Barbara*
Michelle H. Hansen, WSBA # 14051

Devin Kathleen Epp, WSBA #60037
Scott M. Barbara, WSBA #20885

22
1901 South I Street
Assistant Attorneys General

Tacoma, WA  98405-3810
800 Fifth Avenue, Suite 2000

23
Tel.: (253) 572-4161
Seattle, WA 98104

24
Email:  rich@kjwmlaw.com
Tel.:  (206) 389-2033

Email:  devin@kjwmlaw.com
Email:  michelle.hansen@atg.wa.gov

25
*Attorneys for Plaintiff*
Email:  scott.barbara@atg.wa.gov

*Attorneys for State Defendants*

26

JOINT STATEMENT OF DISPUTED
INSTRUCTIONS
(C20-6028-JHC)

1

ATTORNEY GENERAL OF WASHINGTON
Torts Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7352

**TABLE OF CONTENTS**

| No. | Brief Title | Source | Page | Proposing Party |
|---|---|---|---|---|
| 3 | Advance Oral Instruction—Beginning of Proceedings | WPI 1.01 | 5 | Plaintiff |
| 21 | Stipulated Testimony | MMCJI 2.1 | 6 | Plaintiff |
| 24 | Use of Interrogatories | MMCJI 2.11 | 7 | Plaintiff |
| 26 | Charts and Summaries Not Received in Evidence | MMCJI 2.14 | 8 | Plaintiff |
| 31 | Additional Instructions of Law | MMCJI 3.6 | 9 | Plaintiff |
| 34 | Agent and Principal—Definition | MMCJI 4.4 | 10 | Plaintiff |
| 35 | Agent—Scope of Authority Defined | MMCJI 4.5 | 11 | Plaintiff |
| 36 | Ratification | MMCJI 4.7 | 12 | Plaintiff |
| 42 | Definition of Whistleblower | RCW 42.40.020 | 13-14 | Plaintiff |
| 43 | Definition of Whistleblower | RCW 42.40.020 | 15-16 | Plaintiff |
| 44 | Definition of Whistleblower | RCW 42.40.030 | 17 | Plaintiff |
| 45 | Definition of Public Official | RCW 42.40.010(7) | 18 | Plaintiff |
| 46 | Discrimination or Retaliation for Filing a Complaint—Whistleblower | RCW 42.40.020 | 19 | Plaintiff |
| 47 | Definition of Good Faith | RCW 42.40.020(3) | 20 | Plaintiff |
| 48 | Definition of Good Faith | RCW 42.40.020(3) | 21 | Plaintiff |
| 49 | Definition of Improper Governmental Action | RCW 42.40.020(6) | 22-23 | Plaintiff |
| 50 | Right to Disclose Improper Governmental Action | RCW 42.40.030(1) | 24 | Plaintiff |
| 51 | Forgery | Case law & RCW | 25 | Plaintiff |
| 52 | Offering False Instrument | Case law & RCW | 26 | Plaintiff |
| 53 | Definition of Gross Waste of Funds—Whistleblowing Activity | RCW 42.40.020(5) | 27 | Plaintiff |
| 54 | Definition of Gross Mismanagement | RCW 42.40.020(4) | 28 | Plaintiff |
| 55 | Definition of Use of Official Authority or Influence | RCW 42.40.020(9) | 29 | Plaintiff |
| 56 | Whistleblower Violation | RCW 42.40.050 | 30 | Plaintiff |
| 57 | Whistleblower Violation | RCW 42.40.050 | 31 | Plaintiff |
| 58 | Retaliation Action Against Whistleblower | RCW 42.40.050 | 32-34 | Plaintiff |
| 60 | Adverse Employment Action—Definition | Case law | 35 | Plaintiff |
| 61 | Retaliation Causation | Case law | 36 | Plaintiff |

JOINT STATEMENT OF DISPUTED INSTRUCTIONS (C20-6028-JHC)

2

ATTORNEY GENERAL OF WASHINGTON
Torts Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7352

| No. | Brief Title | Source | Page | Proposing Party |
|---|---|---|---|---|
| 63 | Substantial Factor | Case law | 37 | Plaintiff |
| 64 | Supporting Factors of a Retaliatory Motive | Case law | 38 | Plaintiff |
| 65 | Cat's Paw Theory Instruction | Case law | 39 | Plaintiff |
| 66 | Employer's Awareness of Employee Complaint | Case law | 40 | Plaintiff |
| 67 | Notice of Demotion or Reduction in Base Salary Requirement | WAC 357-40-020 | 41 | Plaintiff |
| 68 | How Should an Employee be Notified of Unsatisfactory Performance? | WAC 357-37-035 | 42 | Plaintiff |
| 69 | Can an Appointing Authority Take Action other than Dismissal, Suspension, Demotion or Reduction in Base Salary to Address Unsatisfactory Performance? | WAC 357-40-015 | 43 | Plaintiff |
| 70 | Damages—Violations of Rights as a Whistleblower | RCW 42.40.050(1) WPI 330.81; WPI 32.04 | 44-45 | Plaintiff |
| 71 | WLAD Employment Discrimination | WPI 330.00 | 46-47 | Plaintiff |
| 72 | Discriminatory Practices Supporting a Retaliation Claim | Case law & RCW | 48 | Plaintiff |
| 74 | Retaliation for Opposing Discriminatory Conduct Against Another | Secondary Source | 49-50 | Plaintiff |
| 75 | Unfair Practice:  WLAD | Case law & RCW | 51 | Plaintiff |
| 76 | Unfair Practice:  WLAD Retaliation | RCW 49.60.210 | 52 | Plaintiff |
| 77 | Discrimination or Retaliation for Filing a Complaint | RCW 49.60.210 | 53 | Plaintiff |
| 78 | Opposing Discriminatory Practices | Case law | 54 | Plaintiff |
| 79 | Reasonable Belief under WLAD | Case law & RCW | 55 | Plaintiff |
| 80 | Employer Pretext | Case law | 56 | Plaintiff |
| 82 | Constructive Discharge | WPI 330.52 cmt | 57 | Plaintiff |
| 84 | Employment Discrimination—Damages—Future Lost Earnings (Front Pay) | WPI 330.82 | 58 | Plaintiff |
| 85 | Employment Discrimination—Damages—Future Lost Retirement Earnings (Front Pay) | WPI 330.82 | 59-60 | Plaintiff |
| 86 | Life Expectancy | WPI 34.04 | 61 | Plaintiff |
| 87 | Employment Discrimination—Damages—Mitigation—Wage Loss | WPI 330.83; Case law | 62-63 | Plaintiff |
| 88 | Employment Discrimination—Damages—Economic and Non-Economic—No After-Acquired Evidence | WPI 330.81 | 64-66 | Plaintiff |

JOINT STATEMENT OF DISPUTED INSTRUCTIONS (C20-6028-JHC)

3

ATTORNEY GENERAL OF WASHINGTON
Torts Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7352

| No. | Brief Title | Source | Page | Proposing Party |
|---|---|---|---|---|
| 89 | Public Policy of Washington Law Against Discrimination | Case Law & RCW | 67 | Plaintiff |
| 90 | Supervisor Personal Liability | Case Law | 68 | Plaintiff |
| 14 | No Transcript Available to Jury | MMCJI 1.17 | 69 | Defendants |
| 28 | Liability of Corporations—Scope of Authority Not in Issue | MMCJI 4.2 | 70 | Defendants |
| 33 | State Employee Whistleblower Protection Act—Policy and Definitions | RCW 42.40.010 | 71-74 | Defendants |
| 34 | Whistleblower Interference Prohibited | RCW 42.40.030 | 75 | Defendants |
| 35 | Whistleblower Protection Act—Burden of Proof | RCW 42.40.050(1)(b) | 76-78 | Defendants |
| 39 | Business Judgment | Case law | 79 | Defendants |
| 40 | Resignation is Presumed Voluntary | Case law | 80 | Defendants |
| 42 | Wrongful Termination in Violation of Public Policy—Burden of Proof | WPI 330.50, .51 | 81-82 | Defendants |
| 43 | Alternate Assignment during Investigation is not Adverse Employment Action | Case law | 83-84 | Defendants |
|  | Special Verdict Form |  | 85-89 | Plaintiff |
|  | Special Verdict Form |  | 90-94 | Defendants |

JOINT STATEMENT OF DISPUTED INSTRUCTIONS (C20-6028-JHC)

4

ATTORNEY GENERAL OF WASHINGTON
Torts Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7352

PLAINTIFF'S PROPOSED INSTRUCTION NO. 3

**ADVANCE ORAL INSTRUCTION—BEGINNING OF PROCEEDINGS**
(Court Reads Instructions at the Beginning of Trial)

When jurors are given the job of resolving a dispute like this, they do it by applying what is called the burden of proof.

Burden of proof refers to the measure or amount of evidence required to prove a fact. In this case, the burden of proof is proof by a preponderance of the evidence.

A preponderance of the evidence means the greater weight of the evidence. If a proposition has been shown to be more likely than not true, there is a preponderance of evidence in favor of that proposition. This is a lower burden than that of proof beyond a reasonable doubt-the standard applied in a criminal trial.

Source: WPI 1.01, modified

**<u>Defendants' Alternative Language and Objection</u>**

Defendants object to the giving of this instruction. The parties' Joint Instructions include instructions at the beginning of the proceedings, No. 1, and the end of the proceedings, No. 2, and includes a definition of the Burden of Proof, No. 4. These Joint Instructions adequately cover the topics in this instruction making it duplicative and superfluous.

JOINT STATEMENT OF DISPUTED
INSTRUCTIONS
(C20-6028-JHC)

5

ATTORNEY GENERAL OF WASHINGTON
Torts Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7352

1   PLAINTIFF'S PROPOSED INSTRUCTION NO. 21

2   **STIPULATED TESTIMONY**

3
4   The parties have agreed what [witness]'s testimony would be if called as a witness.  You should

5   consider that testimony in the same way as if it had been given here in court.

6

7

8   Source: Ninth Circuit Manual of Model Civil Jury Instructions 2.1

9

10   **Defendants' Alternative Language and Objection**

11   Defendants object to the giving of this instruction. The parties have not entered into any

12   stipulations of expected testimony, nor can the Defendants envision a scenario in which there

13   would be such a stipulation in this case. *If* the parties were to stipulate to expected testimony,

14   then the Defendants would agree this instruction would be appropriate. At this time, it is not.

15

16

17

18

19

20

21

22

23

24

25

26

JOINT STATEMENT OF DISPUTED
INSTRUCTIONS
(C20-6028-JHC)

6

ATTORNEY GENERAL OF WASHINGTON
Torts Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7352

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

## PLAINTIFF'S PROPOSED INSTRUCTION NO. 24

## USE OF INTERROGATORIES

Evidence [will now be] [was] presented to you in the form of answers of one of the parties to written interrogatories submitted by the other side.  These answers were given in writing and under oath before the trial in response to questions that were submitted under established court procedures.  You should consider the answers, insofar as possible, in the same way as if they were made from the witness stand.

Source: Ninth Circuit Manual of Model Civil Jury Instructions 2.11

## **Defendants' Alternative Language and Objection**

Defendants object to the giving of this instruction. Plaintiff has not identified any interrogatories as exhibits in this case in the Agreed Pretrial Order. As such, there is no need for the jury to be given this instruction.

JOIN STATEMENT OF DISPUTED
INSTRUCTIONS
(C20-6028-JHC)

7

ATTORNEY GENERAL OF WASHINGTON
Torts Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7352

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

PLAINTIFF'S PROPOSED INSTRUCTION NO. 26

**CHARTS AND SUMMARIES NOT RECEIVED IN EVIDENCE**

Certain charts and summaries not admitted into evidence [may be] [have been] shown to you in order to help explain the contents of books, records, documents, or other evidence in the case.  Charts and summaries are only as good as the underlying evidence that supports them. You should, therefore, give them only such weight as you think the underlying evidence deserves.

Source: Ninth Circuit Manual of Model Civil Jury Instructions 2.14

**<u>Defendants' Alternative Language and Objection</u>**

Defendants object to the giving of this instruction. Plaintiff has not identified any charts or summaries as potential exhibits in this case in the Agreed Pretrial Order. *If* Plaintiff properly presents information to the jury in the form of charts or summaries that are not admitted into evidence, then it may be appropriate to revisit this instruction. At this time, there is no need for this instruction to the jury.

JOINT STATEMENT OF DISPUTED
INSTRUCTIONS
(C20-6028-JHC)

8

ATTORNEY GENERAL OF WASHINGTON
Torts Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7352

1

PLAINTIFF'S PROPOSED INSTRUCTION NO. 31

2

**ADDITIONAL INSTRUCTIONS OF LAW**

3

4

At this point I will give you an additional instruction.  By giving an additional instruction at this time, I do not mean to emphasize this instruction over any other instruction.

5

6

You are not to attach undue importance to the fact that this instruction was read separately to you.  You must consider this instruction together with all of the other instructions that were given to you.

7

8

9

[Insert text of new instruction.]

10

You will now retire to the jury room and continue your deliberations.

11

12

13

Source: Ninth Circuit Manual of Model Civil Jury Instructions 3.6

14

15

**<u>Defendants' Alternative Language and Objection</u>**

16

Defendants object to the giving of this instruction. Between the parties' Joint Instructions and this Joint Statement of Disputed Instructions, the parties have attempted to cover the legal issues that are present in this case. Unless and until there is a new legal issue about which the jury needs to be instructed, but about which the parties were not otherwise aware, there is no need for this instruction to the jury.

17

18

19

20

21

22

23

24

25

26

JOINT STATEMENT OF DISPUTED
INSTRUCTIONS
(C20-6028-JHC)

9

ATTORNEY GENERAL OF WASHINGTON
Torts Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7352

1

2

PLAINTIFF'S PROPOSED INSTRUCTION NO. 34

**AGENT AND PRINCIPAL—DEFINITION**

3

4

An agent is a person who performs services for another person under an express or

5

implied agreement and who is subject to the other's control or right to control the manner and

6

means of performing the services.  The other person is called a principal.  The agency agreement

7

may be oral or written.

8

9

Source: Ninth Circuit Manual of Model Civil Jury Instructions 4.4

10

11

**Defendants' Alternative Language and Objection**

12

Defendants object to the giving of this instruction, and their alternative language appears

13

in Defendants' Proposed Instruction No. 28. DSHS was the employer of both Ms. Fitzgerald and

14

Ms. Wiley, and DSHS is vicariously liable for their conduct. That is not a disputed issue in this

15

case, and there is no need for the jury to be instructed in Principal/Agent, Scope of Authority, or

16

Ratification. Defendants would be willing to edit the language of Defendants' Proposed

17

Instruction No. 28 to reference DSHS rather than a generic "corporation" as proposed by Plaintiff

18

in her objection to Defendants' proposed instruction.

19

20

21

22

23

24

25

26

JOINT STATEMENT OF DISPUTED
INSTRUCTIONS
(C20-6028-JHC)

10

ATTORNEY GENERAL OF WASHINGTON
Torts Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7352

PLAINTIFF'S PROPOSED INSTRUCTION NO. 35

**AGENT—SCOPE OF AUTHORITY DEFINED**

An agent is acting within the scope of authority if the agent is engaged in the performance of duties which were expressly or impliedly assigned to the agent by the principal.


Source: Ninth Circuit Manual of Model Civil Jury Instructions 4.5


**Defendants' Alternative Language and Objection**

Defendants object to the giving of this instruction, and their alternative language appears in Defendants' Proposed Instruction No. 28. DSHS was the employer of both Ms. Fitzgerald and Ms. Wiley, and DSHS is vicariously liable for their conduct. That is not a disputed issue in this case, and there is no need for the jury to be instructed in Principal/Agent, Scope of Authority, or Ratification. Defendants would be willing to edit the language of Defendants' Proposed Instruction No. 28 to reference DSHS rather than a generic "corporation" as proposed by Plaintiff in her objection to Defendants' proposed instruction.

JOINT STATEMENT OF DISPUTED
INSTRUCTIONS
(C20-6028-JHC)

11

ATTORNEY GENERAL OF WASHINGTON
Torts Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7352

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

PLAINTIFF'S PROPOSED INSTRUCTION NO. 36

**RATIFICATION**

A purported principal who ratifies the acts of someone who was purporting to act as the principal's agent will be liable for the acts of that purported agent, provided that the principal made a conscious and affirmative decision to approve the relevant acts of the purported agent while in possession of full and complete knowledge of all relevant events.

Source: Ninth Circuit Manual of Model Civil Jury Instructions 4.7

**<u>Defendants' Alternative Language and Objection</u>**

Defendants object to the giving of this instruction, and their alternative language appears in Defendants' Proposed Instruction No. 28. DSHS was the employer of both Ms. Fitzgerald and Ms. Wiley, and DSHS is vicariously liable for their conduct. That is not a disputed issue in this case, and there is no need for the jury to be instructed in Principal/Agent, Scope of Authority, or Ratification. Defendants would be willing to edit the language of Defendants' Proposed Instruction No. 28 to reference DSHS rather than a generic "corporation" as proposed by Plaintiff in her objection to Defendants' proposed instruction.

JOINT STATEMENT OF DISPUTED
INSTRUCTIONS
(C20-6028-JHC)

12

ATTORNEY GENERAL OF WASHINGTON
Torts Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7352

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

PLAINTIFF'S PROPOSED INSTRUCTION NO. 42

**DEFINITION OF A WHISTLEBLOWER**

Public employees, such as the Plaintiff in this case, are encouraged to disclose improper governmental actions and purpose of the whistleblower status is to protect the rights of public employees making these disclosures.

"Whistleblower" means: (i) An employee who in good faith reports alleged improper governmental action to a public official; or (ii) An employee who is perceived by the employer as reporting, whether they did or not, alleged improper governmental action to a public official. (b) For purposes of the provisions of this chapter and chapter 49.60 RCW (Washington Law Against Discrimination) relating to reprisals and retaliatory action, the term "whistleblower" also means:

(i) An employee who in good faith provides information to a public official, and an employee who is believed to have reported asserted improper governmental action to the public official, or to have provided information to a public official, but who, in fact, has not reported such action or provided such information; or

(ii) An employee who in good faith identifies rules warranting review or provides information to the rules review committee, and an employee who is believed to have identified rules warranting review or provided information to the rules review committee but who, in fact, has not done so.

Source: RCW 42.40.020, modified.

JOINT STATEMENT OF DISPUTED
INSTRUCTIONS
(C20-6028-JHC)

13

ATTORNEY GENERAL OF WASHINGTON
Torts Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7352

1

2          **Defendants' Alternative Language and Objection**

3          Defendants object to Plaintiff's Proposed Instructions 42-50 and 53-58 as an artificial

4    attempt to suggest that claims under the Washington State Employee Whistleblower Protection

5    Act are more complex than they are. Plaintiff has turned four statutory provisions into fifteen

6    different instructions. Counsel for Defendants tried a Washington State Employee

7    Whistleblower Protection Act case in Yakima County Superior Court in December 2022 in

8    which Defendants Proposed Instructions 33, 34, and 35 provided the basis for the court's

9    instructions to the jury—three instructions, not fifteen. Those instructions cover all of the

10   relevant statutory definitions and cover the claims alleged in this case.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

14          ATTORNEY GENERAL OF WASHINGTON
                                                                            Torts Division
                                                                      800 Fifth Avenue, Suite 2000
                                                                        Seattle, WA 98104-3188
                                                                           (206) 464-7352

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

PLAINTIFF'S PROPOSED INSTRUCTION NO. 43

**DEFINITION OF A WHISTLEBLOWER**

Public employees are encouraged to disclose improper governmental actions and purpose of the whistleblower status is to protect the rights of public employees making these disclosures.

(a) "Whistleblower" means:

(i) An employee who in good faith reports alleged improper governmental action to the auditor or other public official, as defined in subsection (7) of this section; or

(ii) An employee who is perceived by the employer as reporting, whether they did or not, alleged improper governmental action to the auditor or other public official, as defined in subsection (7) of this section.

(b) For purposes of the provisions of this chapter and chapter 49.60 RCW relating to reprisals and retaliatory action, the term "whistleblower" also means:

(i) An employee who in good faith provides information to the auditor or other public official, as defined in subsection (7) of this section, and an employee who is believed to have reported asserted improper governmental action to the auditor or other public official, as defined in subsection (7) of this section, or to have provided information to the auditor or other public official, as defined in subsection (7) of this section, but who, in fact, has not reported such action or provided such information; or

(ii) An employee who in good faith identifies rules warranting review or provides information to the rules review committee, and an employee who is believed to have identified rules warranting review or provided information to the rules review committee but who, in fact, has not done so.

JOINT STATEMENT OF DISPUTED
INSTRUCTIONS
(C20-6028-JHC)

15

ATTORNEY GENERAL OF WASHINGTON
Torts Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7352

You are instructed that Judy Fitzgerald, Asst. Secretary of Department of Social and Health Services is Public Official to whom complaints made trigger whistle blower protection.

Source: RCW 42.40.020

### Defendants' Alternative Language and Objection

Defendants object to Plaintiff's Proposed Instructions 42-50 and 53-58 as an artificial attempt to suggest that claims under the Washington State Employee Whistleblower Protection Act are more complex than they are. Plaintiff has turned four statutory provisions into fifteen different instructions. Counsel for Defendants tried a Washington State Employee Whistleblower Protection Act case in Yakima County Superior Court in December 2022 in which Defendants Proposed Instructions 33, 34, and 35 provided the basis for the court's instructions to the jury—three instructions, not fifteen. Those instructions cover all of the relevant statutory definitions and cover the claims alleged in this case.

JOINT STATEMENT OF DISPUTED
INSTRUCTIONS
(C20-6028-JHC)

16

ATTORNEY GENERAL OF WASHINGTON
Torts Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7352

PLAINTIFF'S PROPOSED INSTRUCTION NO. 44

**DEFINITION OF A WHISTLEBLOWER**

Public employees, such as the Plaintiff in this case, are encouraged to disclose improper governmental actions and purpose of the whistleblower status is to protect the rights of public employees making these disclosures.

A "Whistleblower" means an employee who in good faith reports alleged improper governmental action.

Source: RCW 42.40.010, modified; RCW 42.40.020, modified

**<u>Defendants' Alternative Language and Objection</u>**

Defendants object to Plaintiff's Proposed Instructions 42-50 and 53-58 as an artificial attempt to suggest that claims under the Washington State Employee Whistleblower Protection Act are more complex than they are. Plaintiff has turned four statutory provisions into fifteen different instructions. Counsel for Defendants tried a Washington State Employee Whistleblower Protection Act case in Yakima County Superior Court in December 2022 in which Defendants Proposed Instructions 33, 34, and 35 provided the basis for the court's instructions to the jury—three instructions, not fifteen. Those instructions cover all of the relevant statutory definitions and cover the claims alleged in this case.

JOINT STATEMENT OF DISPUTED
INSTRUCTIONS
(C20-6028-JHC)

17

ATTORNEY GENERAL OF WASHINGTON
Torts Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7352

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

PLAINTIFF'S PROPOSED INSTRUCTION NO. 45

**DEFINITION OF A PUBLIC OFFICIAL**

"Public official" means the attorney general's designee or designees; the director, or equivalent thereof in the agency where the employee works; an appropriate number of individuals designated to receive whistleblower reports by the head of each agency; or the executive ethics board.

You are instructed that Cheryl Strange, Secretary of Department of Social and Health Services; Judy Fitzgerald, Assistant Secretary of Department of Social and Health Services; and Brice Montgomery are Public Officials to whom complaints made trigger whistle blower protection.

Source: RCW 42.40.020(7), modified.

**<u>Defendants' Alternative Language and Objection</u>**

Defendants object to Plaintiff's Proposed Instructions 42-50 and 53-58 as an artificial attempt to suggest that claims under the Washington State Employee Whistleblower Protection Act are more complex than they are. Plaintiff has turned four statutory provisions into fifteen different instructions. Counsel for Defendants tried a Washington State Employee Whistleblower Protection Act case in Yakima County Superior Court in December 2022 in which Defendants Proposed Instructions 33, 34, and 35 provided the basis for the court's instructions to the jury—three instructions, not fifteen. Those instructions cover all of the relevant statutory definitions and cover the claims alleged in this case.

JOINT STATEMENT OF DISPUTED
INSTRUCTIONS
(C20-6028-JHC)

18

ATTORNEY GENERAL OF WASHINGTON
Torts Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7352

1

PLAINTIFF'S PROPOSED INSTRUCTION NO. 46

2

3

**DISCRIMINATION OR RETALIATION FOR FILING A COMPLAINT –
WHISTLEBLOWER**

4

An employer cannot discriminate against or retaliate against an employee because the

5

employee has filed a complaint in good faith of improper governmental conduct or action.

6

7

Source: RCW 42.40.020, modified.

8

9

10

**<u>Defendants' Alternative Language and Objection</u>**

11

Defendants object to Plaintiff's Proposed Instructions 42-50 and 53-58 as an artificial

12

attempt to suggest that claims under the Washington State Employee Whistleblower Protection

13

Act are more complex than they are. Plaintiff has turned four statutory provisions into fifteen

14

different instructions. Counsel for Defendants tried a Washington State Employee

15

Whistleblower Protection Act case in Yakima County Superior Court in December 2022 in

16

which Defendants Proposed Instructions 33, 34, and 35 provided the basis for the court's

17

instructions to the jury—three instructions, not fifteen. Those instructions cover all of the

18

relevant statutory definitions and cover the claims alleged in this case.

19

20

21

22

23

24

25

26

PLAINTIFF'S PROPOSED INSTRUCTION NO. 47

**DEFINITION OF GOOD FAITH**

An employee must make a whistleblower complaint in "Good Faith."

"Good faith" means the individual providing the information or report of improper governmental activity has a reasonable basis in fact for reporting or providing the information.

An individual who knowingly provides or reports, or who reasonably ought to know he or she is providing or reporting, malicious, false, or frivolous information, or information that is provided with reckless disregard for the truth, or who knowingly omits relevant information is not acting in good faith.

Source: RCW 42.40.020(3), modified.

**<u>Defendants' Alternative Language and Objection</u>**

Defendants object to Plaintiff's Proposed Instructions 42-50 and 53-58 as an artificial attempt to suggest that claims under the Washington State Employee Whistleblower Protection Act are more complex than they are. Plaintiff has turned four statutory provisions into fifteen different instructions. Counsel for Defendants tried a Washington State Employee Whistleblower Protection Act case in Yakima County Superior Court in December 2022 in which Defendants Proposed Instructions 33, 34, and 35 provided the basis for the court's instructions to the jury—three instructions, not fifteen. Those instructions cover all of the relevant statutory definitions and cover the claims alleged in this case.

JOINT STATEMENT OF DISPUTED
INSTRUCTIONS
(C20-6028-JHC)

20

ATTORNEY GENERAL OF WASHINGTON
Torts Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7352

PLAINTIFF'S PROPOSED INSTRUCTION NO. 48

**DEFINITION OF GOOD FAITH**

An employee must make a whistleblower complaint in "Good Faith."

"Good faith" means a reasonable basis in fact for the communication. "Good faith" is lacking when the employee knows or reasonably ought to know that the report is malicious, false, or frivolous.

Source: RCW 42.40.020(3), modified.

**<u>Defendants' Alternative Language and Objection</u>**

Defendants object to Plaintiff's Proposed Instructions 42-50 and 53-58 as an artificial attempt to suggest that claims under the Washington State Employee Whistleblower Protection Act are more complex than they are. Plaintiff has turned four statutory provisions into fifteen different instructions. Counsel for Defendants tried a Washington State Employee Whistleblower Protection Act case in Yakima County Superior Court in December 2022 in which Defendants Proposed Instructions 33, 34, and 35 provided the basis for the court's instructions to the jury—three instructions, not fifteen. Those instructions cover all of the relevant statutory definitions and cover the claims alleged in this case.

JOINT STATEMENT OF DISPUTED
INSTRUCTIONS
(C20-6028-JHC)

21

ATTORNEY GENERAL OF WASHINGTON
Torts Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7352

PLAINTIFF'S PROPOSED INSTRUCTION NO. 49

**DEFINITION OF IMPROPER GOVERNMENTAL ACTION**

"Improper governmental action" means any action by an employee undertaken in the performance of the employee's official duties:

(i) Which is a gross waste of public funds or resources as defined in this section;

(ii) Which is in violation of federal or state law or rule, if the violation is not merely technical or of a minimum nature;

(iii) Which is of substantial and specific danger to the public health or safety;

(iv) Which is gross mismanagement;

(v) Which prevents the dissemination of scientific opinion or alters technical findings without scientifically valid justification, unless state law or a common law privilege prohibits disclosure. This provision is not meant to preclude the discretion of agency management to adopt a particular scientific opinion or technical finding from among differing opinions or technical findings to the exclusion of other scientific opinions or technical findings. Nothing in this subsection prevents or impairs a state agency's or public official's ability to manage its public resources or its employees in the performance of their official job duties. This subsection does not apply to de minimis, technical disagreements that are not relevant for otherwise improper governmental activity. Nothing in this provision requires the auditor to contract or consult with external experts regarding the scientific validity, invalidity, or justification of a finding or opinion; or

(vi) Which violates the administrative procedure act or analogous provisions of law that prohibit ex parte communication regarding cases or matters pending in which an agency is party between the agency's employee and a presiding officer, hearing officer, or an

JOINT STATEMENT OF DISPUTED
INSTRUCTIONS
(C20-6028-JHC)

22

ATTORNEY GENERAL OF WASHINGTON
Torts Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7352

administrative law judge. The availability of other avenues for addressing ex parte communication by agency employees does not bar an investigation by the auditor.

(b) "Improper governmental action" does not include personnel actions, for which other remedies exist, including but not limited to employee grievances, complaints, appointments, promotions, transfers, assignments, reassignments, reinstatements, restorations, reemployments, performance evaluations, reductions in pay, dismissals, suspensions, demotions, violations of the state civil service law, alleged labor agreement violations, reprimands, claims of discriminatory treatment, or any action which may be taken under chapter 41.06 RCW, or other disciplinary action except as provided in RCW 42.40.030.

Source: RCW 42.40.020(6)

### Defendants' Alternative Language and Objection

Defendants object to Plaintiff's Proposed Instructions 42-50 and 53-58 as an artificial attempt to suggest that claims under the Washington State Employee Whistleblower Protection Act are more complex than they are. Plaintiff has turned four statutory provisions into fifteen different instructions. Counsel for Defendants tried a Washington State Employee Whistleblower Protection Act case in Yakima County Superior Court in December 2022 in which Defendants Proposed Instructions 33, 34, and 35 provided the basis for the court's instructions to the jury—three instructions, not fifteen. Those instructions cover all of the relevant statutory definitions and cover the claims alleged in this case.

JOINT STATEMENT OF DISPUTED
INSTRUCTIONS
(C20-6028-JHC)

23

ATTORNEY GENERAL OF WASHINGTON
Torts Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7352

1
2
3

PLAINTIFF'S PROPOSED INSTRUCTION NO. 50

**RIGHT TO DISCLOSE IMPROPER GOVERNMENTAL ACTIONS**

Interfering with a person's right to make a whistleblower complaint and disclose or report improper governmental action is prohibited.

To establish his claim for violation of her right to make a whistleblower claim, Kim Snell has the burden of proving that DSHS and/or Judy Fitzgerald and/or Una Wiley, directly or indirectly used or attempted to use their official authority or influence for the purpose of intimidating, threatening, coercing, commanding, influencing, or attempting to intimidate, threaten, coerce, command, or influence any individual for the purpose of interfering with the right of Kim Snell to disclose information concerning improper governmental action.

Source: RCW 42.40.030 (1), modified.

**<u>Defendants' Alternative Language and Objection</u>**

Defendants object to Plaintiff's Proposed Instructions 42-50 and 53-58 as an artificial attempt to suggest that claims under the Washington State Employee Whistleblower Protection Act are more complex than they are. Plaintiff has turned four statutory provisions into fifteen different instructions. Counsel for Defendants tried a Washington State Employee Whistleblower Protection Act case in Yakima County Superior Court in December 2022 in which Defendants Proposed Instructions 33, 34, and 35 provided the basis for the court's instructions to the jury—three instructions, not fifteen. Those instructions cover all of the relevant statutory definitions and cover the claims alleged in this case.

JOINT STATEMENT OF DISPUTED
INSTRUCTIONS
(C20-6028-JHC)

24

ATTORNEY GENERAL OF WASHINGTON
Torts Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7352

PLAINTIFF'S PROPOSED INSTRUCTION NO. 51

**FORGERY**

The words "forge," "forgery," "forged" and "forging," shall include false making, of a genuine instrument in whole or in part, the false making or counterfeiting of the signature of a party or witness, real or fictitious.

(1) A person is guilty of forgery if, with intent to injure or defraud:

      (a) He or she falsely makes, completes, or alters a written instrument or;

      (b) He or she possesses, utters, offers, disposes of, or puts off as true a written instrument which he or she knows to be forged.

(2) In a proceeding under this section that is related to an identity theft under RCW 9.35.020, the crime will be considered to have been committed in any locality where the person whose means of identification or financial information was appropriated resides, or in which any part of the offense took place, regardless of whether the defendant was ever actually in that locality.

(3) Forgery is a class C felony.


Source: *State v. Lutes*, 38 Wash.2d 475, 478, 230 P.2d 786 (1951); RCW 9A.60.020.


## Defendants' Alternative Language and Objection

Defendants object to the giving of this instruction. This instruction is drawn from a criminal statute and has no place in this civil employment retaliation case. There will be no evidence of anyone having been charged with a crime, let alone convicted, and to suggest to the jury that a crime has been committed will do nothing more than serve to confuse the jury.

JOINT STATEMENT OF DISPUTED INSTRUCTIONS (C20-6028-JHC)

25

ATTORNEY GENERAL OF WASHINGTON
Torts Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7352

1

PLAINTIFF'S PROPOSED INSTRUCTION NO. 52

2

**OFFERING FALSE INSTRUMENT**

3

4

Every person who shall knowingly procure or offer any false or forged instrument to be

5

filed, registered, or recorded in any public office, which instrument, if genuine, might be filed,

6

registered or recorded in such office under any law of this state or of the United States, is

7

guilty of a class C felony and shall be punished by imprisonment in a state correctional facility

8

for not more than five years, or by a fine of not more than five thousand dollars, or by both.

9

10

Source: *State v. Lutes*, 38 Wash.2d 475, 478, 230 P.2d 786 (1951); RCW 9A.60.020; RCW

11

40.16.030.

12

13

**<u>Defendants' Alternative Language and Objection</u>**

14

Defendants object to the giving of this instruction. This instruction is drawn from a

15

criminal statute and has no place in this civil employment retaliation case. There will be no

16

evidence of anyone having been charged with a crime, let alone convicted, and to suggest to the

17

jury that a crime has been committed will do nothing more than serve to confuse the jury.

18

19

20

21

22

23

24

25

26

JOINT STATEMENT OF DISPUTED
INSTRUCTIONS
(C20-6028-JHC)

26

ATTORNEY GENERAL OF WASHINGTON
Torts Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7352

1

PLAINTIFF'S PROPOSED INSTRUCTION NO. 53

2

**DEFINITION OF GROSS WASTE OF FUNDS – WHISTLEBLOWING ACTIVITIES**

3

"Gross waste of funds" means to spend or use funds or to allow funds to be used

4

without valuable result in a manner grossly deviating from the standard of care or competence

5

that a reasonable person would observe in the same situation.

6

7

Source: RCW 42.40.020(5)

8

9

**<u>Defendants' Alternative Language and Objection</u>**

10

Defendants object to Plaintiff's Proposed Instructions 42-50 and 53-58 as an artificial

11

attempt to suggest that claims under the Washington State Employee Whistleblower Protection

12

Act are more complex than they are. Plaintiff has turned four statutory provisions into fifteen

13

different instructions. Counsel for Defendants tried a Washington State Employee

14

Whistleblower Protection Act case in Yakima County Superior Court in December 2022 in

15

which Defendants Proposed Instructions 33, 34, and 35 provided the basis for the court's

16

instructions to the jury—three instructions, not fifteen. Those instructions cover all of the

17

relevant statutory definitions and cover the claims alleged in this case.

18

19

20

21

22

23

24

25

26

JOINT STATEMENT OF DISPUTED
INSTRUCTIONS
(C20-6028-JHC)

27

ATTORNEY GENERAL OF WASHINGTON
Torts Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7352

1

PLAINTIFF'S PROPOSED INSTRUCTION NO. 54

2

**DEFINITION OF GROSS MISMANAGEMENT**

3

"Gross mismanagement" means the exercise of management responsibilities in a manner

4

grossly deviating from the standard of care or competence that a reasonable person would

5

observe in the same situation.

6

7

Source: RCW 42.40.020(4).

8

9

**Defendants' Alternative Language and Objection**

10

Defendants object to Plaintiff's Proposed Instructions 42-50 and 53-58 as an artificial

11

attempt to suggest that claims under the Washington State Employee Whistleblower Protection

12

Act are more complex than they are. Plaintiff has turned four statutory provisions into fifteen

13

different instructions. Counsel for Defendants tried a Washington State Employee

14

Whistleblower Protection Act case in Yakima County Superior Court in December 2022 in

15

which Defendants Proposed Instructions 33, 34, and 35 provided the basis for the court's

16

instructions to the jury—three instructions, not fifteen. Those instructions cover all of the

17

relevant statutory definitions and cover the claims alleged in this case.

18

19

20

21

22

23

24

25

26

28

PLAINTIFF'S PROPOSED INSTRUCTION NO. 55

**DEFINITION OF USE OF OFFICIAL AUTHORITY OR INFLUENCE**

"Use of official authority or influence" includes threatening, taking, directing others to take, recommending, processing, or approving any personnel action such as an appointment, promotion, transfer, assignment including but not limited to duties and office location, reassignment, reinstatement, restoration, reemployment, performance evaluation, determining any material changes in pay, provision of training or benefits, tolerance of a hostile work environment, or any adverse action under chapter 41.06 RCW, or other disciplinary action.

Source: RCW 42.40.020(9)

**<u>Defendants' Alternative Language and Objection</u>**

Defendants object to Plaintiff's Proposed Instructions 42-50 and 53-58 as an artificial attempt to suggest that claims under the Washington State Employee Whistleblower Protection Act are more complex than they are. Plaintiff has turned four statutory provisions into fifteen different instructions. Counsel for Defendants tried a Washington State Employee Whistleblower Protection Act case in Yakima County Superior Court in December 2022 in which Defendants Proposed Instructions 33, 34, and 35 provided the basis for the court's instructions to the jury—three instructions, not fifteen. Those instructions cover all of the relevant statutory definitions and cover the claims alleged in this case.

JOINT STATEMENT OF DISPUTED
INSTRUCTIONS
(C20-6028-JHC)

29

ATTORNEY GENERAL OF WASHINGTON
Torts Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7352

PLAINTIFF'S PROPOSED INSTRUCTION NO. 56

**WHISTLEBLOWER VIOLATION**

If an employee is a whistleblower, and the employee's right to report is improperly interfered with or if an employee faces workplace reprisal or retaliatory action based on their actions, the employer violated the Washington State Whistleblower Protection law.

Source: Dkt. # 48 at p. 10, Order Summary Judgment; RCW 42.40.050. Modified

**<u>Defendants' Alternative Language and Objection</u>**

Defendants object to Plaintiff's Proposed Instructions 42-50 and 53-58 as an artificial attempt to suggest that claims under the Washington State Employee Whistleblower Protection Act are more complex than they are. Plaintiff has turned four statutory provisions into fifteen different instructions. Counsel for Defendants tried a Washington State Employee Whistleblower Protection Act case in Yakima County Superior Court in December 2022 in which Defendants Proposed Instructions 33, 34, and 35 provided the basis for the court's instructions to the jury—three instructions, not fifteen. Those instructions cover all of the relevant statutory definitions and cover the claims alleged in this case.

JOINT STATEMENT OF DISPUTED
INSTRUCTIONS
(C20-6028-JHC)

30

ATTORNEY GENERAL OF WASHINGTON
Torts Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7352

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

PLAINTIFF'S PROPOSED INSTRUCTION NO. 57

**WHISTLEBLOWER VIOLATION**

If you find that Kim Snell was a whistleblower, and that her right to report was improperly interfered with or if Ms. Snell faced workplace reprisal or retaliatory action based on her actions, then DSHS is in violation of the Washington State Whistleblower Protection law.

Source: Dkt. # 48 at p. 10, Order Summary Judgment; RCW 42.40.050. Modified

**<u>Defendants' Alternative Language and Objection</u>**

Defendants object to Plaintiff's Proposed Instructions 42-50 and 53-58 as an artificial attempt to suggest that claims under the Washington State Employee Whistleblower Protection Act are more complex than they are. Plaintiff has turned four statutory provisions into fifteen different instructions. Counsel for Defendants tried a Washington State Employee Whistleblower Protection Act case in Yakima County Superior Court in December 2022 in which Defendants Proposed Instructions 33, 34, and 35 provided the basis for the court's instructions to the jury—three instructions, not fifteen. Those instructions cover all of the relevant statutory definitions and cover the claims alleged in this case.

JOINT STATEMENT OF DISPUTED
INSTRUCTIONS
(C20-6028-JHC)

31

ATTORNEY GENERAL OF WASHINGTON
Torts Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7352

PLAINTIFF'S PROPOSED INSTRUCTION NO. 58

**RETALIATION ACTION AGAINST WHISTLEBLOWER**

Reprisal or retaliatory includes but is not limited to any of the following:

(1)(a) Any person who is a whistleblower, as defined in RCW 42.40.020, and who has been

subjected to workplace reprisal or retaliatory action is presumed to have established a cause of

action for the remedies provided under chapter 49.60 RCW.

(b) For the purpose of this section, "reprisal or retaliatory action" means, but is not limited to,

any of the following:

    (i) Denial of adequate staff to perform duties;

    (ii) Frequent staff changes;

    (iii) Frequent and undesirable office changes;

    (iv) Refusal to assign meaningful work;

    (v) Unwarranted and unsubstantiated letters of reprimand or unsatisfactory performance

evaluations;

    (vi) Demotion;

    (vii) Reduction in pay;

    (viii) Denial of promotion;

    (ix) Suspension;

    (x) Dismissal;

    (xi) Denial of employment;

    (xii) A supervisor or superior behaving in or encouraging coworkers to behave in a

hostile manner toward the whistleblower;

JOIN STATEMENT OF DISPUTED
INSTRUCTIONS
(C20-6028-JHC)

32

ATTORNEY GENERAL OF WASHINGTON
Torts Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7352

(xiii) A change in the physical location of the employee's workplace or a change in the basic nature of the employee's job, if either are in opposition to the employee's expressed wish;

(xiv) Issuance of or attempt to enforce any nondisclosure policy or agreement in a manner inconsistent with prior practice; or

(xv) Any other action that is inconsistent compared to actions taken before the employee engaged in conduct protected by this chapter, or compared to other employees who have not engaged in conduct protected by this chapter.

(2) The agency presumed to have taken retaliatory action under subsection (1) of this section may rebut that presumption by proving by a preponderance of the evidence that there have been a series of documented personnel problems or a single, egregious event, or that the agency action or actions were justified by reasons unrelated to the employee's status as a whistleblower and that improper motive was not a substantial factor.

(3) Nothing in this section prohibits an agency from making any decision exercising its authority to terminate, suspend, or discipline an employee who engages in workplace reprisal or retaliatory action against a whistleblower. However, the agency also shall implement any order under chapter 49.60 RCW (other than an order of suspension if the agency has terminated the retaliator).


Source: RCW 42.40.050.

JOIN STATEMENT OF DISPUTED
INSTRUCTIONS
(C20-6028-JHC)

33

ATTORNEY GENERAL OF WASHINGTON
Torts Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7352

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

**<u>Defendants' Alternative Language and Objection</u>**

Defendants object to Plaintiff's Proposed Instructions 42-50 and 53-58 as an artificial attempt to suggest that claims under the Washington State Employee Whistleblower Protection Act are more complex than they are. Plaintiff has turned four statutory provisions into fifteen different instructions. Counsel for Defendants tried a Washington State Employee Whistleblower Protection Act case in Yakima County Superior Court in December 2022 in which Defendants Proposed Instructions 33, 34, and 35 provided the basis for the court's instructions to the jury—three instructions, not fifteen. Those instructions cover all of the relevant statutory definitions and cover the claims alleged in this case.

JOINT STATEMENT OF DISPUTED
INSTRUCTIONS
(C20-6028-JHC)

34

ATTORNEY GENERAL OF WASHINGTON
Torts Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7352

1

2

3

PLAINTIFF'S PROPOSED INSTRUCTION NO. 60

**ADVERSE EMPLOYMENT ACTION—DEFINITION**

4

5

6

7

8

9

10

An adverse employment action is defined as an employment action or decision that constitutes an adverse change in the circumstances of employment. An employment action is adverse if it is harmful to the point that it would dissuade a reasonable employee from making complaints of discrimination or retaliation. An adverse employment action must involve a change in employment conditions that is more than an inconvenience or alteration of job responsibilities.

11

12

13

14

Source: *Boyd v. State, Dep't of Soc. & Health Servs*., 187 Wn. App. 1, 15, 349 P.3d 864, 871 (2015) (upholding instruction because "trial court used language from the Supreme Court's opinion in *Burlington*, 548 U.S. 53, 126 S.Ct. 2405, a Title VII retaliation case, in the adverse employment action instruction", and "Washington courts look to federal case law interpreting Title VII to guide interpretations of the WLAD"). Modified by replacing "sexual harassment" with "discrimination" in second sentence.

15

16

**<u>Defendants' Alternative Language and Objection</u>**

17

18

Defendants object to the giving of this instruction. The parties' Joint Instruction No. 33, drawn from WPI 330.06 makes this proposed instruction duplicative and superfluous.

19

20

21

22

23

24

25

26

JOINT STATEMENT OF DISPUTED
INSTRUCTIONS
(C20-6028-JHC)

35

ATTORNEY GENERAL OF WASHINGTON
Torts Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7352

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

PLAINTIFF'S PROPOSED INSTRUCTION NO. 61

**RETALIATION CAUSATION**

Retaliation need not be the main reason behind the adverse employment decision but instead need only be a substantial factor of the adverse employment action.

Source: *Currier v. Northland Servs., Inc.*, 182 Wash. App. 733, 746–47, 332 P.3d 1006, 1013 (2014)

**Defendants' Alternative Language and Objection**

Defendants object to the giving of this instruction. The parties' Joint Instruction No. 35, drawn from WPI 330.05 adequately covers the topic and makes this instruction duplicative and superfluous.

JOINT STATEMENT OF DISPUTED
INSTRUCTIONS
(C20-6028-JHC)

36

ATTORNEY GENERAL OF WASHINGTON
Torts Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7352

1

2

PLAINTIFF'S PROPOSED INSTRUCTION NO. 63

**SUBSTANTIAL FACTOR**

3

4

"Substantial factor" means a significant motivating factor in bringing about the

5

employer's decision.  "Substantial factor does not mean the only factor or the main factor in the

6

challenged act or decision.  An individual asserting a claim of retaliation need not prove that the

7

unlawful motive was the only factor or a "determining factor."

8

9

10

11

Source: *Allison v. Hous. Auth.*, 118 Wn.2d 79, 821 P.2d 34 (1991); *Lodis v. Corbis Holdings, Inc.*, 192 Wn.App. 30, 366 P.3d 1246 (2015) ("Lodis II"); *Boyd v. State*, 187 Wn.App. 1, 349 P.3d 864 (2015); *Lodis v. Corbis Holdings, Inc.*, 172 Wn.App. 835, 292 P.2d 779 (2013) ("Lodis I"); *Milligan v. Thompson*, 110 Wn.App. 628, 42 P.3d 418 (2002*); Francom v. Costco Wholesale Corp.*, 98 Wn.App. 845, 991 P.2d 1182 (2000).

12

13

**<u>Defendants' Alternative Language and Objection</u>**

14

Defendants object to this instruction. It is duplicative of and superfluous in light of Joint

15

Instruction No. 34 that defines "substantial factor."

16

17

18

19

20

21

22

23

24

25

26

JOINT STATEMENT OF DISPUTED
INSTRUCTIONS
(C20-6028-JHC)

37

ATTORNEY GENERAL OF WASHINGTON
Torts Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7352

PLAINTIFF'S PROPOSED INSTRUCTION NO. 64

**SUPPORTING FACTORS OF A RETALIATORY MOTIVE**

A substantial factor supporting a retaliatory motive includes,

- Proximity in time between the protected activity and the employment action.

- Satisfactory work performance before the employment action.

- Satisfactory evaluations before the employment action.

- Evidence of hostility toward plaintiff.

Source: *Currier v. Northland Servs., Inc.*, 182 Wash. App. 733, 746–47, 332 P.3d 1006, 1013 (2014) (quoting *Vasquez v. State*, 94 Wash.App. 976, 985, 974 P.2d 348 (1999)); *Hollenback v. Shriners Hosps. for Child.*, 149 Wash. App. 810, 823, 206 P.3d 337, 344 (2009) (citing *Allison v. Housing Auth.*, 118 Wash.2d 79, 85–96, 821 P.2d 34 (1991)); *Winarto v. Toshiba Am. Elecs. Components, Inc.*, 274 F.3d 1276, 1287, n.10 (9th Cir. 2001). Modified.

**<u>Defendants' Alternative Language and Objection</u>**

Defendants object to the giving of this proposed instruction. While Plaintiff may be entitled to argue that evidence tending to demonstrate the factors set forth may support a retaliatory motive, it is just that—argument. With the except of the *Allison* decision which decided causation was driven by the "substantial factor" approach, none of the cited cases addressed a jury instruction outlining the proposed factors or suggested such an instruction was appropriate. Plaintiff's sources provide no support for this proposed jury instruction.

JOINT STATEMENT OF DISPUTED
INSTRUCTIONS
(C20-6028-JHC)

38

ATTORNEY GENERAL OF WASHINGTON
Torts Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7352

PLAINTIFF'S PROPOSED INSTRUCTION NO. 65

**CAT'S PAW THEORY INSTRUCTION**

If a supervisor performs an act motivated by retaliatory animus that is intended by the supervisor to cause an adverse, employment action, and if that act is relied on by the employer and is a substantial factor in the ultimate employment action, then the employer is liable for retaliation.

Source: *Boyd v. State, Dep't of Soc. & Health Servs.*, 187 Wn. App. 1, 349 P.3d 864, 873 (2015) (upholding jury instruction, "trial court's instruction properly informed the jury of the law. It required the plaintiff to prove that the supervisor's animus was a substantial factor in the decision. The trial court did not err when it gave the cat's paw instruction.").

**Defendants' Alternative Language and Objection**

Defendants object to the giving of this instruction. Defendants submit there will be insufficient evidence at the close of the case to support giving a cat's paw instruction. The actions taken were based upon information known to the decision-makers, not via some hidden retaliatory motive. If, at the close of the case, the Court believes there is sufficient evidence to support giving this instruction, then Defendants agree that the instruction, as written, accurately states the law.

JOINT STATEMENT OF DISPUTED
INSTRUCTIONS
(C20-6028-JHC)

39

ATTORNEY GENERAL OF WASHINGTON
Torts Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7352

1

2

3

PLAINTIFF'S PROPOSED INSTRUCTION NO. 66

**EMPLOYERS AWARENESS OF EMPLOYEE COMPLAINT**

4

5

6

Employers are not limited to retaliation decisions based on information they actually know to be true. Instead, common sense and experience establish that employers also make employment decisions on what they suspect or believe to be true.

7

8

Source: *Cornwell v. Microsoft Corp.*, 192 Wn.2d 403, 419, 430 P.3d 229, 238 (2018). Modified.

9

10

**Defendants' Alternative Language and Objection**

11

12

13

14

15

16

Defendants object to the giving of this instruction as it is cherry-picked from the cited opinion. The *Cornwell* court actually held, "As a result, as long as an employee presents evidence 'suggest[ing] a *causal connection* between the protected activity and the subsequent adverse action sufficient to defeat summary judgment,' that employee has made a prima facie case of retaliation under WLAD." *Id.*, 192 Wn.2d at 420 (citation omitted) (emphasis in original). The *Cornwell* court then went on to clarify:

17

18

19

20

> The "knew or suspected" test does not lead to strict liability or eliminate the requirement that a retaliation be intention. Instead, the test eliminates the right of employers to intentionally retaliate against employees that they *suspect* but do not actually know to have taken protected action. An employee must still produce sufficient evidence that his or her protected activity was a substantial factor in the employer's decision to take adverse action against the employee.

21

22

*Id.*, 192 Wn.2d at 420 (citation omitted) (emphasis in original).

23

Defendants submit the alternate language in Joint Instruction No. 35, taken from WPI 330.05, is sufficient to enable both sides to argue their case.

24

25

26

JOIN STATEMENT OF DISPUTED INSTRUCTIONS (C20-6028-JHC)

40

ATTORNEY GENERAL OF WASHINGTON
Torts Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7352

PLAINTIFF'S PROPOSED INSTRUCTION NO. 67

**NOTICE OF A DEMOTION OR REDUCTION IN BASE SALARY REQUIREMENT**

The appointing authority must notify an employee in writing at least fifteen (15) calendar days before the effective date of the demotion or reduction in base salary.

Source: WAC 357-40-020 [Statutory Authority: Chapter 41.06 RCW. WSR 04-18-113, § 357-40-020, filed 9/1/04, effective 7/1/05.]

**<u>Defendants' Alternative Language and Objection</u>**

Defendants object to the giving of this instruction. The Washington Administrative Code does not impart rights that are enforceable in this case, nor has Plaintiff alleged any claim arising under the Washington Administrative Code. This instruction would serve only to confuse the jury in this case when the only claims are retaliation in violation of the Washington Law Against Discrimination and the Washington State Employee Whistleblower Protection Act.

JOINT STATEMENT OF DISPUTED
INSTRUCTIONS
(C20-6028-JHC)

41

ATTORNEY GENERAL OF WASHINGTON
Torts Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7352

1

PLAINTIFF'S PROPOSED INSTRUCTION NO. 68

2

**HOW SHOULD AN EMPLOYEE BE NOTIFIED OF UNSATISFACTORY PERFORMANCE?**

3

4

A probationary or permanent employee whose work performance is determined to be

5

unsatisfactory must be notified in writing of the deficiency(ies). Unless the deficiency is extreme,

6

the employee must be given an opportunity to demonstrate improvement.

7

8

Source: WAC 357-37-035.

9

10

**Defendants' Alternative Language and Objection**

11

Defendants object to the giving of this instruction. The Washington Administrative Code

12

does not impart rights that are enforceable in this case, nor has Plaintiff alleged any claim arising

13

under the Washington Administrative Code. This instruction would serve only to confuse the

14

jury in this case when the only claims are retaliation in violation of the Washington Law Against

15

Discrimination and the Washington State Employee Whistleblower Protection Act.

16

17

18

19

20

21

22

23

24

25

26

JOINT STATEMENT OF DISPUTED
INSTRUCTIONS
(C20-6028-JHC)

42

ATTORNEY GENERAL OF WASHINGTON
Torts Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7352

1

PLAINTIFF'S PROPOSED INSTRUCTION NO. 69

2

3

**CAN AN APPOINTING AUTHORITY TAKE ACTION OTHER THAN DISMISSAL, SUSPENSION, DEMOTION OR REDUCTION IN BASE SALARY TO ADDRESS UNSATISFACTORY PERFORMANCE?**

4

5

6

7

8

9

10

Employers may develop a corrective discipline policy that identifies actions that an appointing authority may take other than dismissal, suspension, demotion, or reduction in base salary, that represent alternative formal measures that do not deprive an employee of pay, yet still help an employee address unsatisfactory performance. Actions taken by an appointing authority in accordance with the employer's corrective discipline policy carry the same weight as disciplinary actions which impact pay.

11

12

Source: WAC 357-40-015. Statutory Authority: Chapter 41.06 RCW.

13

14

15

16

17

18

19

**Defendants' Alternative Language and Objection**

Defendants object to the giving of this instruction. The Washington Administrative Code does not impart rights that are enforceable in this case, nor has Plaintiff alleged any claim arising under the Washington Administrative Code. This instruction would serve only to confuse the jury in this case when the only claims are retaliation in violation of the Washington Law Against Discrimination and the Washington State Employee Whistleblower Protection Act.

20

21

22

23

24

25

26

JOINT STATEMENT OF DISPUTED
INSTRUCTIONS
(C20-6028-JHC)

43

ATTORNEY GENERAL OF WASHINGTON
Torts Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7352

PLAINTIFF'S PROPOSED INSTRUCTION NO. 70

**DAMAGES - VIOLATION OF RIGHTS AS A WHISTLEBLOWER**

If you find that Plaintiff, Kim Snell is a whistleblower, and she has been subjected to workplace reprisal or retaliatory action by DSHS, Una Wiley, Judy Fitzgerald, or one or more of them; or that DSHS, Una Wiley, Judy Fitzgerald, or one or more of them has interfered with Kim Snell's rights as a whistleblower, you must determine the amount of money that will reasonably and fairly compensate Kim Snell for such damages as you find were proximately caused by the acts of the defendant(s), DSHS, Una Wiley, Judy Fitzgerald, or one or more of them.

If you find for the Plaintiff, your verdict should consider the following elements:

(1) The reasonable value of lost past earnings and fringe benefits, from the date of the wrongful conduct to the date of trial;

(2) The reasonable value of lost future earnings and fringe benefits;

(3) The physical harm to the Plaintiff; and

(4) The emotional harm to the Plaintiff caused by the defendants' wrongful conduct, including emotional distress, loss of enjoyment of life, humiliation, pain and suffering, personal indignity, embarrassment, fear, anxiety, loss of professional standing, and/or anguish experienced and with reasonable probability to be experienced by the plaintiff in the future.

The burden of proving damages rests with the party claiming them, and it is for you to determine, based upon the evidence, whether any particular element has been proved by a preponderance of the evidence.

JOINT STATEMENT OF DISPUTED
INSTRUCTIONS
(C20-6028-JHC)

44

ATTORNEY GENERAL OF WASHINGTON
Torts Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7352

1
2
3
4
5
6

Your award must be based upon evidence and not upon speculation, guess, or conjecture. The law has not furnished us with any fixed standards by which to measure emotional distress, loss of enjoyment of life, humiliation, pain and suffering, personal indignity, embarrassment, fear, anxiety, and/or anguish. With reference to these matters, you must be governed by your own judgment, by the evidence in the case, and by these instructions.

7
8
9
10
11

Source: RCW 42.40.050 (1), modified, WPI 330.81, modified, with WPI 32.04. *See Wagner v. Long Island Univ.*, 419 F. Supp. 618, 618–23 (E.D.N.Y. 1976) (determining loss of professional standing is an element of non-economic loss); *Washington State Physicians Ins. Exchange & Ass'n v. Fisons Corp.*, 122 Wn.2d 299, 316, 858 P.2d 1054, 1063, (1993) ("The trial court's instructions properly allowed the jury to consider damage to professional reputation in regard to the CPA cause of action.").

12
13

### **Defendants' Alternative Language and Objection**

14
15
16
17
18
19
20

The parties have proposed Joint Instructions 28, 29, and 30 that are drawn from the Ninth Circuit's Manual for Modern Civil Jury Instructions 5.1, 5.2, 5.3, and 5.4. Given that the only claims being tried are claims under Washington law, it is appropriate to use the WPI instructions, to the extent there are any, for the substance of the claims. Damages in federal court are awarded under federal law, and the MMCJI instructions adequately address Plaintiff's damages claims. Further, there is no need to be providing the jury with duplicate or repetitive instructions on damages. Defendants object to the giving of this instruction.

21
22
23
24
25
26

JOINT STATEMENT OF DISPUTED
INSTRUCTIONS
(C20-6028-JHC)

45

ATTORNEY GENERAL OF WASHINGTON
Torts Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7352

PLAINTIFF'S PROPOSED INSTRUCTION NO. 71

**WLAD EMPLOYMENT DISCRIMINATION**

**Statutory discrimination claims.** State law discrimination claims usually arise under RCW Chapter 49.60, which prohibits discrimination on the basis of creed, color, disability, sexual orientation, marital status, national origin, race, religion, gender, HIV infection, use of a trained guide or service dog, and military status, as well as retaliation for opposing discriminatory practices.

These instructions relate only to causes of action arising under RCW Chapter 49.60, RCW Chapter 49.44, RCW Chapter 49.46, and common law wrongful termination or constructive discharge in violation of public policy.

While these instructions are phrased to cover claims against employers, they can be adapted to cover claims against multiple defendants, employment agencies and anyone who aids, abets, encourages, or incites discrimination.

**Retaliation.** It is unlawful for an employer to retaliate against a person for (1) opposing what the person reasonably believed to be discrimination in violation of RCW Chapter 49.60 or (2) providing information to or participating in a proceeding to determine whether discrimination or retaliation occurred.

Source: Washington Pattern Instruction 330.00, modified.

**<u>Defendants' Alternative Language and Objection</u>**

Defendants' alternative language appears in the parties' Joint Instruction No. 35 and is drawn from WPI 330.05. This instruction is duplicative, and Defendants object to the giving of this instruction. Moreover, the WPI cited, 330.00, is a commentary on employment

JOINT STATEMENT OF DISPUTED
INSTRUCTIONS
(C20-6028-JHC)

46

ATTORNEY GENERAL OF WASHINGTON
Torts Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7352

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

discrimination claims under the WLAD; it is not intended to be an instruction that is provided by the Court to a jury.

JOINT STATEMENT OF DISPUTED
INSTRUCTIONS
(C20-6028-JHC)

47

ATTORNEY GENERAL OF WASHINGTON
Torts Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7352

PLAINTIFF'S PROPOSED INSTRUCTION NO. 72

**DISCRIMINATORY PRACTICES SUPPORTING A RETALIATION CLAIM**

An employer is prohibited from retaliating against an employee for complaining about discriminatory conduct or opposing any discriminatory practices against another or the employee's own complaints of discrimination or retaliation.

Discriminatory practices occur when a decision is made because of race, creed, color, national origin, citizenship or immigration status, sex, honorably discharged veteran or military status, sexual orientation, or the presence of any sensory, mental, or physical disability or the use of a trained dog guide or service animal by a person with a disability is recognized as and declared to be a civil right.

Source: RCW 49.60.030; *Mackey v. Home Depot USA, Inc.*, 12 Wn. App. 2d 557, 575, 459 P.3d 371, 383 (2020)

**Defendants' Alternative Language and Objection**

Defendants' alternative language appears in the parties' Joint Instruction No. 35 and is drawn from WPI 330.05. This instruction is duplicative, and Defendants object to the giving of this instruction.

JOINT STATEMENT OF DISPUTED
INSTRUCTIONS
(C20-6028-JHC)

48

ATTORNEY GENERAL OF WASHINGTON
Torts Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7352

1

PLAINTIFF'S PROPOSED INSTRUCTION NO. 74

2

3

**RETALIATION FOR OPPOSING DISCRIMINATORY CONDUCT AGAINST ANOTHER**

4

To establish a claim of unlawful retaliation by DSHS, Ms. Snell has the burden of proving

5

one of the following propositions:

6

That Ms. Snell was opposing what she reasonably believed to be discrimination on the basis of,

7

8

(1) sexual orientation or was providing information to or participating in a proceeding to

9

determine whether discrimination or retaliation had occurred; or

10

(1) physical disability, or was providing information to or participating in a proceeding

11

to determine whether discrimination or retaliation had occurred; or

12

(1) mental disability, including rights to Family Medical Leave Act (FMLA), or was

13

14

providing information to or participating in a proceeding to determine whether

discrimination or retaliation had occurred; or

15

16

(1) race, or was providing information to or participating in a proceeding to determine

17

whether discrimination or retaliation had occurred.

18

If any of the above propositions are met, then element (2) must be met.

19

(2) A substantial factor in the decision to revert or demote Ms. Snell was her opposition

20

to what she reasonably believed to be discrimination or retaliation on the basis of any of

21

the above propositions.

22

23

If you find from your consideration of all of the evidence that one of these propositions

has been proved, then your verdict should be for Ms. Snell on this claim. On the other hand, if

24

any of these propositions has not been proved, your verdict should be for DSHS on this claim.

25

26

JOINT STATEMENT OF DISPUTED
INSTRUCTIONS
(C20-6028-JHC)

49

ATTORNEY GENERAL OF WASHINGTON
Torts Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7352

Ms. Snell does not have to prove that her opposition was the only factor or the main factor in DSHS' decision, nor does Ms. Snell have to prove that she would not have been reverted or demoted but for her opposition or participation.

Source: § 10:7. Retaliation, gender discrimination, constructive discharge, 6B Wash. Prac., Civil Jury Instruction Handbook § 10:7 (citing WPI 330.05, "Employment Discrimination—Retaliation). Modified.

### Defendants' Alternative Language and Objection

Defendants' alternative language appears in the parties' Joint Instruction No. 35 and is drawn from WPI 330.05. This instruction is duplicative, and Defendants object to the giving of this instruction. Moreover, this proposed instruction cites to a secondary source—the Washington Practice Series—as a commentary on the actual WPI that their parties cite to in Joint Instruction No. 35.

JOINT STATEMENT OF DISPUTED
INSTRUCTIONS
(C20-6028-JHC)

50

ATTORNEY GENERAL OF WASHINGTON
Torts Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7352

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

PLAINTIFF'S PROPOSED INSTRUCTION NO. 75

**UNFAIR PRACTICE: WLAD**

It is an unfair practice for any employer to discharge, expel, or otherwise discriminate

against any person because he or she has opposed any practices forbidden by the Washington

Law Against Discrimination.

Source: RCW 49.60.210, modified; *see Cornwell v. Microsoft Corp.*, 192 Wn.2d 403, 414–15,
430 P.3d 229, 236 (2018).

**<u>Defendants' Alternative Language and Objection</u>**

Defendants' alternative language appears in the parties' Joint Instruction No. 35 and is

drawn from WPI 330.05. This instruction is duplicative, and Defendants object to the giving of

this instruction.

JOINT STATEMENT OF DISPUTED
INSTRUCTIONS
(C20-6028-JHC)

51

ATTORNEY GENERAL OF WASHINGTON
Torts Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7352

PLAINTIFF'S PROPOSED INSTRUCTION NO. 76

**UNFAIR PRACTICE: WLAD RETALIATION**

It is an unfair practice for a government agency or government manager or supervisor to retaliate against a whistleblower, who opposed discriminatory employment action or conduct.

Source: RCW 49.60.210

**<u>Defendants' Alternative Language and Objection</u>**

Defendants' alternative language appears in the parties' Joint Instruction No. 35 and is drawn from WPI 330.05. This instruction is duplicative, and Defendants object to the giving of this instruction.

JOINT STATEMENT OF DISPUTED
INSTRUCTIONS
(C20-6028-JHC)

52

ATTORNEY GENERAL OF WASHINGTON
Torts Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7352

PLAINTIFF'S PROPOSED INSTRUCTION NO. 77

**DISCRIMINATION OR RETALIATION FOR FILING A COMPLAINT**

An employer cannot discriminate against or retaliate against an employee because the employee filed a complaint with a reasonable belief of discriminatory or retaliatory practices.

Source: RCW 49.60.210, modified.

**<u>Defendants' Alternative Language and Objection</u>**

Defendants' alternative language appears in the parties' Joint Instruction No. 35 and is drawn from WPI 330.05. This instruction is duplicative, and Defendants object to the giving of this instruction.

JOINT STATEMENT OF DISPUTED
INSTRUCTIONS
(C20-6028-JHC)

53

ATTORNEY GENERAL OF WASHINGTON
Torts Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7352

1

2

PLAINTIFF'S PROPOSED INSTRUCTION NO. 78

**OPPOSING DISCRIMINATORY PRACTICES**

3

4

An employer is prohibited from retaliating against employees who oppose what they

5

reasonably believe to be discriminatory practices.

6

7

Source: *Cornwell v. Microsoft Corp.*, 192 Wn.2d 403, 411, 430 P.3d 229, 234 (2018) (quoting RCW 49.60210(1)), modified.

8

9

**<u>Defendants' Alternative Language and Objection</u>**

10

Defendants' alternative language appears in the parties' Joint Instruction No. 35 and is

11

drawn from WPI 330.05. This instruction is duplicative, and Defendants object to the giving of

12

this instruction.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

JOINT STATEMENT OF DISPUTED
INSTRUCTIONS
(C20-6028-JHC)

54

ATTORNEY GENERAL OF WASHINGTON
Torts Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7352

1

2

PLAINTIFF'S PROPOSED INSTRUCTION NO. 79

3

**REASONABLE BELIEF UNDER WLAD**

4

Kim Snell must establish only that she reasonably believed that the employer's conduct

5

was discriminatory. The conduct complained of need not actually be unlawful.

6

7

Source: *Hollenback v. Shriners Hosps. for Child.*, 149 Wash. App. 810, 821, 206 P.3d 337, 343

8

(2009); RCW 49.60.210, modified.

9

10

**Defendants' Alternative Language and Objection**

11

Defendants' alternative language appears in the parties' Joint Instruction No. 35 and is

12

drawn from WPI 330.05. This instruction is duplicative, and Defendants object to the giving of

13

this instruction.

14

15

16

17

18

19

20

21

22

23

24

25

26

JOINT STATEMENT OF DISPUTED
INSTRUCTIONS
(C20-6028-JHC)

55

ATTORNEY GENERAL OF WASHINGTON
Torts Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7352

1

2

3

PLAINTIFF'S PROPOSED INSTRUCTION NO. 80

**EMPLOYER PRETEXT**

4

5

Where an employer claims it had a non-discriminatory reason for its adverse action, the employee may show the employer's proffered reasons are pretextual.

6

7

8

The employee may do so directly by persuading the jury that a discriminatory reason more likely motivated the employer, or indirectly by showing that the employer's proffered explanation is unworthy of credence.

9

10

11

12

13

A plaintiff can establish pretext in either of two ways: (1) by offering "very little" direct evidence of the employer's discriminatory animus; or (2) by offering "specific" and "substantial" indirect evidence tending to show that the employer's proffered reason for the dismissal or adverse action is not credible.

14

15

16

17

Source: *Texas Department of Community Affairs v. Burdine*, 450 U.S. 248, 256 (1981); *Godwin v. Hunt Wesson, Inc.*, 150 F.3d 1217, 1221-22 (9th Cir.1998), modified; *see Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 134-35 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000) ("In appropriate circumstances, the trier of fact can reasonably infer from the falsity of the explanation that the employer is dissembling to cover up a discriminatory purpose" and the jury may conclude that the employer unlawfully discrimination when "a plaintiff's prima facie case, combined with sufficient evidence to find that the employer's asserted justification is false.").

18

19

20

**<u>Defendants' Alternative Language and Objection</u>**

21

22

23

24

25

Defendants object to the giving of this instruction. This instruction draws on types of evidence from which counsel may argue his case. None of the cases cited actually refer to an instruction in the nature of that Plaintiff proposes. Moreover, the Washington Pattern Instructions related to employment discrimination have been vetted by the Washington courts and do not include anything like this proposed instruction.

26

JOINT STATEMENT OF DISPUTED
INSTRUCTIONS
(C20-6028-JHC)

56

ATTORNEY GENERAL OF WASHINGTON
Torts Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7352

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

PLAINTIFF'S PROPOSED INSTRUCTION NO. 82

**CONSTRUCTIVE DISCHARGE**

A plaintiff bringing a claim under RCW Chapter 49.60 (Washington Law Against Discrimination) need only establish that the damages were proximately caused by the discrimination or retaliation to prove constructive discharge.

Source: WPI 330.52 comment; *Martini v. Boeing*, 137 Wn.2d 357, 367, 971 P.2d 45 (1999). Modified.

**Defendants' Alternative Language and Objection**

Defendants object to the giving of this instruction. Plaintiff's citation to *Martini* is misplaced. *Martini* stands for the proposition that a plaintiff who proves discrimination need not separately prove the elements of constructive discharge in order to secure the full measure of damages for the discrimination that was proven. In this case, Plaintiff has no separately pleaded a claim for constructive discharge; rather, as set forth in the Agreed Pretrial Order, Plaintiff is pursuing two claims at trial—violation of the Washington Law Against Discrimination and violation of the Washington State Employee Whistleblower Protection Act. (Dkt. #64 at 1). In this case, if the jury determines that the Defendants retaliated against Plaintiff under the WLAD, then she is entitled to recover the damages that were proximately caused thereby.

JOINT STATEMENT OF DISPUTED
INSTRUCTIONS
(C20-6028-JHC)

57

ATTORNEY GENERAL OF WASHINGTON
Torts Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7352

PLAINTIFF'S PROPOSED INSTRUCTION NO. 84

**EMPLOYMENT DISCRIMINATION—DAMAGES—FUTURE LOST EARNINGS
(FRONT PAY)**

In calculating damages for future wage loss, front pay, you should determine the present cash value of reduced salary, pension, and other fringe benefits from today until the time the plaintiff may reasonably be expected to retire, decreased by any projected future earnings from another employer.

Source: Washington Pattern Instruction 330.82, modified.

**<u>Defendants' Alternative Language and Objection</u>**

The parties have proposed Joint Instructions 28, 29, and 30 that are drawn from the Ninth Circuit's Manual for Modern Civil Jury Instructions 5.1, 5.2, 5.3, and 5.4. Given that the only claims being tried are claims under Washington law, it is appropriate to use the WPI instructions, to the extent there are any, for the substance of the claims. Damages in federal court are awarded under federal law, and the MMCJI instructions adequately address Plaintiff's damages claims. Further, there is no need to be providing the jury with duplicate or repetitive instructions on damages. Defendants object to the giving of this instruction.

JOINT STATEMENT OF DISPUTED
INSTRUCTIONS
(C20-6028-JHC)

58

ATTORNEY GENERAL OF WASHINGTON
Torts Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7352

1

PLAINTIFF'S PROPOSED INSTRUCTION NO. 85

2

**EMPLOYMENT DISCRIMINATION—DAMAGES—FUTURE LOST RETIREMENT EARNINGS (FRONT PAY)**

3

4

In calculating damages for future wage loss, front pay, you should determine the

5

present cash value of salary, pension, and other fringe benefits from today until the time the

6

plaintiff may reasonably be expected to retire, decreased by any projected future earnings from

7

another employer.

8

Kim Snell was a member of the Washington State Retirement System PERS 2 program.

9

Under that program, an employee's retirement benefit is calculated by multiplying years of

10

service by the average final compensation, multiplied by 2%.

11

12

The Average Final Compensation, or AFC is the average of the employee's 60

13

consecutive highest earning months in their career. This could be at the beginning, middle or

14

end of their career. DRS uses your AFC income information to calculate your pension amount.

15

The AFC is figured as a monthly average.

16

Years of Service.   An employee's service credit is the number of years the employee

17

works in public service. When the employee works at least 90 hours in a month, the employee

18

receives one service credit for the month.  The employee can earn no more than one month of

19

service credit each calendar month, even if more than one employer is reporting hours the

20

employee worked. You receive one-half of a service credit if you work fewer than 90 hours but

21

22

at least 70 hours in a calendar month. You receive one-quarter of a service credit if you are

23

compensated for fewer than 70 hours in a calendar month.  Twelve service credits equal one

24

year of service.

25

26

JOINT STATEMENT OF DISPUTED
INSTRUCTIONS
(C20-6028-JHC)

59

ATTORNEY GENERAL OF WASHINGTON
Torts Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7352

1    With PERS Plan 2, an employee needs five years of service to qualify for a retirement.

2  Once an employee has five years, they are a "vested" member. Five is the minimum, but you

3  can earn an unlimited number of years to increase your pension amount.

4  PERS Plan 2 Formula.   2% x service credit years x Average Final Compensation = Monthly

5  benefit paid to the employee in retirement.

6

7    If you find that Ms. Snell is entitled damages that impact her Average Final

8  Compensation, you should award her damages for how her reduced Average Final

9  Compensation will impact her retirement income under the PERS 2 plan over her life

10  expectancy.

11

12  Source: Washington Pattern Instruction 330.82 (Modified) https://www.drs.wa.gov/plan/pers2/

13

14  **<u>Defendants' Alternative Language and Objection</u>**

15    The parties have proposed Joint Instructions 28, 29, and 30 that are drawn from the Ninth

16  Circuit's Manual for Modern Civil Jury Instructions 5.1, 5.2, 5.3, and 5.4. Given that the only

17  claims being tried are claims under Washington law, it is appropriate to use the WPI instructions,

18  to the extent there are any, for the substance of the claims. Damages in federal court are awarded

19  under federal law, and the MMCJI instructions adequately address Plaintiff's damages claims.

20  Further, there is no need to be providing the jury with duplicate or repetitive instructions on

21  damages. Defendants object to the giving of this instruction.

22

23

24

25

26

JOINT STATEMENT OF DISPUTED
INSTRUCTIONS
(C20-6028-JHC)

60

ATTORNEY GENERAL OF WASHINGTON
Torts Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7352

PLAINTIFF'S PROPOSED INSTRUCTION NO. 86

**LIFE EXPECTANCY**

According to mortality tables, the average expectancy of life of a female aged 58 years is 27.01 years. This one factor is not controlling, but should be considered in connection with all the other evidence bearing on the same question, such as that pertaining to the health, habits, and activity of the person whose life expectancy is in question.

Source: WPI 34.04

**<u>Defendants' Alternative Language and Objection</u>**

The Defendants submit this case presents no claims for which a jury may reasonably award damages over the course of Plaintiff remaining life expectancy. At best, Plaintiff's work life expectancy could potentially be relevant; however, Plaintiff has identified no one who will testify as to Plaintiff's work life expectancy or who can address, statistically, what a person of Plaintiff's age could expect in terms of her remaining work life. Defendants object to the giving of this instruction.

JOINT STATEMENT OF DISPUTED
INSTRUCTIONS
(C20-6028-JHC)

61

ATTORNEY GENERAL OF WASHINGTON
Torts Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7352

PLAINTIFF'S PROPOSED INSTRUCTION NO. 87

**EMPLOYMENT DISCRIMINATION—DAMAGES—MITIGATION—WAGE LOSS**

The Plaintiff, Kim Snell, has a duty to take reasonable steps to mitigate damages. To mitigate means to avoid or reduce damages by exercising reasonable diligence. But success at mitigation is not required, nor is the failure to earn a substantial income required.

To establish a failure to mitigate, defendants, State of Washington Department of Social and Health Services, has the burden of proving:

(1) There were openings in comparable positions available for Kim Snell elsewhere after DSHS demoted and constructively discharged her;

(2) Kim Snell failed to use reasonable care and diligence in seeking those openings; and

(3) The amount by which damages would have been reduced if Kim Snell had used reasonable care and diligence in seeking those openings.

You should take into account the characteristics of Kim Snell and the job market in evaluating the reasonableness of Ms. Snell's efforts to mitigate damages.

If you find that State of Washington Department of Social and Health Services has proved all of the above, you should reduce your award of damages for wage loss accordingly.

Source: Washington Pattern Instruction 330.83; *Burnside v. Simpson Paper Co.*, 66 Wn.App. 510, 529, 832 P.2d 537 (1992). Modified.

**<u>Defendants' Alternative Language and Objection</u>**

The parties have proposed Joint Instructions 28, 29, and 30 that are drawn from the Ninth Circuit's Manual for Modern Civil Jury Instructions 5.1, 5.2, 5.3, and 5.4. Given that the only claims being tried are claims under Washington law, it is appropriate to use the WPI instructions,

JOINT STATEMENT OF DISPUTED
INSTRUCTIONS
(C20-6028-JHC)

62

ATTORNEY GENERAL OF WASHINGTON
Torts Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7352

1
2
3
4
5

to the extent there are any, for the substance of the claims. Damages in federal court are awarded under federal law, and the MMCJI instructions adequately address Plaintiff's damages claims. Further, there is no need to be providing the jury with duplicate or repetitive instructions on damages. Defendants object to the giving of this instruction.

6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

JOINT STATEMENT OF DISPUTED
INSTRUCTIONS
(C20-6028-JHC)

63

ATTORNEY GENERAL OF WASHINGTON
Torts Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7352

PLAINTIFF'S PROPOSED INSTRUCTION NO. 88

**EMPLOYMENT DISCRIMINATION—DAMAGES—ECONOMIC AND NON-ECONOMIC—NO AFTER-ACQUIRED EVIDENCE**

It is the duty of the court to instruct you as to the measure of damages. By instructing you on damages, the court does not mean to suggest for which party your verdict should be rendered.

If your verdict is for Kim Snell, you must determine the amount of money that will reasonably and fairly compensate Kim Snell for such damages as you find were proximately caused by the acts of the State of Washington, Department of Social and Health Services, Una Wiley, and/or Judy Fitzgerald.

If you find for Kim Snell, your verdict shall include the following undisputed items: Reduction in pay from WMS Collection Manager from $92,000 per year, $7,666 per month to Revenue Agent 4 ("RA 4") on February 1, 2020, at $70,632 per year, $5,866 per month, if you find that such reversion was an adverse employment action.  As of July 1, 2021, her RA 4 pay increased to $72,756 per year, $6,063 per month.

Reduction in pay from RA 4 $72,756 per year, $6,063 per month to Support Enforcement Officer 2 on August 2, 2021, at $61,224 per year, $5,102 per month if you find such demotion was an adverse employment action.

Effective December 1, 2021, Ms. Snell accepted a position in the Department of Commerce as a Commerce Specialist 3 in the Affordable Housing Division at a salary of $ 67,560 per year, $5,630 per month.  On October 1, 2022, Ms. Snell's pay increased to $73,260 per year, $6,105 per month.

In addition, you should consider the following elements:

JOINT STATEMENT OF DISPUTED
INSTRUCTIONS
(C20-6028-JHC)

64

ATTORNEY GENERAL OF WASHINGTON
Torts Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7352

(1) The reasonable value of lost past earnings and fringe benefits, from the date of the wrongful conduct to the date of trial;

(2) The reasonable value of lost future earnings and fringe benefits;

(3) The physical harm to Ms. Snell; and

(4) The emotional harm to Ms. Snell caused by DSHS, Una Wiley's and/or Judy Fitzgerald's wrongful conduct, including, emotional distress; loss of enjoyment of life; loss of professional standing, humiliation; pain and suffering; personal indignity; embarrassment; fear; anxiety; and/or anguish experienced and with reasonable probability to be experienced by Ms. Snell in the future.

The burden of proving damages rests with the party claiming them, and it is for you to determine, based upon the evidence, whether any particular element has been proved by a preponderance of the evidence.

Any award of damages must be based upon evidence and not upon speculation, guess, or conjecture. The law has not furnished us with any fixed standards by which to measure emotional distress; loss of enjoyment of life; humiliation; pain and suffering; personal indignity; embarrassment; fear; anxiety; and/or anguish. With reference to these matters, you must be governed by your own judgment, by the evidence in the case, and by these instructions.

Source: Washington Pattern Instruction 330.81; *see Wagner v. Long Island Univ.*, 419 F. Supp. 618, 618–23 (E.D.N.Y. 1976) (determining loss of professional standing is an element of non-economic loss); *Washington State Physicians Ins. Exchange & Ass'n v. Fisons Corp.*, 122 Wn.2d 299, 316, 858 P.2d 1054, 1063 (1993) ("The trial court's instructions properly allowed the jury to consider damage to professional reputation in regard to the CPA cause of action.").

JOINT STATEMENT OF DISPUTED
INSTRUCTIONS
(C20-6028-JHC)

65

ATTORNEY GENERAL OF WASHINGTON
Torts Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7352

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

**<u>Defendants' Alternative Language and Objection</u>**

The parties have proposed Joint Instructions 28, 29, and 30 that are drawn from the Ninth Circuit's Manual for Modern Civil Jury Instructions 5.1, 5.2, 5.3, and 5.4. Given that the only claims being tried are claims under Washington law, it is appropriate to use the WPI instructions, to the extent there are any, for the substance of the claims. Damages in federal court are awarded under federal law, and the MMCJI instructions adequately address Plaintiff's damages claims. Further, there is no need to be providing the jury with duplicate or repetitive instructions on damages. Defendants object to the giving of this instruction.

JOINT STATEMENT OF DISPUTED
INSTRUCTIONS
(C20-6028-JHC)

66

ATTORNEY GENERAL OF WASHINGTON
Torts Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7352

1

PLAINTIFF'S PROPOSED INSTRUCTION NO. 89

2

**PUBLIC POLICY OF WASHINGTON LAW AGANST DISCRIMINATION**

3

This chapter shall be known as the "law against discrimination." It is an exercise of the

4

police power of the state for the protection of the public welfare, health, and peace of the people

5

of this state, and in fulfillment of the provisions of the Constitution of this state concerning civil

6

rights. The legislature hereby finds and declares that practices of discrimination against any of

7

its inhabitants because of race, creed, color, national origin, citizenship or immigration status,

8

families with children, sex, marital status, sexual orientation, age, honorably discharged veteran

9

or military status, or the presence of any sensory, mental, or physical disability or the use of a

10

trained dog guide or service animal by a person with a disability are a matter of state concern,

11

that such discrimination threatens not only the rights and proper privileges of its inhabitants but

12

menaces the institutions and foundation of a free democratic state.

13

The purpose of the Washington Law Against Discrimination ("WLAD") is to deter and

14

to eradicate discrimination in Washington. The WLAD expresses a 'public policy of the highest

15

priority.

16

17

Source: RCW 49.60.010; *Mackay v. Acorn Custom Cabinetry, Inc.*, 127 Wn.2d 302, 309–10, 898 P.2d 284 (1995); *Xieng v. Peoples Nat. Bank of Washington*, 120 Wn.2d 512, 521, 844 P.2d 389, 393–94 (1993).

18

19

20

21

**<u>Defendants' Alternative Language and Objection</u>**

22

Defendants object to the giving of this instruction. The WPI on employment

23

discrimination and retaliation are vetted and sufficient to cover the topic of WLAD

24

discrimination. Neither of the cases cited by Plaintiff support the giving of a jury instruction

25

regarding the public policy embodied in the Washington Law Against Discrimination.

26

JOINT STATEMENT OF DISPUTED
INSTRUCTIONS
(C20-6028-JHC)

67

ATTORNEY GENERAL OF WASHINGTON
Torts Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7352

PLAINTIFF'S PROPOSED INSTRUCTION NO. 90
**SUPERVISOR PERSONAL LIABILTY**

Supervisors may be personally liable for conduct violating the Washington Law Against Discrimination (WLAD), including retaliation.

Source: *Renz v. Spokane Eye Clinic, P.S.*, 114 Wn.App. 611, 617, 60 P.3d 106, 109 (2002).

## **Defendants' Alternative Language and Objection**

Defendants do not propose alternative language; rather, they object to the giving of this proposed instruction. Although it is true that supervisory personnel may be held liable for violations of the Washington Law Against Discrimination, Plaintiff's case make no attempt to distinguish between DSHS as Plaintiff's employer and the individual defendants. This is self-evident given that Plaintiff's proposed Special Verdict Form makes no attempt to have the jury determine what damages, if any, may fairly be attributed to the conduct of either individual defendant. Further, while having individual defendants identified was critical to Plaintiff's § 1983 claims because DSHS cannot be held liable for damages under § 1983 and in order to argue for punitive damages, there is no such necessity under the Washington Law Against Discrimination. Moreover, there is no dispute that DSHS is vicariously liable for any damages attributable to the acts or omissions of its employees, with both individual defendants being represented by *and indemnified by* the state of Washington. *See* RCW 4.92.075.

JOINT STATEMENT OF DISPUTED
INSTRUCTIONS
(C20-6028-JHC)

68

ATTORNEY GENERAL OF WASHINGTON
Torts Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7352

1

DEFENDANTS' PROPOSED INSTRUCTION NO. 14

2

<u>No Transcript Available to Jury</u>

3

I urge you to pay close attention to the trial testimony as it is given. During deliberations

4

you will not have a transcript of the trial testimony.

5

MMCJI 1.17

6

7

**<u>Plaintiff's Alternative Language & Objection</u>**

8

Plaintiff objects to Defendant's Proposed Jury Instruction No. 14 because it is counsel's

9

experience that when a jury asks for testimony to be read back during deliberations, the Court

10

will bring in the court reporter to read the testimony for the jury.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

JOINT STATEMENT OF DISPUTED
INSTRUCTIONS
(C20-6028-JHC)

69

ATTORNEY GENERAL OF WASHINGTON
Torts Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7352

1

2

3

DEFENDANTS' PROPOSED INSTRUCTION NO. 28

Liability of Corporations—Scope of Authority Not in Issue

Under the law, a corporation is considered to be a person. It can only act through its employees, agents, directors, or officers. Therefore, a corporation is responsible for the acts of its employees, agents, directors, and officers performed within the scope of authority.

MMCJI 4.2

**Plaintiff's Alternative Language & Objection**

Plaintiff objects to Defendant's Proposed Jury Instruction No. 28 because it is confusing as DSHS is a state agency operating under the authority of the state government and is not a corporation.

Plaintiff's proposed alternative language, if the Court feels there is a necessity for such language, would be to replace "corporation" with "Washington State and Department of Social and Health Services."

JOINT STATEMENT OF DISPUTED
INSTRUCTIONS
(C20-6028-JHC)

70

ATTORNEY GENERAL OF WASHINGTON
Torts Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7352

DEFENDANTS' PROPOSED INSTRUCTION NO. 33

State Employee Whistleblower Protection Act—Policy and Definitions

A Washington law, the State Employee Whistleblower Protection Act, provides that employees are encouraged to disclose improper governmental actions and that employees should be protected from retaliation when they make such disclosures.

The State Employee Whistleblower Protection Act provides the following definitions:

A.   "Whistleblower" means:

(i)  An employee who in good faith reports alleged improper governmental action to the auditor or other public official; or

(ii)  An employee who is perceived by the employer as reporting, whether they did or not, alleged improper governmental action to the auditor or other public official; or

(iii)  An employee who in good faith provides information to the auditor or other public official, and an employee who is believed to have reported asserted improper governmental action to the auditor or other public official, or to have provided information to the auditor or other public official, but who, in fact, has not reported such action or provided such information.

B.   "Auditor" means the Office of the State Auditor.

C.   "Good faith" means the individual providing the information or report of improper governmental activity has a reasonable basis in fact for reporting or providing the information. An individual who knowingly provides or reports, or who reasonably ought to know he or she is providing or reporting, malicious,

JOINT STATEMENT OF DISPUTED
INSTRUCTIONS
(C20-6028-JHC)

71

ATTORNEY GENERAL OF WASHINGTON
Torts Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7352

false, or frivolous information, or information that is provided with reckless disregard for the truth, or who knowingly omits relevant information is not acting in good faith.

D.   "Gross mismanagement" means the exercise of management responsibilities in a manner grossly deviating from the standard of care or competence that a reasonable person would observe in the same situation.

E.   "Gross waste of funds" means to spend or use funds or to allow funds to be used without valuable result in a manner grossly deviating from the standard of care or competence that a reasonable person would observe in the same situation.

F.   "Improper governmental action" means any action by an employee undertaken in the performance of the employee's official duties:

(i) Which is a gross waste of public funds or resources as defined in this section;

(ii) Which is in violation of federal or state law or rule, if the violation is not merely technical or of a minimum nature;

(iii) Which is of substantial and specific danger to the public health or safety; or

(iv) Which is gross mismanagement.

G.   "Improper governmental action" does not include personnel actions, for which other remedies exist, including but not limited to employee grievances, complaints, appointments, promotions, transfers, assignments, reassignments, reinstatements, restorations, reemployments, performance evaluations, reductions in pay, dismissals, suspensions, demotions, violations of the state civil service law, alleged labor agreement violations, reprimands, claims of discriminatory treatment, or any action which may be taken under Washington

JOINT STATEMENT OF DISPUTED
INSTRUCTIONS
(C20-6028-JHC)

72

ATTORNEY GENERAL OF WASHINGTON
Torts Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7352

1    civil service laws, or other disciplinary action except as provided in the State

2    Employee Whistleblower Protection Act.

3    H.    "Public official" means the attorney general's designee or designees; the director,

4    or equivalent thereof in the agency where the employee works; an appropriate

5    number of individuals designated to receive whistleblower reports by the head of

6    each agency; or the executive ethics board.

7

8    I.    "Substantial and specific danger" means a risk of serious injury, illness, peril, or

9    loss, to which the exposure of the public is a gross deviation from the standard of

10   care or competence which a reasonable person would observe in the same

11   situation.

12   J.    "Use of official authority or influence" includes threatening, taking, directing

13   others to take, recommending, processing, or approving any personnel action

14   such as an appointment, promotion, transfer, assignment including but not limited

15   to   duties   and   office   location,   reassignment,   reinstatement,   restoration,

16   reemployment, performance evaluation, determining any material changes in pay,

17   provision of training or benefits, tolerance of a hostile work environment, or any

18   adverse action under Washington civil service laws, or other disciplinary action.

19

20

21

22   RCW 42.40.010; RCW 42.40.020(1), (3), (4), (5), (6), (7), (8), (9), and (10) (modified)

23   **<u>Plaintiff's Alternative Language & Objection</u>**

24

25   Plaintiff objects to Defendant's Proposed Jury Instruction No. 33 because it unnecessarily crams
     several definitions into one long instruction making it difficult for a jury to digest the
26   whistleblower definitions and meanings. It also includes definitions that are unnecessary, such

JOINT STATEMENT OF DISPUTED
INSTRUCTIONS
(C20-6028-JHC)

73

ATTORNEY GENERAL OF WASHINGTON
Torts Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7352

1  as the State Auditor and Substantial and Specific Danger definitions. The State Auditor is

2  unnecessary as the Plaintiff never went to the State Auditor but went to the assistant director of

3  the agency, so it is not applicable here and distracting for the jury. The substantial and specific

4  danger definition is likewise unnecessary because there is not a substantial and specific danger
   being alleged in this case, which could cause the jury to confuse the "substantial and specific

5  danger" definition with the "substantial factor" definition.

6  Plaintiff's alternative language is separated into a more concise and digestible format that

7  provides a single instruction for each definition listed. They are found in Plaintiff's Proposed
   Jury Instructions No. 42, No. 43, No. 44, No. 45, No. 46, No. 47, No. 48, No. 49, No. 50, No.

8  53, No. 54, and No. 55.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

JOINT STATEMENT OF DISPUTED
INSTRUCTIONS
(C20-6028-JHC)

74

DEFENDANTS' PROPOSED INSTRUCTION NO. 34

<u>Right to Disclose Improper Governmental Actions—Interference Prohibited</u>

An employee shall not directly or indirectly use or attempt to use the employee's official authority or influence for the purpose of intimidating, threatening, coercing, commanding, influencing, or attempting to intimidate, threaten, coerce, command, or influence any individual for the purpose of interfering with the right of the individual to disclose to the auditor (or representative thereof) or other public official information concerning improper governmental action.

RCW 42.40.030 (modified)

**<u>Plaintiff's Alternative Language & Objection</u>**

Plaintiff's alternative language is found in Plaintiff's Proposed Jury Instructions No. 50.

Plaintiff objects to Defendant's Proposed Jury Instruction No. 34 as it modifies the rule in a vague and indefinite manner. Plaintiff's Proposed Jury Instruction No. 50 provides alternative language that inserts the parties by name and who bears the burden to make the instruction clearer and easier for the jury to understand how the right to disclose improper governmental action is applied in this case.

JOIN STATEMENT OF DISPUTED
INSTRUCTIONS
(C20-6028-JHC)

75

ATTORNEY GENERAL OF WASHINGTON
Torts Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7352

DEFENDANTS' PROPOSED INSTRUCTION NO. 35

Whistleblower Retaliation—Burden of Proof

To establish a claim under the State Employee Whistleblower Protection Act, Plaintiff Kim Snell has the burden of proving each of the following elements:

(1)    That she was, or was perceived to be, a "whistleblower" within the definition provided above;

(2)    That the employment decision-maker(s) had knowledge of Ms. Snell's status as a whistleblower or perceived her to be a whistleblower;

(3)    That DSHS took workplace reprisal or retaliatory actions against Ms. Snell; and

(4)    That Ms. Snell's whistleblower activities, or the perception that she had engaged in whistleblower activities, proximately caused the workplace reprisal or retaliatory actions.

Ms. Snell can establish causation by showing that reprisal or retaliation was a substantial factor motivating DSHS' actions against her.

If Ms. Snell proves each of these elements, then it is presumed that DSHS engaged in whistleblower retaliation. DSHS can rebut that presumption by proving one of the following:

(1)    That there have been a series of documented personnel problems; or

(2)    That there has been a single egregious event; or

(3)    That DSHS's actions were justified by reasons unrelated to Ms. Snell's status as a whistleblower; and

proving that improper motive was not a substantial factor in the actions.

If you find from your consideration of all of the evidence that Ms. Snell has proven each of the elements of her whistleblower retaliation claim and that DSHS has not proven the elements

of its defense, then your verdict for should be for the Plaintiff Kim Snell on her whistleblower retaliation claim. If, on the other hand, you find from your consideration of all of the evidence that Ms. Snell has not proven each of the elements of her whistleblower retaliation claim or that DSHS has proven each of the elements of its defense, then your verdict should be for the Defendant DSHS on the whistleblower retaliation claim.

RCW 42.40.050(1)(b); *Cornwell v. Microsoft Corp.*, 192 Wn. 2d 403,406, 430 P.3d 229, 232 (2018) (employee must show employment decision-maker(s) had sufficient knowledge that employee had engaged in protected action. Employee cannot demonstrate a potential causal link between the adverse employment action taken and the employee's protected activity without establishing this knowledge); *Boespflug v. Dep't. of Labor and Indus.*, 21 Wn. App.2d 1007, 2022 WL 594288 at *4, *6-*7 (2/28/2022) (unpublished) (copy appended to Defendant's Trial Brief); *Wilmot v. Kaiwer Aluminum & Chem. Corp.*, 118 Wn.2d 46, 69, 821 P.2d 18 (1991) (requiring knowledge of complaint as an element of a prima facie case for wrongful discharge claim); *Anica v. Wal-Mart Stores, Inc.*, 120 Wn. App. 481, 491, 84 P.3d 1231 (2004) (same); *Harris v. City of Fresno*, 625 F.Supp.2d 983, 1010 (E.D. Cal.2009) (finding causation element not satisfied when employee failed to present evidence that three member panel that evaluated employee's application for position was aware of his discrimination complaint); *Martini v. Boeing Co.*, 137 Wn.2d 357, 371, 377, 971 P.2d 45 (1999) (stating "we refer to only one factor limiting an award of damages under RCW 49.60.030(2): damages must be proximately caused by the wrongful action, resulting directly from the violation of RCW 49.60").

## Plaintiff's Alternative Language & Objection

Plaintiff objects to Defendant's Proposed Jury Instruction No. 35 because it incorrectly states the law for a Whistleblower Protection Act Claim and is misleading. Nowhere in RCW 42.40.050(1) does it state a requirement as Defendants' have proposed, "that the employment decision-maker(s) had knowledge of Ms. Snell's status as a whistleblower or perceived her to be a whistleblower."

It is misleading as the sources are not related to or intended to be an instruction for the Whistleblower Protection Act. The caselaw supports a claim under the Washington Law Against Discrimination (WDAL) and a wrongful discharge claim.

Defendants first cite to *Cornwell v. Microsoft* is misleading because the case states, "[a]t issue is whether she presented enough evidence to show that her supervisors had sufficient knowledge that she had taken a protected action under the Washington Law Against Discrimination (WLAD), RCW 49.60.030." The instruction confuses the elements of a Whistleblower Protection Act claim.

JOINT STATEMENT OF DISPUTED INSTRUCTIONS (C20-6028-JHC)

77

ATTORNEY GENERAL OF WASHINGTON
Torts Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7352

1    Even then, it is misleading as to an WLAD instruction because Defendants' have proposed, "that
     the employment decision-maker(s) had knowledge of Ms. Snell's status as a whistleblower or
2    perceived her to be a whistleblower," when the court in *Cornwell v. Microsoft* affirmatively
     stated that "suspicion" is sufficient knowledge:
3
          Restricting the application of WLAD's antiretaliation provisions to instances of
4         actual knowledge results in inconsistent protection of employees:
          "It would be a strange rule, indeed, that would protect an employee discharged
5         because the employer actually knew he or she had engaged in protected activity
          but would not protect an employee discharged because the employer merely
6         believed or suspected he or she had engaged in protected activity."
          Employers are not limited to retaliation decisions based on information they
7         actually know to be true. Instead, "common sense and experience establish that
          employers also make employment decisions on what they suspect or believe to
8         be true."

9
     *Cornwell v. Microsoft Corp.*, 192 Wn.2d 403, 419, 430 P.3d 229, 238 (2018) (quoting *Reich v.*
10   *Hoy Shoe Co.*, 32 F.3d 361, 368 (8th Cir. 1994)).

11   Defendant's next two sources, *Boespflug v. Dep't. of Labor and Indus.* and *Wilmot v. Kaiwer*
     *Aluminum & Chem. Corp*, regard a prima facie case for wrongful discharge, not a whistleblower
12   claim, which again confuses the requirements of the Whistleblower claim.

13   The following source is a California federal case, *Harris v. City of Fresno*, 625 F.Supp.2d 983,
     1010 (E.D. Cal.2009), regarding a discrimination complaint under federal law, which again is
14   misleading for the Washington State Whistleblower claim.

15   The last source, *Martini v. Boeing Co.*, 137 Wn.2d 357, 371, 377, 971 P.2d 45 (1999), regards
     a claim under WLAD, which is not the same as the Whistleblower Protection Act claim, and is
16   misleading.

17   Plaintiff's alternative language is found in Plaintiff's Proposed Jury Instructions No. 58, which
     is RCW 42.40.050 without modifications.

18

19

20

21

22

23

24

25

26

JOINT STATEMENT OF DISPUTED
INSTRUCTIONS
(C20-6028-JHC)

78

ATTORNEY GENERAL OF WASHINGTON
Torts Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7352

1    DEFENDANTS' PROPOSED INSTRUCTION NO. 39

2    Business Judgment

3        As an employer, DSHS can exercise business judgment and make business decisions that

4    you may believe are ill-advised, unwise, mistaken, or unfair. You may not second-guess DSHS'

5    business judgment or business decisions except to the extent you find they reflect retaliatory

6    conduct or motive.

7

8

9

10   *Pannell v. Food Srvs. of America*, 61 Wn. App. 418, 436-37, 810 P.2d 952 (1991) ("If an
     employer is mistaken, this does not constitute discrimination. However, the jury can examine
     the claimed mistake to see if it is mere pretext"), *disagreed with on other grounds by Mackay
11   v. Acorn Custom Cabinetry, Inc.*, 127 Wn.2d 302, 898 P.2d 284 (1995); *Henderson v. Ford
     Motor Co.*, 403 F.3d 1026, 1034 (8th Cir. 2005) (explaining that employee must show more
12   than that the employment action was ill-advised or unwise, because courts do not review the
     wisdom or fairness of business judgments made by employers except to the extent those
13   judgments involve discrimination). (citing *Hutson v. McDonnell Douglas Corp.*, 63 F.3d 771,
     781 (8th Cir. 1995)).

14

15   **Plaintiff's Alternative Language & Objection**

16   Plaintiff objects to Defendant's Proposed Jury Instruction No. 39 as it acts as a rubber stamp
     for improper government action, even if it is contrary to the Whistleblower Protection Act or
17   the Washington Law Against Discrimination; and because it undermines the issue of gross
     waste of public funds, retaliation, and other elements identified in the State Whistleblower
18   Protection Act.

19

20

21

22

23

24

25

26

ATTORNEY GENERAL OF WASHINGTON
Torts Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7352

DEFENDANTS' PROPOSED INSTRUCTION NO. 40

<u>Resignation is Presumed Voluntary</u>

An employee's resignation is presumed voluntary, and the employee bears the burden of rebutting this presumption.

*Molsness v. City of Walla Walla*, 84 Wn. App. 393, 398, 928 P.2d 1108 (1996); *Nielson v. AgriNorthwest*, 95 Wn. App. 571, 576, 977 P.2d 613 (1999).

## **Plaintiff's Alternative Language & Objection**

Plaintiff objects to Defendant's Proposed Jury Instruction No. 40 as this issue is covered in Plaintiff's Proposed Jury Instruction 83 on constructive discharge.  Further, the suggestion that this issue is a rebuttable presumption improperly elevates plaintiff's burden of proof.

As the Washington Court of Appeals stated:

> Numerous Washington cases establish that these four elements are necessary for a wrongful constructive discharge claim. In *Haubry v. Snow*, 106 Wash.App. 666, 677, 31 P.3d 1186 (2001), for instance, Division One of this court explained that an employee "must prove [her employer] deliberately made working conditions intolerable for her; that a 'reasonable person in her position' would be forced to quit; that she did quit because of the conditions and not for any other reason; and that she suffered damage as a result of being forced to quit[.]" . . .

> [The employer] cites only *Molsness v. City of Walla Walla*, 84 Wash.App. 393, 928 P.2d 1108 (1996), to support its assertion that the trial court misstated the applicable law. But *Molsness* is distinguishable. In *Molsness*, the court stated that "the record evidence supports [a] finding that plaintiff chose to resign . . . rather than challenge the validity of her proposed discharge for cause. The fact remains, plaintiff *had a choice*." 84 Wash.App. at 398, 928 P.2d 1108. Unlike in *Molsness*, Barnett and the Gonzalezes [employee plaintiffs] did not face potential discharge for cause. They resigned because they felt—and overwhelming evidence in the record reflects—that they had no alternative but to resign their positions despite that SVR was thriving under their employ and management. Accordingly, SVR's claim lacks merit.

*Barnett v. Sequim Valley Ranch, LLC*, 174 Wash. App. 475, 489–90, 302 P.3d 500 (2013) (internal quotations omitted).

Plaintiff's alternative language is found in Plaintiff's Proposed Jury Instruction No. 83.

JOINT STATEMENT OF DISPUTED
INSTRUCTIONS
(C20-6028-JHC)

80

ATTORNEY GENERAL OF WASHINGTON
Torts Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7352

DEFENDANTS' PROPOSED INSTRUCTION NO. 42

<u>Wrongful Termination in Violation of Public Policy—Burden of Proof</u>

It is unlawful to terminate an employee in retaliation for reporting employer misconduct.

To recover on her claim of wrongful termination in violation of public policy, Plaintiff Kim Snell has the burden of proving the following:

1.      That DSHS terminated her employment, directly or constructively;

2.      That a substantial factor motivating Defendant DSHS to terminate her employment was her reporting, or having been perceived as reporting, what she reasonably believed to be employer misconduct;

3.      That Ms. Snell suffered damages; and

4.      That Ms. Snell's damages were proximately caused by DSHS' unlawful conduct.

If you find from your consideration of all of the evidence that Ms. Snell has not met this burden, then you must find for Defendant DSHS on this claim.

If you find from your consideration of all of the evidence that Ms. Snell has met this burden, then you must find for Plaintiff Kim Snell on this claim.

WPI 330.50 (7th ed.) (modified); WPI 330.51 (7th ed.) (modified)

**<u>Plaintiff's Alternative Language & Objection</u>**

Plaintiff objects to Defendant's Proposed Jury Instruction No. 42 as this instruction combines two Washington Pattern Instructions.

Plaintiff's proposed alternative language is to use the language directly from WPI 330.50 that states: "It is unlawful to terminate an employee for refusing to commit an unlawful act, for performing a public duty, or for exercising a legal right or privilege, in retaliation for reporting employer misconduct."

JOINT STATEMENT OF DISPUTED
INSTRUCTIONS
(C20-6028-JHC)

81

ATTORNEY GENERAL OF WASHINGTON
Torts Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7352

1   Additionally, Plaintiff's proposed language for the WPI 330.51 part of the instruction is found

2   in Plaintiff's Proposed Jury Instruction No. 42, which is the WPI 330.51 unmodified.

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

JOINT STATEMENT OF DISPUTED
INSTRUCTIONS
(C20-6028-JHC)

82

ATTORNEY GENERAL OF WASHINGTON
Torts Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7352

DEFENDANT'S PROPOSED INSTRUCTION NO. 43

<u>Alternative Assignment during Investigation is not Adverse Employment Action</u>

Placing an employee on alternative assignment or removing supervisory authority over employees pending an investigation into allegations against the employee is not an adverse employment action.

*Kirby v. City of Tacoma*, 124 Wn. App. 454, 465, 98 P.3d 827 (2004) ("The other alleged events, however, were disciplinary or investigatory in nature and, therefore, do not constitute adverse employment actions under the cases cited above. At most, these events were inconveniences that did not have a tangible impact on Kirby's workload or pay.") (citing *DeGuiseppe v. Vill. of Bellwood,* 68 F.3d 187, 192 (7th Cir. 1995), *Tyner v. Dep't of Social and Health Servs.*, 137 Wn. App. 545, 565, 154 P.3d 920 (2007) (holding that the reassignment of a Department of Social and Health Services' employee while an investigation was being conducted did not constitute an adverse employment action), *Crady v. Liberty Nat'l Bank & Trust Co. of Indiana,* 993 F.2d 132 (7th Cir. 1993), *Ray v. Henderson,* 217 F.3d 1234, 1243–44 (9th Cir. 2000).

## **Plaintiff's Alternative Language & Objection**

Plaintiff objects to Defendant's Proposed Jury Instruction No. 43 because this instruction standing alone misstates the law. Moreover, the instruction is contrary to the acts of retaliation listed in the Whistleblower law that states "[a]ny person who is a whistleblower, as defined in RCW 42.40.020, and who has been subjected to workplace reprisal or retaliatory action is presumed to have established a cause of action for the remedies provided under chapter 49.60 RCW." RCW 42.40.050. The Whistleblower law defines "reprisal or retaliatory action" to include "[a]ny other action that is inconsistent compared to actions taken before the employee engaged in conduct protected by this chapter, or compared to other employees who have not engaged in conduct protected by this chapter." In this case, other employees were not reassigned for HIPPA violations or borrowing money from another employee, or the like. Moreover, it is for the jury to decide whether the reassignment was inconsistent compared to actions taken before Ms. Snell engaged in her protected conduct, which is retaliatory action. Ms. Snell's reassignment came immediately after Ms. Snell filed her tort claim; and the allegations of the investigation were stale and not the result of documented personnel problems or a single egregious event; and there is a question if improper motive is a substantial factor. Thus, this instruction standing alone misstates the law.

Defendants cite *Kirby v. City of Tacoma*, involving a discrimination claim, in which the adverse actions are distinguishable. The investigations against the plaintiff in *Kirby*, "did not have a tangible impact on Kirby's [plaintiff's] workload or pay." *Kirby v. City of Tacoma*, 124 Wash. App. 454, 465, 98 P.3d 827, 833 (2004). In contrast, Ms. Snell's workload was impacted because

Ms. Wiley suspended Ms. Snell's supervisory duties while on reassignment and Ms. Snell was doing menial work. Thus, this instruction is misleading and does not apply to this case.

Similarly, Defendants cite *Tyner v. Dep't of Social and Health Servs.*, 137 Wn. App. 545, 565, 154 P.3d 920 (2007), which is distinguishable because the investigation "never subject[ed] [the employee] to any loss in pay or benefits during her alternative assignment." *Tyner v. State*, 137 Wash. App. 545, 564, 154 P.3d 920, 929 (2007). As stated above, Ms. Snell's investigation not only occurred immediately following the filing of her tort claim but resulted in Ms. Snell doing menial work and Ms. Snell was stripped from her supervisory duties—and the investigation was later turned over to the Washington State Patrol, which was contrary to law. The *Tyner* court stated:

> The United States Supreme Court recently noted, "reassignment of job duties is not automatically actionable. Whether a particular reassignment is materially adverse depends upon the circumstances of the particular case, and 'should be judged from the perspective of a reasonable person in the plaintiff's position.'"

*Tyner v. State*, 137 Wash. App. 545, 565, 154 P.3d 920, 929 (2007) (quoting *Burlington North. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 126 S.Ct. 2405, 2417, 165 L.Ed.2d 345 (2006)) (citations omitted).

Defendants also cite *Ray v. Henderson,* 217 F.3d 1234, 1243–44 (9th Cir. 2000), a first amendment case, discussing adverse employment action based on the elimination of "flexible start-time policy, instituted lockdown procedures, and reduc[tion] [of] his [Plaintiff's] workload—and his pay—disproportionately to the reductions faced by other employees." *Ray v. Henderson*, 217 F.3d 1234, 1243–44 (9th Cir. 2000). It does not address adverse employment action regarding alternative assignment or removing supervisory authority as the jury instruction proposes. Furthermore, the Ninth Circuit in *Ray v. Henderson* points to the fact "that an employer's actions were caused by an employee's engagement in protected activities may be inferred from 'proximity in time between the protected action and the allegedly retaliatory employment decision.'" *Id.* at 1244 (internal citation omitted). This jury instruction is contrary to the law as the proximity in time from Ms. Snell's protected activity of filing a tort claim and her reassignment and investigation is proximate enough for the jury to infer this action was a retaliatory employment decision.

To provide this instruction would confuse and mislead the jury as each reassignment depends on the circumstances of the case, and here Ms. Snell's case is unique on the facts.

Plaintiff's alternative language is found in Plaintiff's Proposed Jury Instruction No. 58.

JOINT STATEMENT OF DISPUTED
INSTRUCTIONS
(C20-6028-JHC)

84

ATTORNEY GENERAL OF WASHINGTON
Torts Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7352

HON. JOHN H. CHUN

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KIM SNELL,<br>Plaintiff,<br><br>vs.<br><br>THE STATE OF WASHINGTON;<br>DEPARTMENT OF SOCIAL AND<br>HEALTH SERVICES, JUDITH A.<br>FITZGERALD and UNA I. WILEY<br><br>Defendants. | Case No. 3:20-cv-06028-JHC<br><br>**PLAINTIFF'S SPECIAL VERDICT FORM** |

We, the jury in the above captioned case, submit the following answers to the questions provided by the Court as to Kim Snell:

**WASHINGTON WHISTLEBLOWER CLAIMS**

**QUESTION NO. 1:** Did Plaintiff Kim Snell prove by a preponderance of the evidence that she is a Whistleblower under the Washington State Whistleblower Law?

**ANSWER: _____Yes _____ No**

**QUESTION NO. 2:** Did Kim Snell prove by a preponderance of the evidence that her Whistleblower activities were a substantial factor in one or more reprisals or retaliatory

JOINT STATEMENT OF DISPUTED
INSTRUCTIONS
(C20-6028-JHC)

85

ATTORNEY GENERAL OF WASHINGTON
Torts Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7352

1   actions under the Washington State Whistleblower Law?

3       **ANSWER: _____Yes  _____ No**

4       *If you answered "NO" to* Questions #1,  and #2, do not answer the remaining

5   Washington Whistleblower Claim questions.  If you answered "YES" to Questions #1 and  #2,

6   then answer Question #3.

8       **QUESTION NO. 3**:  For the Washington State Whistleblower Law claim, did the

9   Plaintiff prove by a preponderance of the evidence that she suffered damages as a proximate

10  cause of the reprisals or retaliatory actions:

12      **ANSWER: _____Yes  _____ No**

14  **WASHINGTON LAW AGAINST DISCRIMINATION CLAIMS**

16      **QUESTION NO. 4**: Has Kim Snell proven her Washington Law Against

17  Discrimination retaliation claim against the Washington State Department of Social and Health

18  Services (DSHS); Judith (Judy) Fitzgerald; or Una Wiley by a preponderance of the evidence?

20      **DSHS ANSWER: -------------------------  _____Yes  _____ No**

22      **JUDY FITZGERALD ANSWER:------  _____Yes  _____ No**

23      **UNA WILEY ANSWER:-----------------  _____Yes  _____ No**

25      **QUESTION NO. 5:** Did Kim Snell prove by a preponderance of the evidence that

26  her opposition to what she reasonably believed to be a violation of the Washington Law

JOINT STATEMENT OF DISPUTED
INSTRUCTIONS
(C20-6028-JHC)                                    86                    ATTORNEY GENERAL OF WASHINGTON
                                                                                    Torts Division
                                                                              800 Fifth Avenue, Suite 2000
                                                                                Seattle, WA 98104-3188
                                                                                     (206) 464-7352

Against Discrimination was a substantial factor in one or more reprisals or retaliatory actions under the Washington  Law Against Discrimination?

**DSHS ANSWER: ----------------------------** **_____Yes _____ No**

**JUDY FITZGERALD ANSWER: -----** **_____Yes _____ No**

**UNA WILEY ANSWER:-----------------** **_____Yes _____ No**

**QUESTION NO. 6**: Did Plaintiff Kim Snell suffer damages proximately caused by the reprisals or retaliatory actions under the Washington State Law Against Discrimination of the Defendant State of Washington, Department of Social and Health Services (DSHS); Judith (Judy) Fitzgerald; or Una Wiley?

**DSHS ANSWER: ----------------------------** **_____Yes _____ No**

**JUDY FITZGERALD ANSWER: -----** **_____Yes _____ No**

**UNA WILEY ANSWER:-----------------** **_____Yes _____ No**

*If you  answered yes, to Question No. 3 and/or question No. 6 please complete the next section listing the damages you find were proximately caused by the Defendant(s)* reprisals or retaliatory actions under the Washington State Whistleblower Claims and/or the Washington Law Against Discrimination Claims.

| Element of Damage | Amount Awarded |
| --- | --- |
| Back Pay | $ |
| Front Pay | $ |
| Lost Retirement | $ |
| Fear | $ |
| Stress | $ |
| Humiliation | $ |
| Anxiety | $ |
| Loss of enjoyment of life | $ |
| Loss of Professional Standing | $ |

*Once you have answered the questions as directed, please sign and date the verdict form and notify the bailiff.*

Dated this _____ day of June 2023.


_____

Presiding Juror



## **Defendants' Alternative Language and Objection**

Defendants' Proposed Special Verdict Form provides alternative language.

Defendants object to Plaintiff's Proposed Special Verdict Form. Regarding Plaintiff's retaliation claim under the Washington State Employee Whistleblower Protection Act, it fails to have the jury decide whether DSHS carried its burden to establish that any alleged adverse action was not, in fact, retaliatory. Regarding Plaintiff's retaliation claim under the Washington Law Against Discrimination, Plaintiff's Proposed Special Verdict Form fails to have the jury finds the disputed elements of her retaliation claim, including that she engaged in opposition activity and that retaliatory motive was a substantial factor in any adverse action. Plaintiff's Proposed Special

JOINT STATEMENT OF DISPUTED
INSTRUCTIONS
(C20-6028-JHC)

88

ATTORNEY GENERAL OF WASHINGTON
Torts Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7352

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

Verdict Form only addresses her claims against the individual defendants in two questions, Question Nos. 4 and 6, and makes no attempt to have the jury make actual findings against the individual defendants. Regarding damages, Plaintiff seeks to elevate elements of non-economic damages that the jury may consider into actual line items for separate awards. There is no support for such splitting of non-economic damages. Finally, Plaintiff's Proposed Special Verdict Form ignores Defendants' affirmative defense of failure to mitigate damages.

JOINT STATEMENT OF DISPUTED
INSTRUCTIONS
(C20-6028-JHC)

89

ATTORNEY GENERAL OF WASHINGTON
Torts Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7352

1

2

3

4

5                                                                  The Honorable John H. Chun
                                                                   Trial Date: May 31, 2023
6

7                              UNITED STATES DISTRICT COURT
                             WESTERN DISTRICT OF WASHINGTON
8                                        AT TACOMA

9   KIM SNELL,                                      NO. C20-6028-JHC

10           Plaintiff,                             DEFENDANTS'
                                                    PROPOSED SPECIAL VERDICT
11      v.                                          FORM

12  THE STATE OF WASHINGTON;
    DEPARTMENT OF SOCIAL AND
13  HEALTH SERVICES, JUDITH A.
    FITZGERALD and UNA I. WILEY,
14
             Defendants.
15

16          We, the jury in the above-captioned case, submit the following unanimous answers to

17   the questions provided by the Court:

18          **Question No. 1**:          Has Ms. Snell proved by a preponderance of the evidence that she

19   was a "whistleblower" under the Washington State Employee Whistleblower Protection Act?

20          ANSWER:                    _____ Yes      _____ No

21
            INSTRUCTION:          *If you answered "No" to Question No. 1, skip to Question*
22   *No. 5. If you answered "Yes" to Question No. 1, proceed to Question No. 2.*

23

24

25

26

**Question No. 2**:       Has Ms. Snell proved by a preponderance of the evidence that Defendant DSHS subjected Ms. Snell to one or more workplace reprisals or retaliatory actions under the Washington State Employee Whistleblower Protection Act?

ANSWER:                 _____ Yes       _____ No

INSTRUCTION:       *If you answered "No" to Question No. 2, skip to Question No. 5. If you answered "Yes" to Question No. 2, proceed to Question No. 3.*

**Question No. 3**:       Has DSHS proved by a preponderance of the evidence that there have been a series of documented personnel problems or a single, egregious event, or that DSHS's action or actions were justified by reasons unrelated to Ms. Snell's status as a whistleblower and that improper motive was not a substantial factor?

ANSWER:                 _____ Yes       _____ No

INSTRUCTION:       *If you answered "Yes" to Question No. 3, skip to Question No. 5. If you answered "No" to Question No. 3, proceed to Question No. 4.*

**Question No. 4:**       Has Ms. Snell proved by a preponderance of the evidence DSHS's actions proximately caused her damages under the Washington State Employee Whistleblower Protection Act?

ANSWER:                 _____ Yes       _____ No

**Question No. 5:**       Has Ms. Snell proved by a preponderance of the evidence that she was opposing discrimination or retaliation against herself or others or providing information or participating in a proceeding to determine whether discrimination or retaliation had occurred under the Washington Law Against Discrimination?

ANSWER:                 _____ Yes       _____ No

INSTRUCTION:       *If you answered "No" to Question No. 5, skip to Question No. 8. If you answered "Yes" to Question No. 5, then proceed to Question No. 6.*

JOINT STATEMENT OF DISPUTED
INSTRUCTIONS
(C20-6028-JHC)                                             91                    ATTORNEY GENERAL OF WASHINGTON
                                                                                                        Torts Division
                                                                                               800 Fifth Avenue, Suite 2000
                                                                                                  Seattle, WA 98104-3188
                                                                                                        (206) 464-7352

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

**Question No. 6:**        Has Ms. Snell proved by a preponderance of the evidence that a substantial factor in one or more of the Defendants decision to discipline, revert, or demote her was her opposition to discrimination or retaliation or providing information or participating in a proceeding to determine whether discrimination or retaliation occurred under the Washington Law Against Discrimination?

ANSWER:

Defendant DSHS                  _____ Yes      _____No

Defendant Fitzgerald         _____ Yes      _____ No

Defendant Wiley                _____ Yes      _____ No

INSTRUCTION:        *If you answered "No" to Question No. 6 for all three Defendants, skip to Question No. 8. If you answered "Yes" to Question No. 6 for any of the Defendants, then proceed to Question No. 7.*

**Question No. 7:**        Has Ms. Snell proved by a preponderance of the evidence that one or more of the Defendants' actions proximately caused her damages under the Washington Law Against Discrimination?

ANSWER:

Defendant DSHS                  _____ Yes      _____No

Defendant Fitzgerald         _____ Yes      _____ No

Defendant Wiley                _____ Yes      _____ No

**Question No. 8:**        Did you answer "Yes" to Question No. 4 or Question No. 7?

ANSWER:                        _____ Yes      _____ No

INSTRUCTION:        *If you answered "No" to Question No. 8, skip the remaining questions, sign and date this Special Verdict Form, and notify the bailiff that you have reached a verdict. If you answered "Yes" to Question No. 8, proceed to Question No. 9.*

JOINT STATEMENT OF DISPUTED
INSTRUCTIONS
(C20-6028-JHC)

92

ATTORNEY GENERAL OF WASHINGTON
Torts Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7352

**Question No. 9**:         What do you find to be the amount of Ms. Snell's damages?

ANSWER:

    A.  Economic Loss:

          1.    Back Pay:                         $_____

          2.    Front Pay:                       $_____

          3.    Lost Retirement:              $_____

    B.  Emotional Harm:                         $_____

**Question No. 10:**        Have the Defendants proved by a preponderance of the evidence that Ms. Snell failed to mitigate her damages?

    ANSWER:                    _____ Yes        _____ No

    INSTRUCTION:        *If you answered "No" to Question No. 10, skip Question No. 11, sign and date this Special Verdict Form, and notify the bailiff that you have reached a verdict. If you answered "Yes" to Question No. 10, proceed to Question No. 11.*

**Question No. 11:**        What do you find to be the amount by which Ms. Snell's damages should be reduced because she failed to mitigate her damages?

    ANSWER:

    A.  Economic Loss:

          1.    Back Pay:                         $_____

          2.    Front Pay:                       $_____

          3.    Lost Retirement:              $_____

    B.  Emotional Harm:                         $_____

DATE: _____          _____
                                                       PRESIDING JUROR

JOINT STATEMENT OF DISPUTED
INSTRUCTIONS
(C20-6028-JHC)

93

ATTORNEY GENERAL OF WASHINGTON
Torts Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7352

1

2

**<u>Plaintiff's Alternative Language and Objection</u>**

3

Question No. 3 unduly emphasizes language from the instructions and can cause confusion
because it allows the jury to conclude that unjustified documentation or false documentation of

4
alleged personnel problems is sufficient to deny liability notwithstanding that Plaintiff established
her claims for retaliation of a whistleblower.  Further, this is contrary to the WLAD that prohibits

5
discrimination and strips the jury from considering the other instructions on liability and allows a
conclusion that liability for discrimination may not attach simply because the Defendant produces

6
documentation of alleged personnel problems regardless of the truth or merit of those allegations.

7
Question No. 6 should ask if Defendants retaliated against the plaintiff, not list the ways in which
the Defendants may have retaliated against the plaintiff.

8

Question No. 9, only asks about the WLAD damages, and makes no reference to the Whistleblower

9
claims.   We should either have a separate Damage question for the whistleblower claims.  Having
a listing for damages under each cause of action would prevent the need for a retrial on any issue

10
should one of Plaintiff's causes of actions be found not supported by the facts or law.   If the jury
found that Plaintiff suffered damages under the Whistleblower law in Question 4, there is no place

11
for the jury to write in the amount of damages suffered by her.   Further, the elements of non-
economic damages should be separately listed as Plaintiff proposed in the Plaintiff's Special Verdict

12
Form.

13
Additionally, the Instructions in Questions 1, 2, 3 and 5,6, 7 and 10 are superfluous and confusing/
Those instructions if used at all should be replaced with a Questions at the end asking: "

14
Question 10:  There should not be a separate question on mitigation of damages as it is already

15
covered in the instructions.

16
Question XX: If you answered Questions 1 and 2 "No" then your verdict should be for the
Defendant DSHS on the Whistleblower claim.  Did the Plaintiff did not prover her Whistleblower

17
claim?  _____ Yes;  or  _____ No.

18
Question XX11.  If you answered Questions 5, 6, "No" (as to each Defendant) then your verdict
should be for that Defendant on the Washington Law Against Discrimination retaliation claim.

19

20

21

22

23

24

25

26

JOINT STATEMENT OF DISPUTED
INSTRUCTIONS
(C20-6028-JHC)                                                         94                      ATTORNEY GENERAL OF WASHINGTON
                                                                                                                      Torts Division
                                                                                                           800 Fifth Avenue, Suite 2000
                                                                                                              Seattle, WA 98104-3188
                                                                                                                   (206) 464-7352

1

2

**CERTIFICATE OF SERVICE**

3

I hereby certify that on the date set forth below, I caused to be electronically filed the

4

foregoing document with the Clerk of the Court using the CM/ECF system, which will send

5

notification of such filing to the following:

6

Plaintiff's Attorney:

7

8

Richard H. Wooster, WSBA #13752
Devin Kathleen Epp, WSBA #60037

9

Kram and Wooster, P.S.
1901 South I Street

10

Tacoma, WA  98405-3810
rich@kjwmlaw.com

11

devin@kjwmlaw.com

12

13

DATED this 23rd day of May, 2023.

14

15

 s/ Scott M. Barbara
SCOTT M. BARBARA, WSBA No. 20885
Assistant Attorney General

16

Attorney for State Defendants

17

18

19

20

21

22

23

24

25

26

JOINT STATEMENT OF DISPUTED
INSTRUCTIONS
(C20-6028-JHC)

95

ATTORNEY GENERAL OF WASHINGTON
Torts Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7352