THE HONORABLE JOHN H. CHUN

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KIM SNELL,<br><br>Plaintiff<br><br>vs.<br><br>THE STATE OF WASHINGTON; DEPARTMENT OF SOCIAL AND HEALTH SERVICES, JUDITH A. FITZGERALD and UNA I. WILEY<br><br>Defendants. | Case No. 3:20-cv-06028-JHC<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT AS A MATTER OF LAW** |

Plaintiff submits the following in response to Defendants' Motion for Partial Summary Judgment as a Matter of Law. Defendants' Motion for Partial Summary Judgment as a Matter of Law should be denied because (1) Defendants are estopped by judicial admission by their previous concession that Judy Fitzgerald is a "public official"; and (2) even if this Court uses its discretion to allow Defendants to change their mind at the last-minute, Ms. Fitzgerald can be construed as a director or equivalent thereof in the agency Ms. Snell worked; or as an individual designated by the head of the agency in the Department of Social Health and Services (DSHS) to receive whistleblower complaints. Each is addressed in turn.

PLAINTIFF'S OPPOSITION TO DEFENDANTS MOTION FOR
PARTIAL SUMMARY JUDGMENT AS A MATTER OF LAW

Page 1

Law Offices of
**Kram & Wooster, P.S.**
1901 SOUTH "I" STREET
TACOMA, WASHINGTON 98405
(253) 572-4161 Tacoma
(253) 272-7929
(253) 572-4167 Facsimile

**I. Defendants' Statement that Ms. Fitzgerald is a Public Official is a Judicial Admission and this Court Should Deny Defendants' Change in Position.**

This Court should exercise its discretion to consider Defendants' admission that Ms. Fitzgerald is a public official under the State Employee Whistleblower Protection Act ("Act"), RCW 42.40, in their summary judgment motion as a binding judicial admission. *See Baxter v. MBA Grp. Ins. Tr. Health & Welfare Plan*, 958 F. Supp. 2d 1223, 1233 (W.D. Wash. 2013) (citing *Gospel Missions of Am. v. City of L.A.*, 328 F.3d 548, 557 (9th Cir.2003) (holding courts "have discretion to consider a statement made in briefs to be a judicial admission . . . binding on this court and the trial court")); *see also Purgess v. Sharrock*, 33 F.3d 134, 144 (2d Cir. 1994) (citing *Leslie v. Knight Soda Fountain*, 55 F.2d 224, 225 (2d Cir.1932)) ("A court can appropriately treat statements in briefs as binding judicial admissions of fact"); *Am. Title Ins. Co. v. Lacelaw Corp.*, 861 F.2d 224, 226 (9th Cir. 1988) (holding "statements in briefs may be considered admissions in the court's discretion" but district court did not abuse its discretion in refusing to treat the statement as a binding judicial admission because opposing counsel failed to object to the introduction of the contradictory testimony); *United States v. Wilmer*, 799 F.2d 495, 502 (9th Cir.1986) (holding attorney's statement during oral argument constituted judicial admission); *United States v. Bentson*, 947 F.2d 1353, 1356 (9th Cir. 1991) (citing Lacelaw Corp., 861 F.2d 224, 226 (9th Cir. 1988) (holding "closing statement convinces us that the language quoted above was a straightforward judicial admission, not merely a concession for the sake of argument. It was a binding concession . . . . A judicial admission is binding before both the trial and appellate courts")).

Plaintiff objects to Defendants' last-minute change to its position and its strategy to backtrack on its concession regarding Ms. Fitzgerald's status as a public official because a party

PLAINTIFF'S OPPOSITION TO DEFENDANTS MOTION FOR PARTIAL SUMMARY JUDGMENT AS A MATTER OF LAW

Page 2

Law Offices of
**Kram & Wooster, P.S.**
1901 SOUTH "I" STREET
TACOMA, WASHINGTON 98405
(253) 572-4161 Tacoma
(253) 272-7929
(253) 572-4167 Facsimile

should not be allowed to switch its position at a later date. The Ninth Circuit held that a party that unambiguously conceded a point in its summary judgment "should be not be permitted to abandon this argument and take a different position in a later-filed briefing." *Baxter v. MBA Grp. Ins. Tr. Health & Welfare Plan*, 958 F. Supp. 2d 1223, 1233 (W.D. Wash. 2013) ("[T]he Court exercises its discretion and treats Plaintiff's admission in his motion for summary judgment as a binding judicial admission."); *see also Magallanes–Damian v. INS*, 783 F.2d 931, 934 (9th Cir.1986) (deportation case) (absent egregious circumstances, parties are generally bound by admission of attorney)).

Here, Defendants are trying to do what is contrary to precedent because Defendants unambiguously conceded the point that Ms. Fitzgerald was a public official under the Act in its summary judgment motion: "As an Assistant Secretary Ms. Fitzgerald is authorized to receive such reports, . . . ." Dkt. # 42 at p. 11-12. Now, in a later-filed briefing, Defendants take a different position contrary to its admission after it explicitly conceded this point. This Court should deny Defendants argument that they can now change their position and Plaintiff respectfully requests this Court consider it a binding admission.

Defendants fail to provide any reason as to why they would present their position – that Ms. Fitzgerald is a public official under the Act – to the Plaintiff and to the Court spanning months of litigation and then switch their position at the very end of the case. Plaintiff alleged that Ms. Snell is a whistleblower in October of 2020. Dkt. # 1 at 14. Not until Defendants' filed their trial brief on May 23, 2023, eight days before trial started, did they take the new position that Ms. Fitzgerald was not a public official. *See* Dkt. # 91. Defendants argue that Plaintiff should have made a dispositive motion of its own – but that is not a requirement under the law. Rather Defendants could have alleged that the element of a public official had not been met in their

PLAINTIFF'S OPPOSITION TO DEFENDANTS MOTION FOR
PARTIAL SUMMARY JUDGMENT AS A MATTER OF LAW

Page 3

Law Offices of
**Kram & Wooster, P.S.**
1901 SOUTH "I" STREET
TACOMA, WASHINGTON 98405
(253) 572-4161 Tacoma
(253) 272-7929
(253) 572-4167 Facsimile

summary judgment motion to dismiss Plaintiffs whistleblower claim—but to the contrary—they conceded that point and hung their hats on other legal matters. Thus, the Defendants should not be allowed under judicial admission to change their mind after this obvious admission.

**II.      Ms. Fitzgerald is a Public Official under the Broad Interpretation and Intent of the State Whistleblower Employee Protection Act.**

Even if this Court uses its discretion to allow Defendants to change their mind at the last-minute, Ms. Fitzgerald can be construed as a director or equivalent thereof DSHS; or as an individual designated by the head of DSHS to receive whistleblower complaints. "Public official' means . . .; the director, or equivalent thereof in the agency where the employee works , . . ". RCW 42.40.020(7). The statute includes a comma after "director," meaning that the director can receive such complaints *or* the equivalent thereof.

Here, an assistant secretary is the equivalent of a director, if not higher than the director as shown on the DSHS website. *See* Exhibit 1. Thus, it would follow that an assistant secretary of an agency, who is above the director of the agency, qualifies as a public official.

Moreover, the statute also states that a "'Public official' means . . . an appropriate number of individuals designated to receive whistleblower reports by the head of each agency; or the executive ethics board." RCW 42.40.020(7). As shown in Exhibit 1, there are only six assistant secretaries within DSHS under the Secretary of DSHS, and the rule states "an appropriate number of individuals designated to receive whistleblower reports by the head of each agency." *Id.*

Here, the head of an agency is DSHS. So, it would follow that the six assistant secretaries would be designated to accept such complaints. And it would not be far-fetched that someone in

PLAINTIFF'S OPPOSITION TO DEFENDANTS MOTION FOR PARTIAL SUMMARY JUDGMENT AS A MATTER OF LAW

Page 4

Law Offices of
**Kram & Wooster, P.S.**
1901 SOUTH "I" STREET
TACOMA, WASHINGTON 98405
(253) 572-4161 Tacoma
(253) 272-7929
(253) 572-4167 Facsimile

the top six of leadership of a 17,000 person organization with over 3 million clients would be considered one of the appropriate individuals to receive whistleblower complaints.

Furthermore, the legislative intent is that the Act be broadly construed: "This act shall be broadly construed in order to effectuate the purpose of this act." RCW 42.40.020. In the spirit of the Act, Ms. Snell should not be penalized because the Act does not explicitly state that the assistant secretary is a public official under the Act. Rather the Act should be broadly construed, in accordance with the legislative intent, to include the assistant secretary under the broad definition of either the aforementioned explanations. Therefore, this Court should find that Ms. Fitzgerald, as one of the six assistant secretaries of DSHS is a individual that can receive whistleblower complaints.

### III. Conclusion

Plaintiff respectfully requests the Court find that Defendants' are estopped under judicial admission from changing its position at a later date because they explicitly conceded that Ms. Fitzgerald is a public official under the Act in a previously filed motion. Even if the Court refuses to treat the statement as a binding judicial admission, this Court should find, under the broad interpretation of the Act, that Ms. Fitzgerald is a public official.

Respectfully submitted this __7th_ day of June 2023.

KRAM & WOOSTER, P.S.

___/s/ Devin Kathleen Epp_
Richard H. Wooster, WSBA #13752
Devin Kathleen Epp, WSBA #60037
Attorneys for Plaintiff

PLAINTIFF'S OPPOSITION TO DEFENDANTS MOTION FOR
PARTIAL SUMMARY JUDGMENT AS A MATTER OF LAW

Page 5

Law Offices of
**Kram & Wooster, P.S.**
1901 SOUTH "I" STREET
TACOMA, WASHINGTON 98405
(253) 572-4161 Tacoma
(253) 272-7929
(253) 572-4167 Facsimile

**PROOF OF SERVICE**

I certify that I served a copy of this document on all parties or their counsel of record on the date below as follows:

☐ US Mail Postage Prepaid

☒ Electronic Mail/Filing

☐ ABC/Legal Messenger

☐ State Campus Delivery

☐ Hand delivered by _____

Michelle.hansen@atg.wa.gov
scott.barbara@atg.wa.gov

I certify under penalty of perjury under the laws of the state of Washington that the foregoing is true and correct.

DATED this 7th day of June, 2023 at Tacoma Washington

                                            /s/Connie DeChaux
                                            Connie DeChaux

PLAINTIFF'S OPPOSITION TO DEFENDANTS MOTION FOR PARTIAL SUMMARY JUDGMENT AS A MATTER OF LAW

Page 6

Law Offices of
**Kram & Wooster, P.S.**
1901 SOUTH "I" STREET
TACOMA, WASHINGTON 98405
(253) 572-4161 Tacoma
(253) 272-7929
(253) 572-4167 Facsimile